```
 1                   UNITED STATES BANKRUPTCY COURT

 2            CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

 3                              --oOo--

 4  In Re:                              ) Case No. 2:20-bk-17433-VZ
                                        )
 5  JONG UK BYUN,                       ) Chapter 11
                                        )
 6  Debtor,                             ) Los Angeles, California
                                        ) Tuesday, 11:00 A.M.
 7  ------------------------------X October 20, 2020

 8

 9                                       MOTION IN INDIVIDUAL
                                         CHAPTER 11 CASE FOR ORDER
10                                       APPROVING A BUDGET FOR THE
                                         USE OF THE DEBTOR'S CASH AND
11                                       POST-PETITION INCOME

12
               TRANSCRIPT OF TELEPHONIC PROCEEDINGS
13             BEFORE THE HONORABLE VINCENT ZURZOLO
                  UNITED STATES BANKRUPTCY JUDGE
14

15  APPEARANCES:

16  For Hyundai Steel         EVAN JONES, ESQ.
    Company:                  O'Melveny & Myers, LLP
17                            400 Hope Street
                              Los Angeles, California  90071
18
    For the Debtor:           GIOVANNI ORANTES, ESQ.
19                            The Orantes Law Firm
                              3435 Wilshire Boulevard
20                            Suite #2920
                              Los Angeles, California  90010
21

22

23

24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.
```

P 888.272.0022  F 818.343.7119        www.benhyatt.com

```
 1   Court Recorder:           Shemainee Carranza
                               U.S. Bankruptcy Court
 2                             Central District of California
                               Edward R. Roybal Federal Building
 3                                and Courthouse
                               255 East Temple Street, Room #1639
 4                             Los Angeles, California  90012
                               (855) 460-9641
 5
     Court Transcriptionist:   Ruth Ann Hager, C.E.T.**D-641
 6                             Ben Hyatt Certified Deposition
                                  Reporters
 7                             17835 Ventura Boulevard
                               Suite #310
 8                             Encino, California  91316
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1            LOS ANGELES, CALIFORNIA, TUESDAY, OCTOBER 20, 2020

2                              10:59 A.M.

3                                --oOo--

4            THE COURT:  Number -- we're going to do #2.00

5    first.  This is the motion for an order authorizing use of

6    cash collateral.  Appearance by the moving party, please.

7            MR. ORANTES:  Good morning, Your Honor.  Giovanni

8    Orantes of the Orantes Law Firm for the debtor and debtor

9    in possession.

10           THE COURT:  Okay.  Good morning.  And appearance

11   on behalf of the respondent, please.

12           MR. JONES:  Good morning, Your Honor.  Evan Jones

13   again on behalf of Hyundai Steel.

14           THE COURT:  Okay.  Good morning.

15           All right.  Mr. Orantes, anything you want to add

16   in support of your motion?

17           MR. ORANTES:  Your Honor, with respect to the use

18   of cash collateral I think we have established that and

19   that we have equity in this property and what we're asking

20   for is the ability to use -- to set aside a reserve to pay

21   taxes if those -- if the tenants are not paying them and in

22   conjunction with the motion to establish a budget for the

23   debtor.

24           THE COURT:  Okay.  Thank you very much.

25           Mr. Jones, anything you want to add in support of



Page 4

1 your opposition?
2          MR. JONES:  Yes, Your Honor.  I'd start with the
3 only evidence that the debtor offered came in through its
4 reply, of course, the declarations from the appraiser.
5 Under the Local Rules we didn't have an opportunity to
6 object to those, but we certainly would assert the same
7 objections that the Court just ruled on in the prior
8 matter.
9          That leaves the debtor only with the
10 certification of its motion by Mr. Byun.  Under the Local
11 Rules that is expressly not sufficient.  There is no
12 admissible -- there is no plausible evidence to support a
13 showing of an equity cushion here.  The debtor cannot use
14 cash collateral without carrying the burden to prove
15 adequate protection.  The debtor acknowledged in its motion
16 that this is Hyundai's cash collateral.  There is no basis
17 to use the cash collateral.
18          THE COURT:  Okay.  Thank you very much.
19          Mr. Orantes, anything you want to say in reply?
20          MR. ORANTES:  Well, yes, Your Honor.  I think as
21 indicated that the valuation -- it -- the motion does talk
22 about Mr. Byun's bases for (indiscernible) values and how
23 they relied on Mr. Byun's valuation, including in this
24 relief from stay motion and under that valuation that he
25 has over 12 million dollars in equity over and above the

Page                                                                5

1  liens on this property -- on these properties.  And the use
2  that we're seeking is minimal, Your Honor.
3             THE COURT:  Okay.  Thank you very much.  All
4  right.
5             First of all, again, evidentiary objections have
6  been submitted by the respondent.  They were not submitted
7  as required by Local Bankruptcy Rule 9013-1(i)(2) which
8  requires them to be submitted as a separate document.
9             Nevertheless, having reviewed the evidentiary
10 objections I would sustain the objection at paragraph 5.
11 The debtor fails to -- there is no foundation provided
12 establishing who prepared the chart to which he refers.
13 But I overrule the objection in paragraph 7 because the
14 debtor can indeed testify as to what his debts and income
15 are.
16            All right.  This is a strange cash collateral
17 motion in the sense that there are triple net leases
18 involved here, so it's unclear that there's a need for the
19 debtor to use cash collateral to pay taxes and insurance
20 which is -- which are the only expenses which are
21 established as being reasonably necessary.
22            So there is -- and I would think it would be in
23 the interests of the secured creditors as well as all
24 creditors for that matter that taxes and insurance are,
25 indeed, paid and kept current.

```
Page                                                                    6
 1            So I'm going to grant the motion for use of cash
 2   collateral only to the extent it is used for taxes and
 3   insurance and only to the extent they have not been paid by
 4   the lessees.
 5            Please lodge an order, Mr. Orantes.  The motion
 6   is granted as I've stated.
 7            MR. ORANTES:  Thank you, Your Honor.
 8            THE COURT:  Okay.  #1.00 is the motion to approve
 9   a budget for use of cash.  Appearance for the moving party,
10   please.
11            MR. ORANTES:  Yes, good morning again, Your
12   Honor.  This is Giovanni Orantes for the debtor and debtor
13   in possession.
14            THE COURT:  Okay. Good morning.  Appearance on
15   behalf of the respondent, please.
16            MR. JONES:  Yes, Your Honor.  Evan Jones of
17   O'Melveny & Myers on behalf of Hyundai Steel.
18            THE COURT:  Okay.  Thank you.  Okay.  Mr.
19   Orantes, anything you want to add in support of the motion?
20            MR. ORANTES:  Thank you, Your Honor.  Your Honor,
21   as the full motion indicates, to the extent that this
22   motion is necessary to operate under the ordinary course of
23   business, which is what Mr. Byun seeks to do, his business
24   is fronting his properties and he's the one who actively
25   goes out and gets the tenants and negotiates them with the
```

Page                                                                7

1  help of a broker and he has obtained significant rents.  We
2  believe that it's warranted that he be allowed to pay his
3  living expenses.  In that reply we actually provided -- he
4  does have small children, so the budget that he's put forth
5  is reasonable, Your Honor.
6              THE COURT:  Okay.  Thank you.
7              Mr. Jones, anything you want to add in support of
8  your opposition?
9              MR. JONES:  Your Honor, I guess the first point
10 is that obviously the debtor has no funds that are not cash
11 collateral of Hyundai Steel and he admits that in his
12 papers.  The Court has just ruled on use of cash
13 collateral, excuse me.  And by the way, Your Honor, we
14 don't object to use of the cash collateral to pay insurance
15 and taxes that aren't being paid by the tenants, but that's
16 not what the request was and that's not what this budget
17 request.
18              This budget request is for the debtor to use
19 Hyundai's cash collateral to support a lifestyle that is
20 comfortable.  It's four times the standards set forth by
21 the federal government for a Chapter 13 debtor.  There's no
22 evidentiary support why those are appropriate and there's
23 no showing of adequate protection to Hyundai from using the
24 funds that way.
25              So we would continue our opposition to this

Page 8

1 motion.
2     THE COURT: Okay. Thank you very much.
3     Mr. Orantes, do you wish to make a reply?
4     MR. ORANTES: Yes, Your Honor. Thank you.
5     Your Honor, even if the Court does not authorize
6 the use of cash collateral the debtor did have over
7 $300,000 in his individual bank account at the date of the
8 petition and which is not cash collateral under governing
9 law. And even his use of that money at the levels that
10 we're requesting, which is just over $7,000 a month, is
11 very reasonable and warranted.
12     THE COURT: Okay.
13     MR. JONES: Your Honor, might I reply because
14 Mr. Orantes has just raised a point that is not in his
15 motion papers?
16     THE COURT: Which point are you speaking to?
17     MR. JONES: Your Honor, with regard to the cash
18 on hand. In his reply for the first time Mr. Orantes first
19 suggested that that is not cash collateral of Hyundai. In
20 fact, though, Your Honor, his motion papers acknowledge
21 that it's cash collateral Hyundai, so we've not had a
22 chance to respond to this new suggestion that the rents
23 that he has held onto are not our cash collateral and we
24 believe that he acknowledged in his moving papers that they
25 are and raising that issue in the reply is procedurally

```
Page                                                                  9
 1  inappropriate.
 2           THE COURT:  Okay.  Thank you very much.
 3           All right.  This is a motion for an order
 4  allowing use of cash for debtor's expenses.  Evidentiary
 5  objections were interposed.  Again, they are not submitted
 6  in a separate document as required by our Local Bankruptcy
 7  Rules. But here it is important to note that the burden of
 8  going forward and the burden of persuasion is on the moving
 9  party.  There is absolutely no evidence given to me by the
10  moving party of the reasonableness of the expenses that are
11  set forth in the motion, especially in comparison to IRS
12  standards of appropriate and reasonable expenses, even for
13  multiple person households.
14           So, for example, there is -- the debtor seeks
15  $7,457 approximately of expenses.  The IRS standards allow
16  for only $2,118.  There is no showing made by the moving
17  party why this is reasonable.  Therefore, the motion is
18  denied.
19           My findings of facts and conclusions of law are
20  on the record.  Mr. Jones, please lodge a very simple order
21  denying the motion.  You can make reference to the findings
22  of fact, conclusions of law being made on the record.
23           MR. JONES:  Yes, Your Honor, we will do so.
24           THE COURT:  All right.  Thank you all very much.
25  Court is adjourned.
```

Page                                                                10

1  (End at 11:08 a.m.)
2                    *  *  *  *  *  *
3         I certify that the foregoing is a correct
4  transcript from the electronic sound recording of the
5  proceedings in the above-entitled matter.
6
7
8  _____        Date:  10/19/2020
9  RUTH ANN HAGER, C.E.T.**D-641
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

P 888.272.0022  F 818.343.7119        www.benhyatt.com