DANIEL E. PARK, State Bar No. 174524
dpark@parklawcorp.com
**DANIEL E. PARK LAW CORPORATION**
201 N. Brand Blvd., Unit 200
Glendale, CA 91203
Telephone: (213) 616-7438
Facsimile: (818) 479-9958

Attorneys for Creditors Daniel Park,
Joan Park, and Jourdain DeWerd

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JONG UK BYUN,<br><br>Debtor. | CASE NO.: 2:20-bk-17433-VZ<br><br>Chapter 11<br><br>**DECLARATION OF DANIEL E. PARK IN SUPPORT OF MOTION TO CONVERT CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 UNDER 11 U.S.C. § 1112(B)** |

DANIEL E. PARK LAW CORPORATION

1
**DECLARATION OF DANIEL E. PARK IN SUPPORT OF MOTION TO CONVERT CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 UNDER 11 U.S.C. § 1112(B)**

# DECLARATION OF DANIEL EAL YOUNG PARK IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, DANIEL E. PARK, declare as follows:

1. I am an attorney at law, in good standing, duly licensed to practice before all Courts in the State of California.

2. I am counsel for Creditors Joan Park, Jourdain DeWerd and myself (collectively, "Creditors") in the above-captioned matter. The matters stated herein are true and correct to the best of my knowledge, information and belief, and, if called upon to testify thereto, I could and would competently do so.

3. On or about August 26, 2015, Toni Ko ("Ko") signed a Promissory note and related loan documents agreeing to loan $900,000 to Debtor. In July 2016, Debtor stopped making the agreed upon interest payments on the note prompting Ko to seek legal action based on the loan agreements signed. On or about December 8, 2016, Ko filed a lawsuit for breach of contract against Debtor and entered judgment pursuant to a stipulation against Debtor on February 9, 2017. Debtor made two $50,000 payments to Ko in April 2017 and has since stopped making payments, despite having the means to pay. Debtor has provided no excuse for non-payment.

4. On February 6, 2015, Debtor, by way of his loan to company Central Metal which Debtor personally guaranteed, executed and delivered to Jourdain Dewerd ("DeWerd") a promissory note under which Debtor promised to pay DeWerd the principal sum of $100,000. Based on the promissory note, Debtor and DeWerd agreed that the note shall be payable in installments of $1,250 per month of interest payments, commencing on March 6, 2015 and continuing the 6th day of every calendar month thereafter for a total of twelve months. At the end of the twelfth month, the entire sum of the principal was to become due and payable. By the end of the twelfth month, Debtor was unable to pay the entire sum and accordingly DeWerd extended the interest payment

DANIEL E. PARK LAW CORPORATION

2

**DECLARATION OF DANIEL E. PARK IN SUPPORT OF MOTION TO CONVERT CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 UNDER 11 U.S.C. § 1112(B)**

period beyond the original twelve-month period. On or around late 2017, Debtor stopped making payments to DeWerd. Debtor is in default under the note and owes Dewerd $50,000 in principal plus interest. Debtor agreed in the promissory note that if the note was not paid in full when it became due, he would pay all collection costs incurred.

5. On August 13, 2015, Debtor, by way of his loan to company Central Metal which Debtor personally guaranteed, executed and delivered to Joan Park ("Mrs. Park") a promissory note under which Debtor promised to pay Mrs. Park the principal sum of $10,000. Based on the promissory note, Debtor pleaded with Mrs. Park and Mrs. Park agreed that the note would be payable in installments of $125 per month of interest payments, commencing on September 13, 2015 and continuing the 13th day of every calendar month thereafter for a total of twelve months. At the end of the twelfth month, the entire sum of the principal was to become due and payable. Debtor and Mrs. Park also entered into a consulting agreement, pursuant to which Debtor agreed to pay Mrs. Park $10,000. Debtor never made payments to Mrs. Park and owes her $20,000 in principal from the promissory note and consulting agreement plus interest.

6. On February 6, 2015, Debtor, by way of his loan to company Central Metal which Debtor personally guaranteed, executed and delivered to Daniel Park ("Mr. Park") a promissory note under which Debtor promised to pay Mr. Park the principal sum of $100,000. Based on the promissory note, Debtor pleaded with Mr. Park, and Mr. Park agreed that the note shall be payable in installments of $1,250 per month of interest payments, commencing on March 6, 2015 and continuing the 6th day of every calendar month thereafter for a total of twelve months. At the end of the twelfth month, the entire sum of the principal was to become due and payable. By the end of the twelfth month, Debtor was unable to pay the entire sum and accordingly Mr. Park extended the interest payment period beyond the original twelve-month period. On or around late

DANIEL E. PARK LAW CORPORATION

3

**DECLARATION OF DANIEL E. PARK IN SUPPORT OF MOTION TO CONVERT CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 UNDER 11 U.S.C. § 1112(B)**

2017, Debtor stopped making payments to Mr. Park. Debtor is in default under the note and owes Mr. Park $50,000 in principal plus interest. Debtor agreed in the promissory note that if the note was not paid in full when it became due, he would pay all collection costs incurred.

7.  Debtor pleaded with Hyundai for many years for Hyundai to engage in business with his company. Eventually, Hyundai agreed to buy scrap metals from Debtor's company, Central Metal. Shortly thereafter, Debtor filed for bankruptcy due to his inability to make payments to two Korean banks. During the bankruptcy, Debtor pleaded with Hyundai to purchase his Korean bank notes. Again, Hyundai bailed Debtor out and purchased the bank notes for $17 million in exchange for a repayment plan with Debtor.

8.  In order to avoid repayment to Hyundai, Debtor sued Hyundai for anti-trust violations. Debtor has since ceased all payments to Hyundai of the $17 million bank notes.

9.  Allen Park ("Allen") loaned Debtor funds to prevent trustee sales of all of Debtor's properties during Debtor's divorce from then wife. Allen successfully prevented the sale of those properties. Additionally, Allen lent Debtor money for cash flow of Debtor's business. In order to stop paying on the loans, Debtor alleged that Allen committed fraud against him. Since creating the allegation, Debtor has ceased all payments to Allen.

10. Christine Chong ("Miss. Chong") represented Debtor in his divorce against his ex-wife, thus she assisted in getting listing and understanding all of his properties and assets. Many of such properties were likely going to be sold in a family court action. In order to extract concessions from Miss. Chong, Debtor threatened to report her to the California State Bar. Additionally, Debtor convinced Miss. Chong to convince her father to loan monies to him.

11. Kap Chan Chong ("Mr. Chong") is the father of Miss Chong. Mr. Chong loaned approximately $100,000 to Debtor in 2016. As of late 2017,

DANIEL E. PARK LAW
CORPORATION

4

**DECLARATION OF DANIEL E. PARK IN SUPPORT OF MOTION TO CONVERT CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 UNDER 11 U.S.C. § 1112(B)**

1  Debtor stopped making payments to Mr. Chong. Debtor is in default under the
2  note and owes Mr. Chong approximately $50,000 in principal.

3      12.    On information and belief, Debtor Byun has received offers for his
4  real property that exceed the creditor liabilities.

5      I declare under penalty of perjury under the laws of the State of California
6  that the foregoing is true and correct to the best of my knowledge.

7  //

8  DATED:  April 15, 2021        **DANIEL E. PARK LAW**
9  **CORPORATION**

12  By: *Daniel Park*
13      Daniel E. Park, Esq.
    Attorney for Daniel Park, Joan Park,
14      and Jourdain DeWerd

DANIEL E. PARK LAW
CORPORATION

5

**DECLARATION OF DANIEL E. PARK IN SUPPORT OF MOTION TO CONVERT CHAPTER 11
CASE TO ONE UNDER CHAPTER 7 UNDER 11 U.S.C. § 1112(B)**