EVAN M. JONES (S.B. # 115827)
RICHARD HOLM (S.B. #280688)
AISLING MURRAY (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407

*Attorneys for Creditor,
Hyundai Steel Company*

### UNITED STATES BANKRUPTCY COURT FOR

### THE CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JONG UK BYUN,<br><br>Debtor and Debtor-in-Possession. | Case No. 2:20-bk-17433-VZ<br><br>Chapter 11<br><br>**HYUNDAI STEEL COMPANY'S STATEMENT IN SUPPORT OF DEBTOR'S MOTION [DKT. NO. 373]** |

Hyundai Steel Company ("Hyundai") submits this statement in support of *Debtor's Notice of Motion and Motion for Order: (1) Authorizing and Approving Sale Procedures for Sale of Assets; (2) Authorizing and Approving the Break-Up Fee; (3) Approving Form and Manner of Notice of Auction and Sale Hearing; (4) Scheduling Hearing to Consider Approval of Real Estate Purchase and Sale Agreement; and (5) Granting Other Relief as the Court May Deem Appropriate* [Dkt. No. 373] (the "Sale Procedures Motion").[1]

Hyundai believes that the proposed procedures and terms of sale set forth therein are fair and reasonable and thus Hyundai supports the Sale Procedures Motion. Put simply, it is time for the Debtor to engage in a fair and open auction of Hyundai's collateral, and Hyundai believes the procedures set forth in the Sale Procedures Motion will finally achieve this. The Sale Procedures Motion is substantially different from, and contains more appropriate terms than, Debtor's previous

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Sale Procedures Motion.

1

motion to approve sale procedures relating to Debtor's proposed sale transaction with Alere Property Group, LLC [Dkt No. 302]. It introduces a level playing field, perhaps because it was developed with detailed participation of Hyundai, and is a long awaited positive step in Debtor's restructuring. Specifically, Hyundai agrees it is appropriate to grant the stalking horse protections sought in the Sales Procedures Motion as the Stalking Horse undertakes significant costs and risks and its lead position encourages the possibility of a true auction on the estate's assets. The procedures require that Thor's bid, as well as those of any competitor, be subject only to the condition of Court approval by the auction, to mitigate the risk of a bid "falling out" of escrow. As the motion notes, the sale price under the agreement with Thor is substantially higher than bids received at a suspended foreclosure auction. The bidding procedures are fair and reasonable, and at Hyundai's suggestion the Debtor seeks auction in open Court to avoid any missteps: both the Court and creditors will watch with eagle eyes. While short, the time to auction is consistent with the local rules and is adequate, given the extensive time the property has been on the market and Hyundai's suspended foreclosure auction. It is long past time to proceed.

Hyundai's claim stands at $27,458,107.61, plus such fees accruing after September 30, 2021, and interest accruing after November 5, 2021. Like the Debtor, Hyundai anticipates reaching an agreement with the Debtor on application of the proceeds of the sale of the Property in satisfaction of Hyundai's claim. Notwithstanding this expectation, Hyundai reserves all rights to demand all proceeds until its claim is satisfied in full, in the event no agreement is reached, and does not yet consent to sale free of its liens. Hyundai anticipates agreement being reached.

As the Sale Procedures Motion is an appropriate step in the right direction after years of inaction, Hyundai asks the Court to enter its order approving the Sale Procedures Motion.

Dated: November 24, 2021         O'MELVENY & MYERS LLP

By:   */s/ Richard Holm*
        RICHARD HOLM

*Attorney for Creditor,
Hyundai Steel Company.*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
400 S. Hope Street, 18th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled: HYUNDAI STEEL COMPANY'S STATEMENT IN SUPPORT OF DEBTOR'S MOTION [DKT. NO. 373] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 24, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See attached page**

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/24/2021 | Richard Holm | /s/ Richard Holm |
|---|---|---|
| Date | Printed Name | Signature |

# ADDITIONAL SERVICE INFORMATION

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- **David W. Meadows**     david@davidwmeadows.com
  **(Interested Party Courtesy NEF)**

- **Kelly L. Morrison**     kelly.l.morrison@usdoj.gov
  **(On behalf of US Trustee (LA))**

- **Giovanni Orantes**     go@gobklaw.com, gorantes@orantes-law.com,
  **(Debtor's Counsel)**     cmh@gobklaw.com, gobklaw@gmail.com,
  go@ecf.inforuptcy.com,
  orantesgr89122@notify.bestcase.com

- **Valerie Smith**     claims@recoverycorp.com
  **(Interested Party Courtesy NEF)**

- **U.S. Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov

- **Theron S. Covey**     tcovey@rasflaw.com
  **(On behalf of Deutsche Bank National Company)**

- **M. Jonathan Hayes**     jhayes@rhmfirm.com
  **(Interested Party Courtesy NEF)**

- **Shirley S. Cho**     scho@pszjlaw.com
  **(Interested Party Courtesy NEF)**

- **Katrina M. Brown**     kbrown@pskbfirm.com
  **(On behalf of Creditor QuarterSpot, Inc.)**

- **Hal D. Goldflam**     hgoldflam@frandzel.com
  **(Interested Party Courtesy NEF)**     dmoore@frandzel.com

- **Oscar Estrada**     oestrada@tcc.lacounty.gov
  **(On behalf of Creditor LA County Treasurer and Tax Collector)**

- **Michael T. Leary, Carrie V. Hardman**     MTLeary@winston.com, ecf_sf@winston.com,
  **(Interested Party Courtesy NEF)**     mike-leary-2899@ecf.pacerpro.com,
  pacercourtilfe@winston.com,
  chardman@winston.com

- **Robert P. Goe**     kmurphy@goeforlaw.com, rgoe@goeforlaw.com,
  **(Interested Party Courtesy NEF)**     goeforecf@gmail.com

- **Daniel E. Park**     dpark@parksylvalaw.com
  **(On behalf of Creditors Daniel Park, Joan Park, and Jourdain DeWerd)**