| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**Giovanni Orantes 190060**<br>**THE ORANTES LAW FIRM, A.P.C.**<br>**3435 Wilshire Blvd., Suite 2920**<br>**Los Angeles, CA 90010**<br>**Telephone: (213) 389-4362**<br>**Fax:  (877) 789-5776**<br>**go@gobklaw.com**<br><br>☒ *Attorney for Debtor*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>**JONG UK BYUN,**<br><br><br>Debtor(s). | CASE NO.: 2:20-bk-17433-VZ<br>CHAPTER: **11**<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE: (title of motion1):**<br><br>**DEBTOR'S MOTION FOR ORDER: (1) AUTHORIZING AND APPROVING SALE PROCEDURES FOR SALE OF ASSETS; (2) AUTHORIZING AND APPROVING THE BREAK-UP FEE; (3) APPROVING FORM AND MANNER OF NOTICE OF AUCTION AND SALE HEARING; (4) SCHEDULING HEARING TO CONSIDER APPROVAL OF REAL ESTATE PURCHASE AND SALE AGREEMENT; AND (5) GRANTING OTHER RELIEF AS THE COURT MAY DEEM APPROPRIATE (Docket No. 373)** |
|---|---|

PLEASE TAKE NOTE that the order titled **ORDER GRANTING DEBTOR'S MOTION FOR ORDER: (1) AUTHORIZING AND APPROVING SALE PROCEDURES FOR SALE OF ASSETS; (2) AUTHORIZING AND APPROVING THE BREAK-UP FEE; (3) APPROVING FORM AND MANNER OF NOTICE OF AUCTION AND SALE HEARING; (4) SCHEDULING HEARING TO CONSIDER APPROVAL OF REAL ESTATE PURCHASE AND SALE AGREEMENT; AND (5) GRANTING OTHER RELIEF AS THE COURT MAY DEEM APPROPRIATE (Docket No. 373)** was lodged on (date) **12/01/2021** and is attached. This order relates to the motion which is docket number **373.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                                 Page 1                                           F 9021-1.2.BK.NOTICE.LODGMENT

# ATTACHMENT

GIOVANNI ORANTES – State Bar No. 190060
**THE ORANTES LAW FIRM, P.C.**
3435 Wilshire Blvd. – Suite 2920
Los Angeles, CA 90010
Telephone: (213) 389-4362
Facsimile: (877) 789-5776
go@gobklaw.com

Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JONG UK BYUN,<br>                Debtor and Debtor-In-Possession. | Case No. 2:20-bk-17433-VZ<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR ORDER: (1) AUTHORIZING AND APPROVING SALE PROCEDURES FOR SALE OF ASSETS; (2) AUTHORIZING AND APPROVING THE BREAK-UP FEE; (3) APPROVING FORM AND MANNER OF NOTICE OF AUCTION AND SALE HEARING; (4) SCHEDULING HEARING TO CONSIDER APPROVAL OF REAL ESTATE PURCHASE AND SALE AGREEMENT; AND (5) GRANTING OTHER RELIEF AS THE COURT MAY DEEM APPROPRIATE (Docket No. 373)**<br><br><u>HEARING</u><br><br>**Date**: November 30, 2021<br>**Time**: 11:00 a.m.<br>**Place**: Courtroom: 1368<br>       255 E. Temple Street,<br>       Los Angeles, CA 90012 |

      The Court, having read and considered the Debtor's Motion For Order: (1) Authorizing And Approving Sale Procedures For Sale Of Assets; (2) Authorizing And Approving The Break-Up Fee; (3) Approving Form And Manner Of Notice Of Auction And Sale Hearing; (4) Scheduling Hearing To Consider Approval Of Real Estate Purchase And Sale Agreement; And (5) Granting Other Relief As The Court May Deem Appropriate; And Supporting Memorandum &

Declarations (Docket No. 373) (the "**Motion**"), with good cause appearing, orders as follows:

1. The Motion is GRANTED.

2. The hearing on the Debtor's Motion For Order (1) Approving The Sale Of The Real Property Commonly Known As 8201 Santa Fe Avenue, Huntington Park, Ca 90255, Subject To Overbidding Procedures Pursuant To 11 U.S.C. § 363; (2) Authorizing That Such Sale Be Free And Clear Of Liens, Claims, Interests, And Encumbrances Of Any Nature Whatsoever Pursuant To 11 U.S.C. § 363; (3) Extinguishing Existing Lease; (4) Rejecting All Other Executory Contracts And Unexpired Leases; (5) Authorizing Payment Directly Out Of Escrow Of The Claim Of Hyundai Steel Company, Escrow Costs, Brokers Fee And Liens Senior To The Liens Of Hyundai Steel Company; (6) Finding That Buyer Is A Good Faith Buyer Entitled To The Protections Of Section 363(M) Of The Bankruptcy Code; (7) Waiving The Fourteen-Day Stay Provision Of Bankruptcy Rule 6004; (8) Approving Compromise Of Controversy With Hyundai Steel Company And Authorizing General Mutual Releases; And, (9) Granting Other Relief It Deems Just And Appropriate; Memorandum Of Points And Authorities; And, Declarations In Support Thereof (Docket No. 374 replaced by Docket No. 379) (the "Sale Motion"), will proceed on the previously noticed date and time of **December 9, 2021** at **11:00 A.M.**

3. The sale procedures and break-up fee proposed in the Motion are APPROVED. A copy of the provisions of the sale procedures and break-up fee is attached hereto as Exhibit "1" (the only difference between the text in the version herein and the text in the version included in the Memorandum of Points and Authorities accompanying the Motion is the date and time inserted for the sale and hearing date, December 9, 2021 at 11:00 a.m.).

SO ORDERED.

###

# EXHIBIT "1"

## APPROVED SALE PROCEDURES,

## BREAK-UP FEE AND EXPENSE REIMBURSEMENT

In order to create a fair, orderly and competitive process for the bidding on the Property, the Court approved the following Sale Procedures:

A. <u>Assets to Be Sold</u>. 8201 Santa Fe Avenue, Huntington Park, California (the "Property," as previously defined).

B. <u>Participation Requirements</u>: To participate in the bidding process or otherwise be considered for any purpose hereunder, a person or entity (other than the prospective buyer, Thor, which has already submitted an offer and deposit of $2,000,000 by and through that certain Real Estate Purchase and Sale Agreement between the Debtor, individually and as CEO of Central Metal, Inc. ("CMI"), and Thor (the "Stalking Horse PSA")) interested in the Property (a "Potential Bidder") must first deliver the following materials to the Debtor: (i) a real estate purchase and sale agreement for the Property executed by the Potential Bidder with terms substantively identical or under terms better to Debtor and the estate than the terms in the Stalking Horse PSA ("Competing PSA") along with a comparison version noting the changes from the Stalking Horse PSA; and (ii) the most current audited and latest unaudited financial statements (collectively, the "Financials") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of a sale transaction, (a) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtor that demonstrates the Potential Bidder's financial ability to consummate a competing sale transaction provided that if a Potential Bidder is unable to provide Financials, the Debtor in consultation with Hyundai, may accept such other information sufficient to demonstrate to the Debtor's reasonable satisfaction, in agreement with Hyundai, that such Potential Bidder has the financial wherewithal to consummate a sale transaction; and (b) a written commitment acceptable to the Debtor and Hyundai of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with a sale transaction (including being bound by the terms and conditions of the Sale Procedures).

C. <u>Qualified Bid</u>. The Debtor, with Hyundai's consent, shall determine whether a bid qualifies as a "Qualified Bid." To constitute a Qualified Bid, a bid must:
1. be submitted on or before the Bid Deadline (as defined below);
2. be a written irrevocable offer and state that the Potential Bidder offers to consummate the purchase and sale pursuant to the Competing PSA;
3. <u>With Respect to the Property</u>: be in an amount that is not less than $31,775,000 (the "Minimum Bid"), which is the sum of the Purchase Price submitted by Thor, plus an initial overbid amount of $775,000;
4. be accompanied with admissible evidence in the form of affidavits or declarations establishing the Potential Bidder's good faith, within the meaning of Section 363(m) of the Bankruptcy Code;
5. confirm that the offer shall remain open and irrevocable as provided herein;
6. enclose a clean, duly executed copy of the proposed Competing PSA between the Potential Bidder, and the Debtor, along with a comparison version noting the changes from the Stalking Horse PSA;

7. be accompanied with a certified or bank check or wire transfer in an amount equal to $2,000,000 as a minimum good faith deposit ("Minimum Deposit"), which Minimum Deposit shall be used to fund a portion of the Purchase Price provided for in the bid.
8. be "as is, where is," and not be conditioned on obtaining financing or the outcome of any due diligence by the Potential Bidder;
9. include an acknowledgement and representation that the Potential Bidder: (a) has had an opportunity to conduct any and all due diligence regarding the Property prior to making its offer, (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Property in making its bid, (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever (other than those contained in substantially the form of the Stalking Horse PSA), whether express, implied, by operation of law or otherwise, or the completeness of any information provided in connection therewith or the Auction, and (d) agrees that any non-disclosure agreement or confidentiality agreement entered into with the Debtor shall be enforceable by the Successful Bidder(s) (as defined below);
10. state that the Potential Bidder is financially capable of consummating the transactions contemplated by their Competing PSA and contain evidence that the bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to finance the purchase of the Property, which evidence is reasonably satisfactory to the Debtor and Hyundai;
11. not request or entitle the Potential Bidder to any break-up fee, expense reimbursement or similar type of payment;
12. fully disclose the identity of each person or entity that will be bidding for the Property or otherwise participating in connection with such bid, and the complete terms of any such participation; and
13. include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of their proposed Competing PSA.

A person meeting the requirements set forth in this paragraph shall be considered a "Qualified Bidder." Upon entry of an order approving this Motion, Thor will be considered a Qualified Bidder with respect to the Property.

D. <u>Bid Deadline and Submission</u>: All bids (other than the PSA from Thor) must be received no later than 12:00 noon (prevailing Pacific time), one business day before the Auction ("Bid Deadline") by counsel for the Debtor, Orantes Law Firm, P.C., Attn: Giovanni Orantes, Esq., 3435 Wilshire Boulevard, Suite 2920, Los Angeles, California; e-mail: go@gobklaw.com, and counsel to Hyundai, O'Melveny & Myers LLP, Attn: Evan Jones and Richard Holm, 400 South Hope St., 18th Floor, Los Angeles, CA 90071, emails: ejones@omm.com; rholm@omm.com.

E. <u>Auction</u>. If one or more Qualified Bids (other than the original Bid by Thor) are received by the Bid Deadline, the Auction shall take place in the Bankruptcy Court on the same date as the Sale Hearing (as defined herein) on **December 9, 2021, at 11:00 a.m.** or. (prevailing Pacific time), in person or telephonically or as otherwise ordered by the Court (with information to be provided to all Qualified Bidders, the United States Trustee, any creditors holding claims secured by the Property, and the top 20 holders of general unsecured claims), or at such other place and time as the Debtor shall, with Hyundai's consent, notify reasonably in advance all Qualified Bidders, including Thor, any creditors holding claims secured by the Property, the Office of the United States Trustee, and the top 20 holders of general unsecured claims. If no Qualified Bids are received by the Bid Deadline for the Property, then the Auction will be cancelled, the Stalking Horse

PSA for the Property shall be deemed the highest and best bid for the Property, and the Debtor will immediately seek authority to consummate the sale to Thor, as the case may be, and as contemplated by the Stalking Horse PSA.

F. <u>Auction Rules</u>.
1. Only Thor, and Qualified Bidders who have submitted a Qualified Bid and their authorized representatives, shall be eligible to participate and bid at the Auction. Pursuant to 11 U.S.C. 363(k) Hyundai shall be deemed a Qualified Bidder in all respects without further action, and Hyundai shall be permitted to credit bid the full amount of its claim, which stands at $27,459,107.61, plus such fees and interest accruing after September 30, 2021.
2. The Qualifying Bidders shall appear in person or telephonically or as otherwise ordered by the Court, or through a duly authorized representative.
3. All bids at the Auction shall be made and received on an open basis, and all other Qualified Bidders will be entitled to be present for all bidding, and all material terms of each bid shall be fully disclosed to all other Qualified Bidders.
4. Bidding at the Auction shall commence at the Purchase Price stated in the highest and best Bid received. Qualified Bidders may then submit successive bids in increments of at least $50,000 higher than the highest Bid received, and then continue bidding in minimum increments of $50,000 higher than the previous bid.
5. The Debtor may consider the amount of the breakup in determining the highest and best bid.
6. All Qualified Bidders shall have the right to submit additional bids until such time as the Debtor (with Hyundai's consent), or the Court, as applicable, closes the Auction.
7. The Auction as to the Property may be adjourned as the Debtor (with Hyundai's consent), or the Court deems appropriate. Reasonable notice of such adjournment and the time and place for the resumption of the Auction shall be given to all Qualified Bidders that have submitted a Qualified Bid, the Office of the United States Trustee, and the top 20 holders of general unsecured claims.
8. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

G. <u>Successful Bidder at the Auction</u>. The Auction shall continue in one or more rounds until there is only one Qualified Bid that the Debtor determines, in consultation with Hyundai, after a review of such bid on the bases of its financial and contractual terms, and in the Debtor's exercise of its business judgment and in consultation with Hyundai, is the highest and best offer for the Property (the "Successful Bid" and the bidder making such Successful Bid, the "Successful Bidder"). To the extent applicable, the Debtor shall then determine and identify in consultation with Hyundai the next highest or otherwise best Qualified Bid after the Successful Bid (the "Back-Up Bid", and the Qualified Bidder submitting such bid, the "Back-Up Bidder"). Upon declaration of the Successful Bid and, if applicable, the Back-Up Bid, the Auction shall be closed.

H. <u>Irrevocability of Certain Bids</u>. The Successful Bid shall remain irrevocable in accordance with the terms of the purchase agreement executed by the Successful Bidder. The Back-Up Bid of the Back-Up Bidder shall be irrevocable until the earlier of: (i) 5:00 p.m. prevailing Pacific time on the date which is thirty (30) days after the date of the Sale Hearing (the "Outside Back-Up Date"); (ii) closing of the sale to the Successful Bidder or the Back-Up Bidder; and (iii) such date as the Debtor affirms in writing that the Debtor, with Hyundai's consent, does not intend to proceed with a sale to the Successful Bidder or the Back-Up Bidder.

I. <u>Sale Hearing</u>. The Successful Bid will be subject to approval by this Court. This Court shall conduct the Sale Hearing on **December 9, 2021, at 11:00 a.m**. or such date and time immediately thereafter that is convenient to the Court (the "Sale Hearing"). The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing. The Successful Bidder and Backup Bidder, if any, should be represented by counsel at the Sale Hearing.

J. <u>Acceptance of the Successful Bid</u>. The Debtor may present the results of the Auction to this Court at the Sale Hearing, if applicable, at which time the Debtor may seek findings from this Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder was selected in accordance with this Order, (ii) the Auction was fair in substance and procedure, (iii) the Successful Bid was a Qualified Bid as defined in this Court's Order, (iv) the Seller of the Property agrees and consents to such sale to the Successful Bidder, and (v) consummation of the sale contemplated by the Successful Bid will provide the highest or otherwise best value for the Property and is in the best interests of the Debtor and his estate. If an Auction is held, the Debtor shall be deemed to have accepted a Qualified Bid only when (v) such bid is declared the Successful Bid at the Auction and is approved as such by this Court and the entry of an order approving such Successful Bid.

K. <u>Deposit</u>. As additional adequate protection Hyundai is granted a lien on all Deposits received in connection with the Auction. Except as otherwise provided in this paragraph with respect to any other Successful Bid and any Back-Up Bid, the Minimum Deposits of all Qualified Bidders that submitted such a deposit under the Sale Procedures shall be returned upon or within two (2) business days after the conclusion of the Sale Hearing. The Minimum Deposit of the Successful Bidder shall be held until the closing of the sale of the Property and applied in accordance with these Sale Procedures to the Successful Bid. The Minimum Deposit of the Back-Up Bidder shall be held in escrow until the earlier of 48 hours after (a) the closing of the sale transaction with Successful Bidder(s) and (b) the Outside Back-Up Date. <u>Notwithstanding the foregoing, or anything contained herein to the contrary</u>, the deposit made by Thor shall be released or applied pursuant to the terms of the Stalking Horse PSA, which is appended to the Motion seeking approval of Sale Procedures.

L. <u>Failure to Close</u>. If, following the entry of the order approving the sale, the Successful Bidder fails to consummate the sale because of a breach or failure to perform on the part of the Successful Bidder, the Back-Up Bid will be deemed to be the new Successful Bid, and the Debtor will be authorized, but not required, to consummate the sale with the Back-Up Bidder as soon as is commercially reasonable without further order of the Court. In such case, the defaulting Successful Bidder's Minimum Deposit shall be forfeited to Hyundai as additional adequate protection as set forth below, and the Debtor shall have the right to seek any and all other remedies and damages from the defaulting Successful Bidder. Any deposits or other funds forfeited to the Debtor shall constitute Hyundai's cash collateral, and within 48 hours of such funds being deposited in Debtor's bank accounts or otherwise transferred to Debtor, such funds shall be paid to Hyundai as adequate protection.

    M.    <u>Reservation of Rights</u>.  The Debtor reserves the right as he may reasonably determine to be in the best interests of the estate, subject to conformity with the Sale Procedures, to:  (i) determine, with Hyundai's consent, which bidders are Qualified Bidders; (ii) determine, with Hyundai's consent, which bids are Qualified Bids; (iii) determine, in consultation with Hyundai, which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (iv) reject, with Hyundai's consent, any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Sale Procedures or the requirements of the Bankruptcy Code or (c) contrary to the best interests of the Debtor and the estate; (v) waive, with Hyundai's consent, terms and conditions set forth herein with respect to all potential bidders, subject to the reasonable approval of Thor; (vi) impose, with Hyundai's consent, additional terms and conditions with respect to all potential bidders, subject to the reasonable approval of Thor; (vii) extend, with Hyundai's consent, the deadlines set forth herein subject to the reasonable approval of Thor; and (viii) adjourn or cancel, with Hyundai's consent, the Auction and/or Sale Hearing without further notice, subject to the reasonable approval of Thor.

    N.    <u>Expenses</u>.  Any bidders presenting bids shall bear their own expenses in connection with the proposed sale, whether or not such sale is ultimately approved, in accordance with the terms of the purchase agreement.

    O.    <u>Bidding Protections</u>.  If a Qualified Bidder other than Thor purchases the Property, only upon the closing of such purchase of the Property, Thor shall be entitled to a Break-Up Fee in the amount of $775,000 as reimbursement for serving as a stalking horse, for the opportunity costs of committing no less than $31Million to purchase this asset while foregoing acquiring other assets or forgoing investing in other properties, investment securities or other such financial vehicles that would result in income on such $31 Million of approximately or even more than the $775,000 breakup fee, which is already inclusive of reimbursement of expenses (including fees and expenses of financial advisors, outside legal counsel, accountants, experts, consultants, and other agents and representatives) actually incurred or being incurred by or on behalf of Thor in connection with the authorization, preparation, negotiation, execution or performance of the Stalking Horse PSA, the other documents contemplated by the Stalking Horse PSA, and the transactions contemplated thereby, including without limitation the due diligence and evaluation by Thor of such transaction.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3435 Wilshire Blvd., Suite 2920
Los Angeles, CA 90010


A true and correct copy of the foregoing document entitled: **Notice of Lodgment Of Order In Bankruptcy Case Re: Order Granting Debtor's Motion For Order: (1) Authorizing And Approving Sale Procedures For Sale Of Assets; (2) Authorizing And Approving The Break-Up Fee; (3) Approving Form And Manner Of Notice Of Auction And Sale Hearing; (4) Scheduling Hearing To Consider Approval Of Real Estate Purchase And Sale Agreement; And (5) Granting Other Relief As The Court May Deem Appropriate (Docket No. 373)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>12/1/2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katrina M Brown on behalf of Creditor QuarterSpot, Inc.
kbrown@pskbfirm.com

Shirley Cho on behalf of Interested Party Courtesy NEF
scho@pszjlaw.com

Theron S Covey on behalf of Creditor Deutsche Bank National Company
theronscovey@hotmail.com, sferry@raslg.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Robert P Goe on behalf of Interested Party Robert P Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Hal D Goldflam on behalf of Interested Party Courtesy NEF
hgoldflam@frandzel.com, dmoore@frandzel.com

Carrie V Hardman on behalf of Interested Party Alere Property Group LLC
chardman@winston.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Richard Holm on behalf of Creditor Hyundai Steel Company
rholm@omm.com, richard-holm-1054@ecf.pacerpro.com

Evan M Jones on behalf of Creditor Hyundai Steel Company
ejones@omm.com, evan-jones-5677@ecf.pacerpro.com

Michael T Leary on behalf of Interested Party Alere Property Group LLC
MTLeary@winston.com, ecf_sf@winston.com;mike-leary-2899@ecf.pacerpro.com;pacercourtfile@winston.com

David W. Meadows on behalf of Creditor M&A Equities, LLC
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor Packo Investments, Inc., et al

david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Giovanni Orantes on behalf of Debtor Jong Uk Byun
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Daniel E Park on behalf of Attorney Daniel Eal Young Park
dpark@parksylvalaw.com

Daniel E Park on behalf of Creditor Daniel Eal Park Park
dpark@parksylvalaw.com

Daniel E Park on behalf of Creditor Joan Park
dpark@parksylvalaw.com

Daniel E Park on behalf of Creditor Jourdain DeWerd
dpark@parksylvalaw.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

Derrick Talerico on behalf of Interested Party Malka Investments, LLC
dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Roye Zur on behalf of Interested Party Courtesy NEF
rzur@elkinskalt.com, cavila@elkinskalt.com;myuen@elkinskalt.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **12/1/2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Email and overnight mail:**
Brian Davis, counsel for Fleet Yards Inc,
Forward Counsel, LLP,
4340 Von Karman Ave, Ste 380,
Newport Beach, CA 92660
bdavis@forwardcounsel.com          ☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **December 1, 2021** | Omar Amaya | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# List of Prospective buyers for 8201 Santa Fe Ave Huntington Park.

| Name / Email Address | Address | Service by |
|---|---|---|
| 1-Rudy Concha<br>rudyconcha@gmail.com | N/A | Email |
| 2- Farzad Halavi    amir42@gmail.com | N/A | Email |
| 3-Moshe    lmoshe@bluegalaxyinc.com | 2639 E. 5th St Vernon Ca. | Email |
| 4-Patrick Hsu    pnwnsllc@gmail.com | 25165 state Highway 74, Perris Ca | Email |
| 5-Hector Rendon    vipmltc@gmail.com | N/A | Email |
| 6-Siamak Esteghball    bfwsam@yahoo.com | N/A | Email |
| 7-Ron Nourian    ronourian@gmail.com | 2273 Stratford Circle. LA 90077 | Email |
| 8-Jonathan Doty    jdoty949@gmail.com | N/A | Email |
| 9-Mason Laycock    mason.laycock@copart.com | N/A | Email |
| 10-Praveen Chandra    pchandra@integralcommunities.com | N/A | Email |
| 11-David Shaaya Moussa    davidmshaaya@gmail.com | 120 El Camino Dr suite 212, Beverly Hills Ca | Email |
| 12-Stephen Edwards    sedwards@cityventures.com | N/A | Email |
| 13-**Steven Altamirano**    stevenaltamirano@yahoo.com | 17409 Marquardt Ave #F Cerritos, CA | Email |
| 14-Jon Ikenna    jon@alchemyrecap.com | N/A | Email |
| 15-Drew Christopher    drew@calirealtyinvestments.com | 13535 Ventura Blvd. Suite C, #135 Sherman Oaks, CA | Email |
| 16- Dan Otting, President and CEO of Fleet Yards Inc    d.otting@yahoo.com<br>668 N Coast Hwy Ste 402 Laguna Beach, CA. 92651 | | Overnight Mail And Email |
| 17-Southbay Executive Realty Inc. 4306 Marine Ave. Lawndale CA 90260    Jaime@sberealty.com | | Email |
| 18- National Office and Industrial Properties Group 880 Apollo Street, Suite 101, El Segundo, CA 90245    Derek.Caldwell@marcusmillichap.com | | Email |
| 19 – Colliers 2121 Rosecrans Ave, Suite 3301 | El Segundo, CA 90245    connor.reeves@colliers.com | | Email |
| 20- Lee & Associates 500 Citadel Dr, Suite 140 Commerce, CA 90040    sespinoza@lee-associates.com | | Email |
| 21- CAPITAL REAL ESTATE, LLC 2276 E. Maple Avenue El Segundo, CA 90245    mluna@amcapitalre.com | | Email |
| 22- NEWMARK 2301 Rosecrans Avenue, Suite 4100 El Segundo, CA 90245    jeff.sanita@nmrk.com | | Email |
| 23- THOR ACQUISITION WEST LLC 25 West 39th Street New York, New York 10018    cohen@wmllp.com | | Email |
| 24 – AMERCO (UHAUL) 2727 N Central Ave Phoenix, AZ 85004 Fay_Bidlack@uhaul.com | | Email |
| 25- Atlas Capital Group, LLC 40 W 57th Street, 29th Floor New York, NY 10010    mdsmith@lee-associates.com    avesci@coxcastle.com | | Email |