JEFFREY K. GARFINKLE (SBN: 153496)
BUCHALTER, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
Email:    jgarfinkle@buchalter.com

JULIAN I. GURULE (SBN: 252160)
BUCHALTER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email:    jgurule@buchalter.com

*Attorneys for Fleet Yards, Inc.*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-17433 VZ |
| JONG UK BYUN, | Chapter 11 |
| Debtor. | **FLEET YARDS, INC.'S (I) PRELIMINARY OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING SALE OF THE REAL PROPERTY AND (II) REQUEST FOR ADEQUATE PROTECTION PURSUANT TO SECTION 363(E)** |

Date:      December 9, 2021
Time:      11:00 a.m.
Ctrm:      1368
              Edward Roybal Building
              255 E. Temple Street
              Los Angeles, CA 90012

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

# TABLE OF CONTENTS

**PAGE(S)**

I.    PRELIMINARY STATEMENT ........................................................................................ 1

II.   BACKGROUND FACTS ............................................................................................ 2

III.  OBJECTION ............................................................................................................ 4

    A.    The Debtor Cannot Sell the Property Free and Clear of Fleet Yards' Leasehold
       Interests Pursuant to Section 365(h) ........................................................ 4

    B.    The Court Should Deny the Sale Motion Because the Debtor Failed to Satisfy
       Its Obligations Under the ROFR.............................................................. 6

    C.    The Court Should Not Authorize the Payment of the Broker's Commission
       Because Century 21 Failed to Disclose Its Prior Representation of Fleet Yards
       and Central Metals ................................................................................. 7

    D.    In the Event the Court Grants the Sale Motion, the Court Should Decline to
       Waive the Automatic 14-Day Stay Set Forth in Rule 6004(h) .............................. 8

IV.   REQUEST FOR ADEQUATE PROTECTION ................................................................. 8

V.    CONCLUSION .......................................................................................................... 11

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

i

# TABLE OF AUTHORITIES

**PAGE(S)**

**Federal Cases**

*Dishi & Sons v. Bay Condos LLC,*
   510 B.R. 696 (S.D.N.Y. 2014) ................................................................................ 10

*Northrup Grumman Tech. Servs. v. Shaw Group Inc.* (*In re IT Group, Inc.*),
   302 B.R. 483 (D. Del. 2003) ............................................................................... 6, 8

*Pinnacle Rest. at Big Sky, LLC v. CH SP Acquisitions* (*In re Spanish Peaks*
   *Holdings II, LLC*),
   872 F.3d 892 (9th Cir. 2017) ........................................................................ 5, 6, 10

*In re Zota Petroleums, LLC,*
   482 B.R. 154 (Bankr. E.D. Va. 2012) ..................................................................... 5

**Federal Statutes**

11 U.S.C. § 101(14) ...................................................................................................... 7

11 U.S.C. § 363 ................................................................................................. 1, 5, 9, 10

Bankruptcy Code § 327(a) ............................................................................................ 7

Bankruptcy Code § 361 ................................................................................................. 9

Bankruptcy Code § 361 ................................................................................... 2, 6, 8, 10

Bankruptcy Code § 363(e) ........................................................................... 2, 6, 8, 9, 10

Bankruptcy Code § 363(m) ........................................................................................... 1

Bankruptcy Code § 365(h)(1)(A)(ii) ............................................................................ 5

**State Statutes**

Cal.Civ.Code § 1624(a)(3) ............................................................................................ 3

**Other Authorities**

Collier on Bankruptcy ¶ 361.01 (16th ed. 2021) ......................................................... 9

Collier on Bankruptcy ¶ 365.11[1] (16th ed. 2021) ..................................................... 5

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 48395581v1

**Rules**

Bankruptcy Rule 2002(a)(2) ......................................................................................... 1

Bankruptcy Rule 2014 ............................................................................................. 3, 7

Bankruptcy Rule 6004 ................................................................................................. 1

Bankruptcy Rule 6004(a) .......................................................................................... 1

Bankruptcy Rule 6004(h) ............................................................................................ 8

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 48395581v1

Fleet Yards, Inc. ("Fleet Yards"), by and through its undersigned counsel, hereby files this preliminary objection and request for adequate protection (the "Preliminary Objection") in response to the Sale Motion[1] filed by the above-captioned debtor and debtor-in-possession (the "Debtor"). In support of this Preliminary Objection, Fleet Yards has filed contemporaneously herewith the *Declaration of Daniel Otting* (the "Otting Declaration") and respectfully states as follows:

## I.    **PRELIMINARY STATEMENT**

The Court should deny the Sale Motion.  Fleet Yards is the sole tenant on the Property (as defined in the Sale Motion) that the Debtor proposes to sell "free and clear" to Thor Acquisition West LLC (the "Stalking Horse Purchaser").  Fleet Yards has leased the Property since 2019 and operates a trucking and transport container business on the premises.  Fleet Yards' current lease was entered into on August 24, 2020 and is therefore a postpetition contract.

The Debtor's proposed sale transaction (the "Sale") would strip Fleet Yards of its leasehold interests in the Property.  However, the Debtor failed to provide Fleet Yards with notice of the Sale and requested relief until five days *after* the deadline to object to the Sale had passed.  For example, the proof of service for the Notice of Sale filed and served by the Debtor on November 18, 2021 does not list Fleet Yards as a party receiving service.  The Debtor did not provide notice to Fleet Yards until November 30, 2021—only nine days before the hearing on the Sale Motion.[2]  This notice period violates Bankruptcy Rules 6004(a) and 2002(a)(2), which require 21 days' notice to parties in interest of motions to sell property of the estate outside of the ordinary course of business. The Debtor has not afforded Fleet Yards a reasonable and appropriate amount of time to respond to the Sale Motion consistent with its due process rights—particularly given the substantial negative

---

[1] As used herein, the term "Sale Motion" refers to the *Debtor's Notice of Motion and Motion for Order (1) Approving the Sale of the Real Property Commonly Known as 8201 Santa Fe Avenue, Huntington Park, CA 90255, Subject to Overbidding Procedures Pursuant to 11 U.S.C. § 363; (2) Authorizing that Such Sale be Free and Clear of Liens, Claims, Interests, and Encumbrances of Any Nature Whatsoever Pursuant to 11 U.S.C. § 363; (3) Extinguishing Existing Lease; (4) Rejecting All Other Executory Contracts and Unexpired Leases; (5) Authorizing Payment Directly Out of Escrow of the Claim of Hyundai Steel Company, Escrow Costs, Brokers' Fee and Liens Senior to the Liens of Hyundai Steel Company; (6) Finding that Buyer is a Good Faith Buyer Entitled to the Protections of Section 363(m) of the Bankruptcy Code; (7) Waiving the Fourteen-Day Stay Provision of Bankruptcy Rule 6004; (8) Approving Compromise of Controversy With Hyundai Steel Company and Authorizing General Mutual Releases; and (9) Granting Other Relief It Deems Just and Appropriate* [Docket No. 374].

[2] *See Supplemental Notice of Sale of Estate Property* [Docket No. 399].

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

1  effect the Debtor's requested relief would have on Fleet Yards' business and operations.  The

2  Debtor's failure to provide notice to Fleet Yards warrants—at a minimum—a continuance of the

3  sale hearing in order to provide Fleet Yards sufficient time to respond.

4       Moreover, the Court should not approve the Sale—at least as currently structured— because

5  Fleet Yards is entitled to adequate protection of its leasehold interests pursuant to Bankruptcy Code

6  sections 361 and 363(e).  Section 363(e) mandates that Fleet Yards receive adequate protection of

7  its interests in the Property in connection with the Sale transaction.  Fleet Yards submits that the

8  only means to satisfy such requirement would be by providing Fleet Yards with the indubitable

9  equivalent of its leasehold interests—that is, continued possession of the Property consistent with

10 the terms of its lease.

11      The Court should also deny the Sale Motion because the Debtor has failed to satisfy its

12 obligations under the right of first refusal contained in the Fleet Yards Lease (as defined herein).

13 The ROFR (as defined herein) is an enforceable obligation against the Debtor—and the Debtor has

14 breached its obligations by seeking approval of the transaction with the Stalking Horse Purchaser

15 before providing Fleet Yards with an exclusive opportunity to purchase the Property.  Fleet Yards'

16 ROFR rights are also (a) interests in the Property entitled to adequate protection and (b) postpetition

17 administrative claims.

18      Fleet Yards also objects to the Debtor's request to pay its broker's commission immediately

19 from the escrow proceeds because the Debtor and the broker failed to disclose the broker's

20 connections with Fleet Yards.  Accordingly, for the reasons set forth above and in the balance of

21 this Preliminary Objection, Fleet Yards requests that the Court deny the Sale Motion or,

22 alternatively, continue the sale hearing to afford Fleet Yards sufficient time to respond.

23 **II.    BACKGROUND FACTS**

24      On November 25, 2019, Union Central Metal Inc. and Fleet Yards entered into that certain

25 Commercial Lease Agreement (the "Prior Fleet Yards Lease").

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 48395581v1

On August 14, 2020, the Debtor commenced this Chapter 11 Case. The Debtor is currently operating as a debtor and debtor-in-possession.

On August 24, 2020, Fleet Yards and, nominally, Central Metals, Inc. ("Central Metals")[3] entered into that certain Commercial Lease Agreement (the "Fleet Yards Lease"). A true and correct copy of the Fleet Yards Lease is attached to the Otting Declaration as Exhibit A. The Fleet Yards Lease provides for the lease of the Property from Central Metals to Fleet Yards. Fleet Yards is currently in possession of the Property and operates its transport container business on the premises. The Fleet Yards Lease terminated and replaced the Prior Fleet Yards Lease. *See* Fleet Yards Lease § 40(5).

The Fleet Yards Lease provides Fleet Yards with a right of first refusal with respect to the Property (as defined in the Sale Motion) (the "ROFR"). *See* Fleet Yards Lease § 40(4) (providing Fleet Yards with a "first right [to] purchase or refusal of the property.").

The Fleet Yards Lease provides that Century 21 Allstars Commercial Division ("Century 21") will represent both Central Metals and Fleet Yards in connection with the lease transaction.

On August 19, 2021, the Debtor filed its motion to retain Century 21 as the real estate brokers for the Property [Docket No. 303] (the "Broker Retention Application"). The Broker Retention Application set forth the Local Form statement of disinterestedness and Bankruptcy Rule 2014 disclosures. The Debtor and the broker represented in the Broker Retention Application that the broker does not have any "connection with the Debtor…[or] any creditor of the Debtor or any other party in interest." *See* Broker Retention Application § 2. The Broker Retention Application does not disclose that Century 21 has also acted as real estate brokers for Fleet Yards, including with respect to the existing Fleet Yards Lease.

---

[3] The Debtor has failed to establish a consistent record regarding the leasing relationship between the Debtor, on the one hand, and Fleet Yard's two lease counterparties, Union Central Metals (under the Prior Fleet Yards Lease) and then Central Metals (under the Fleet Yards Lease). The Debtor's bankruptcy schedules list a five-year lease with Central Metals (from 11/1/2019 through 11/1/2024), *see* Schedule G, Item 2.1 (ECF 28), and "five year lease/option" with Fleet Yard, *see* Schedule G, Item 2.2. Yet, the Sale Motion refers to a five-year "implicit" lease between the Debtor and Central Metals. *See* Sale Motion, ¶ 4 ("The Debtor is not aware of the existence of any executory contracts or unexpired leases other than the Debtor's implicit contract with Central Metal, Inc., and the sub-lease between Central Metal, Inc. and sub-tenant Fleet Yards, Inc., and Section VI (same). If so, any such implicit lease violates California's statute of frauds and is therefore invalid, *see* Cal.Civ.Code § 1624(a)(3), and Fleet Yard's actual lessor is the Debtor, who is the 100% owner of Central Metals.

On November 18, 2021, the Debtor filed and served the Sale Procedures Motion.[4]  As reflected on the Debtor's proof of service attached to the Sale Procedures Motion, the Debtor did not serve the Sale Procedures Motion on Fleet Yards.

On November 18, 2021, the Debtor filed and served the Sale Motion.  The Sale Motion contains ten specific references to the Fleet Yards Lease and that the sale should be free and clear of such lease.[5]  Yet, as reflected on the Debtor's proof of service attached to the Sale Procedures Motion, the Debtor did not serve the Sale Motion on Fleet Yards.

On November 18, 2021, the Debtor filed and served its *Notice of Sale of Estate Property* [Docket No. 375] (the "November 18th Notice").  The November 18th Notice set November 25, 2021 as the objection deadline for the Sale.  As reflected on the Debtor's proof of service attached to the November 18th Notice, the Debtor did not serve such notice on Fleet Yards.

On November 30, 2021, the Debtor filed and served its *Supplemental Notice of Sale of Estate Property* [Docket No. 399] (the "Supplemental Sale Notice").  The Supplemental Sale Notice was the first notice of the Debtor's proposed sale transaction served on Fleet Yards.  The Supplemental Sale Notice states that the Stalking Horse Purchaser "desires that the preexisting lease with Fleet Yards, Inc. be extinguished by order of the Bankruptcy Court."  *See* Supplemental Sale Notice § 3.

On December 2, 2021, the Court entered its Order granting the Sale Procedures Motion [Docket No. 404], which set the hearing on the Sale Motion for December 9, 2021.

## III.  **OBJECTION**

### A.  **The Debtor Cannot Sell the Property Free and Clear of Fleet Yards' Leasehold Interests Pursuant to Section 365(h)**

The Debtor states that the Stalking Horse Purchaser "desires that the preexisting lease with Fleet Yards, Inc. be extinguished by order of the Bankruptcy Court."  *See* Supplemental Sale Notice

---

[4] As used herein, the term "Sale Procedures Motion" refers to the *Debtor's Notice of Motion and Motion for Order: (1) Authorizing and Approving Sale Procedures for Sale of Assets; (2) Authorizing and Approving the Break-Up Fee; (3) Approving Form and Manner of Notice of Auction and Sale Hearing; (4) Scheduling Hearing to Consider Approval of Real Estate Purchase and Sale Agreement; (5) Granting Other Relief as the Court May Deem Appropriate* [Docket No. 373].

[5] *See* Sale Motion, p. 2, ll. 22-24; p. 4, ll. 27-28; p. 3, ll.10-13; p. 5, ll.16-18; p. 6, ll.13-16; p. 19, l. 2; p. 20, ll. 1-12; and p. 20, ll. 16-20.

§ 3.  The Debtor fails to explain what it means by "extinguish" the Fleet Yards Lease—but, regardless of whether the Debtor seeks such outcome through rejection under section 365 or a free and clear sale under section 363(f), Fleet Yards is entitled to retain possession of the Property. Bankruptcy Code section 365(h)(1)(A)(ii) provides that:

> if the term of [the] lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.

11 U.S.C. § 365(h)(1)(A)(ii); Collier on Bankruptcy ¶ 365.11[1] (16th ed. 2021) ("Section 365(h) deals directly with the problems arising from the bankruptcy of the lessor. It provides that the lessee under a rejected lease has the option of either retaining the estate, which includes all enforceable renewal terms that the tenant may insist upon unilaterally and other rights such as the right to sublet, assign or hypothecate the lease and to use and possess the premises."). Accordingly, if the Debtor seeks to reject the Fleet Yards Lease, section 365(h) provides that Fleet Yards may elect to retain possession (which it intends to do).

Similarly, if the Debtor attempts to sell the Property free and clear of the Fleet Yards Lease under section 363(f), the majority of case authority holds that section 365(h) likewise provides Fleet Yards with tenant "holdover" rights.  *See id*. ("Section 363(f) authorizes a trustee to sell property of the estate free and clear of any interest in such property of an entity other than the estate if one of five conditions are met. This conflicts with the tenant's rights under section 365(h).  The apparent majority view is that section 365(h) trumps section 363(f).").  "The rights of the tenant may not be extinguished by a section 363 sale; to hold to the contrary would give open license to debtors to dispossess tenants by utilizing the section 363 mechanism."  *In re Zota Petroleums, LLC*, 482 B.R. 154, 163 (Bankr. E.D. Va. 2012).

Presented with facts plainly distinct from those at issue here, the Ninth Circuit Court of Appeals has adopted the minority view, and "on the facts" of *Pinnacle Rest. at Big Sky, LLC v. CH SP Acquisitions* (*In re Spanish Peaks Holdings II, LLC*), 872 F.3d 892, 899 (9th Cir. 2017), affirmed

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

a free and clear sale over section 365(h) rights.  *See id*.  In *Spanish Peaks*, the ultimate lessee in question was an insider, being an officer of both the debtor, as landlord, and the lessee.  *See id*. at 894.  The "rent was far below the property's fair market rental value" and the lessee had not operated its business on the premises for years.  *Id*. at 896.  Here, unlike in *Spanish Peaks*, Fleet Yards is a true third-party tenant under the Fleet Yards Lease and—given that the Fleet Yards Lease was negotiated at arm's-length by unrelated entities—Fleet Yards pays market rent for its possession of the Property.  Likewise, Fleet Yards currently operates its transport container business on the Property—unlike the shuttered restaurant in *Spanish Peaks*—and would suffer substantial harm in the event that it is denied continued possession.  Accordingly, based on the facts of this case, *Spanish Peaks* is distinguishable and Fleet Yards is entitled to the protections afforded under section 365(h).[6]

**B.**      **The Court Should Deny the Sale Motion Because the Debtor Failed to Satisfy Its Obligations Under the ROFR**

A right of first refusal is enforceable in bankruptcy.  *See*, *e.g.*, *Northrup Grumman Tech. Servs. v. Shaw Group Inc.* (*In re IT Group, Inc.*), 302 B.R. 483, 488 (D. Del. 2003) ("courts have enforced rights of first refusal in the bankruptcy context, and the Court is not persuaded that enforcing the right of first refusal in this case would hamper the Debtors' ability to assign the property or foreclose the estate from realizing the full value of the Debtors' interest in [the property].").  A debtor-in-possession cannot sell property subject to a right of first refusal "free and clear" of such right.  *See id*. (affirming bankruptcy court's denial of debtors' motion to sell property free and clear of right of first refusal pursuant to section 363(f)).

Here, section 40(4) of the Fleet Yards Lease provides Fleet Yards with a "first right [to] purchase or refusal of the property."  The Debtor has violated the express terms of the ROFR throughout his sale process, including by executing the purchase agreement with the Stalking Horse

---

[6] Alternatively, in the event that the Court concludes that section 363(f) does provide for a sale free and clear of Fleet Yards' rights under section 365(h), Fleet Yards requests—and is entitled to—adequate protection of its leasehold interests under sections 361 and 363(e), as set forth *infra*.

Purchaser.  Accordingly, the Court should deny the Sale Motion and order the Debtor to honor the terms of the ROFR and offer the Property to Fleet Yards.

**C.**  **The Court Should Not Authorize the Payment of the Broker's Commission Because Century 21 Failed to Disclose Its Prior Representation of Fleet Yards and Central Metals**

Bankruptcy Code section 327(a) governs a debtor's retention of professionals and provides that:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 101(14) provides that:

The term "disinterested person" means a person that—

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).  Bankruptcy Rule 2014 governs the disclosures required of professional persons seeking to be employed by a debtor-in-possession.  Bankruptcy Rule 2014 requires the disclosure of all such person's connections with, among others, the debtor, creditors, and any other party in interest.  Rule 2014 also requires a verified statement from such professional person attesting to the foregoing.

Here, the Debtor and Century 21 submitted the Broker Retention Application in advance of the proposed Sale transaction.  The Broker Retention Application does not disclose that Century 21 previously represented Central Metals and Fleet Yards in connection with the Fleet Yards Lease,

1  which was executed just one year earlier in August 2020.  Section 44 of the Fleet Yards Lease

2  contains an acknowledgment by Central Metals and Fleet Yards that Century 21 was acting as an

3  agent for both parties.  The Debtor and Century 21's failure to disclose Century 21's material

4  connection with Fleet Yards (and Central Metals) justifies—at a minimum—the denial of the

5  Debtor's request for the broker's commission to be paid immediately out of the sale escrow

6  proceeds.  The Court and parties in interest should be afforded additional time to review the Debtor

7  and Century 21's disclosures before any payments are made.

8  **D.  In the Event the Court Grants the Sale Motion, the Court Should Decline to Waive the Automatic 14-Day Stay Set Forth in Rule 6004(h)**

9

10  Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of

11  property other than cash collateral is stayed until the expiration of 14 days after entry of the order,

12  unless the court orders otherwise."  Here, the Court should not waive the 14-day stay because Fleet

13  Yards has already had woefully insufficient time to respond to the Debtor's attempted free and

14  clear sale to the Stalking Horse Purchaser.  The Court's waiver of the stay could foreclose Fleet

15  Yards' right to effectively appeal any sale order and only compound the harm it has already

16  suffered.  The Debtor failed to provide adequate notice to Fleet Yards of the Sale Motion and the

17  relief requested therein—and, accordingly, responsibility for any delay in the closing of the Sale

18  rests on the Debtor alone.  Moreover, aside from conclusory statements in the Sale Motion, the

19  Debtor and the Stalking Horse Purchaser have failed to articulate—or provide any admissible

20  evidence—that would form a basis to conclude that the waiver of the 14-day stay is warranted here.

21  **IV.  REQUEST FOR ADEQUATE PROTECTION**

22  Fleet Yards hereby requests, pursuant to Bankruptcy Code sections 361 and 363(e), that the

23  Court provide adequate protection for Fleet Yards' interest in the Property in the form of continued

24  possession in accordance with the terms of the Fleet Yards Lease.  The ROFR is also an interest in

25  the Property that is entitled to adequate protection—whether in the form of a carve-out from sale

26  proceeds or the indubitable equivalent of such right (namely, through performance of its terms by

27  the Debtor).  *See*, *e.g.*, *IT Group*, 302 B.R. at 489 (holding that to find a right of first refusal

28

unenforceable "would be to usurp a cognizable property right set forth by state law."). The Court should not approve the Sale absent such adequate protection.

Bankruptcy Code section 363(e) provides, in relevant part, that:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e). Bankruptcy Code section 361 provides that:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
>
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361; *see also* Collier on Bankruptcy ¶ 361.01 (16th ed. 2021) ("Section 361 describes three means by which adequate protection may be provided: (1) periodic payments; (2) additional or replacement liens; and (3) such other relief as will result in the realization of the "indubitable equivalent" of the entity's interest. These means are not mandatory, but are merely suggestions of means by which adequate protection may be provided. However, section 361(3) expressly provides that the grant of an administrative priority is not an acceptable means of providing adequate protection.").

1    Leasehold interests are entitled to adequate protection under section 363(e).  "Where it is

2   improbable that the lessee will receive any compensation for its interest from proceeds of the sale,

3   and it is difficult to value the lessee's unique property interest" courts have "concluded that

4   'adequate protection can be achieved only through continued possession of the leased premises.'".

5   *Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696, 711-12 (S.D.N.Y. 2014) (quoting *In re Haskell,*

6   *L.P.*, 321 B.R. 1, 10-11 (Bankr. D. Mass. 2005)).  Continued possession of the subject real property

7   is plainly the "indubitable equivalent" of leasehold interests entitled to adequate protection under

8   section 363(e).

9    The Ninth Circuit Court of Appeals has held that in a sale transaction under Bankruptcy

10  Code section 363, the ability of a debtor-in-possession to sell property "free and clear" under

11  section 363(f) trumps tenant "holdover" rights under section 365(h).  *See Spanish Peaks*, 872 F.3d

12  at 899.  However, the *Spanish Peaks* court expressly reasoned that tenants were able to protect their

13  interests through sections 361 and 363(e).  The court reasoned that:

14          [W]e note the mandatory language of section 363(e).  A bankruptcy
            court *must* provide adequate protection for an interest that will be
15          terminated by a sale if the holder of the interest requests it.
            Moreover, "adequate protection" includes any relief—other than
16          compensation as an administrative expense—that will "result in the
            realization by such entity of the indubitable equivalent" of the
17          terminated interest…In *Dishi & Sons*, the district court concluded
            that adequate protection could take the form of continued
18          possession…[W]e think it worth mentioning that the broad definition
            of adequate protection makes it a powerful check on potential abuses
19          of free-and-clear sales.

20  *See id*. at 899-900 (emphasis in original).  Here, Fleet Yards is entitled to adequate protection of its

21  leasehold interests and ROFR.  Fleet Yards has requested adequate protection, and section 363(e)

22  therefore mandates that it be provided.  *See id*. ("A bankruptcy court *must* provide adequate

23  protection for an interest that will be terminated by a sale if the holder of the interest requests it.")

24  (emphasis in original).  Continued possession of the Property consistent with the terms of the Fleet

25  Yards Lease would plainly constitute the indubitable equivalent of Fleet Yards' leasehold interest—

26  and would be Fleet Yards' preferred means of adequate protection.

27

28

BUCHALTER
A Professional Corporation
Irvine

1        Fleet Yards' ROFR is also entitled to adequate protection, and the Court should therefore

2 decline to approve the Sale Motion and order the Debtor to comply with the terms of the ROFR.

3 **V.**    **CONCLUSION**

4        For the reasons set forth in this Preliminary Objection the Court should deny the Sale Motion.

5

6   DATED: December 6, 2021              BUCHALTER
                                    A Professional Corporation

7

8                                 By:    */s/ Jeffrey K. Garfinkle*
                                     JEFFREY K. GARFINKLE

9                                      JULIAN I. GURULE
                                  Attorneys for Fleet Yards, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
BUCHALTER, 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): **FLEET YARDS, INC.'S (I) PRELIMINARY OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING SALE OF THE REAL PROPERTY AND (II) REQUEST FOR ADEQUATE PROTECTION PURSUANT TO SECTION 363(E)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/6/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/6/2021_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Debtor:<br>Jong Uk Byun<br>8201 Santa Fe Ave.<br>Huntington Park, CA 90255 | United States Trustee (LA)<br>Attn: Kelly L. Morrison<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017 | Hon. Vincent P. Zurzolo<br>U.S. Bankruptcy Court<br>Roybal Fed. Bldg.<br>255 E. Temple St., Ste. 1360<br>Los Angeles, CA 90012 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/6/2021 | Shirlene Martin | */s/ Shirlene Martin* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Katrina M Brown    kbrown@pskbfirm.com
- Shirley Cho    scho@pszjlaw.com
- Theron S Covey    theronscovey@hotmail.com, sferry@raslg.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- Hal D Goldflam    hgoldflam@frandzel.com, dmoore@frandzel.com
- Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
- Carrie V Hardman    chardman@winston.com
- M. Jonathan Hayes    jhayes@rhmfirm.com,
  roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david
  @rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com;
- Richard Holm    rholm@omm.com, richard-holm-1054@ecf.pacerpro.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
- Evan M Jones    ejones@omm.com, evan-jones-5677@ecf.pacerpro.com
- Michael T Leary    MTLeary@winston.com, ecf_sf@winston.com;mike-leary-
  2899@ecf.pacerpro.com;pacercourtfile@winston.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-
  law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Daniel E Park    dpark@parksylvalaw.com
- Valerie Smith    claims@recoverycorp.com
- Derrick Talerico    dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Roye Zur    rzur@elkinskalt.com, cavila@elkinskalt.com;myuen@elkinskalt.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.