| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Scott B. Cohen, State Bar No. 171941**<br>**Engelman Berger, P.C.**<br>**2800 N Central Ave #1200**<br>**Phoenix AZ 85004**<br>**Telephone: (602) 222-4960**<br>**Fax: (602) 222-4999** | |
| ☐ Individual *appearing without an attorney*<br>☒ *Attorney for:* **8201 Santa Fe (CA), LLC** | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>  **Jong Uk Byun,**<br><br><br><br><br><br>                                                   Debtor(s) | CASE NO.: 2:20-bk-17433-VZ |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING AND APPROVING THE SALE OF THE REAL PROPERTY COMMONLY KNOWN AS 8201 SANTA FE AVENUE, HUNTINGTON PARK, CA 90255,** *etc.*<br><br>**Related Dkt #379, 399, 403, 404** |

PLEASE TAKE NOTE that the order titled **[PROPOSED] ORDER FOR SALE OF 8201 SANTA FE AVENUE, HUNTINGTON PARK, CA** was lodged on (*date*) **December 21, 2021** and is attached.  This order relates to the motion which is docket number 379.

{0006309.0001/01296460.DOCX / }This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 2800 North Central Avenue, Suite 1200, Phoenix, AZ 85004.

A true and correct copy of the foregoing document entitled **NOTICE OF QUALIFIED BID BY 8201 SANTA FE (CA), LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 21, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katrina M Brown on behalf of Creditor QuarterSpot, Inc.
kbrown@pskbfirm.com

Shirley Cho on behalf of Creditor Toni Ko
scho@pszjlaw.com

Shirley Cho on behalf of Interested Party Courtesy NEF
scho@pszjlaw.com

Theron S Covey on behalf of Creditor Deutsche Bank National Company
theronscovey@hotmail.com, sferry@raslg.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Jeffrey Garfinkle on behalf of Creditor Fleet Yards, Inc.
jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com

Robert P Goe on behalf of Interested Party Robert P Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Hal D Goldflam on behalf of Interested Party Courtesy NEF
hgoldflam@frandzel.com, dmoore@frandzel.com

Michael S Greger on behalf of Interested Party Thor Acquisition West LLC
mgreger@allenmatkins.com, kpreston@allenmatkins.com

Julian I Gurule on behalf of Interested Party Courtesy NEF
jgurule@buchalter.com, smartin@buchalter.com;docket@buchalter.com

Carrie V Hardman on behalf of Interested Party Alere Property Group LLC
chardman@winston.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Richard Holm on behalf of Creditor Hyundai Steel Company
rholm@omm.com, richard-holm-1054@ecf.pacerpro.com

{0006309.0001/01296460.DOCX / }This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 2

William W Huckins on behalf of Interested Party Thor Acquisition West LLC
whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com

Evan M Jones on behalf of Creditor Hyundai Steel Company
ejones@omm.com, evan-jones-5677@ecf.pacerpro.com

Michael T Leary on behalf of Interested Party Alere Property Group LLC
MTLeary@winston.com, ecf_sf@winston.com;mike-leary-2899@ecf.pacerpro.com;pacercourtfile@winston.com

David W. Meadows on behalf of Creditor M&A Equities, LLC
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor Packo Investments, Inc., Allen Park, Mohamed Sanfaz, and The BAE Family Trust
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor Packo Investments, Inc., et al
david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Giovanni Orantes on behalf of Debtor Jong Uk Byun
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Daniel E Park on behalf of Attorney Daniel Eal Young Park
dpark@parksylvalaw.com

Daniel E Park on behalf of Creditor Daniel Eal Park Park
dpark@parksylvalaw.com

Daniel E Park on behalf of Creditor Joan Park
dpark@parksylvalaw.com

Daniel E Park on behalf of Creditor Jourdain DeWerd
dpark@parksylvalaw.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

Derrick Talerico on behalf of Interested Party Malka Investments, LLC
dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Roye Zur on behalf of Interested Party Courtesy NEF
rzur@elkinskalt.com, cavila@elkinskalt.com;myuen@elkinskalt.com

☐ Service information continued on attached page

{0006309.0001/01296460.DOCX / }This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 3

**2. SERVED BY UNITED STATES MAIL**:

On **December 22, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor:<br>Jong Uk Byun<br>8201 Santa Fe Ave.<br>Huntington Park, CA 90255 | United States Trustee (LA)<br>Attn: Kelly L. Morrison<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 | Hon. Vincent P. Zurzolo<br>U.S. Bankruptcy Court<br>Roybal Fed. Bldg.<br>255 E. Temple St., Ste. 1360<br>Los Angeles, CA 90012 |
|---|---|---|

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/21/2021 | Scott B. Cohen | /s/ Scott B. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

{0006309.0001/01296460.DOCX / }This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 4

Scott B. Cohen, State Bar No. 171941
sbc@eblawyers.com
Engelman Berger, P.C.
2800 N Central Ave #1200
Phoenix AZ 85004
Phone: 602-222-4960

*Attorneys for 8201 Santa Fe (CA), LLC*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:20-bk-17433-VZ |
| **Jong Uk Byun,** | Chapter 11 |
| Debtor and<br>Debtor-In-Possession. | **[PROPOSED] ORDER FOR SALE OF 8201 SANTA FE AVENUE, HUNTINGTON PARK, CA**<br><br>**Related Dkt #379, 399, 403, 404**<br><br>**HEARING HELD**<br>DATE:  December 9, 2021<br>TIME:  11:00 a.m.<br>CTRM:  1368<br>PLACE:  255 E. Temple Street<br>         Los Angeles, CA |

At the above-captioned time and place, this Court held a hearing to consider *Debtor's Notice of Motion and Motion for Order (1) Approving the Sale of the Real Property Commonly Known as 8201 Santa Fe Avenue, Huntington Park, CA 90255, Subject to Overbidding Procedures Pursuant to 11 U.S.C. § 363; (2) Authorizing that Such Sale be Free and Clear of Liens, Claims, Interests, and Encumbrances of any Nature Whatsoever Pursuant to 11 U.S.C. § 363; (3) Extinguishing Existing Lease; (4) Rejecting All Other Executory Contracts and Unexpired Leases; (5) Authorizing Payment Directly Out of Escrow of the Claim of Hyundai Steel Company, Escrow Costs, Brokers Fee and Liens Senior to the Liens of Hyundai Steel Company; (6) Finding that Successful Bidder is a Good Faith Successful Bidder Entitled to the*

*Protections of Section 363(M) of The Bankruptcy Code; (7) Waiving the Fourteen-Day Stay Provision of Bankruptcy Rule 6004; (8) Approving Compromise of Controversy With Hyundai Steel Company and Authorizing General Mutual Releases; and, (9) Granting Other Relief It Deems Just and Appropriate; Memorandum of Points and Authorities; and, Declarations in Support Thereof* [Dkt 379] (the "**Sale Motion**").

## I.    BACKGROUND.

1.    Prior to filing the Sale Motion, Debtor filed at Dkt 373 *Debtor's Notice of Motion and Motion for Order (1) Authorizing and Approving Sale Procedures for the Sale of Assets; (2) Authorizing and Approving the Break-Up Fee; (3) Approving Form and Manner of Notice of Auction and Sale Hearing; (4) Scheduling Hearing to Consider Approval of Real Estate Purchase and Sale Agreement; and (5) Granting Other Relief as the Court May Deem Appropriate* (the "**Bid Procedures Motion**").

2.    A hearing was held on the Bid Procedures Motion on November 30, 2021. At Dkt 404 the Court issued an Order (the "**Bid Procedures Order**") granting the Bid Procedures Motion and setting a hearing to consider the Sale Motion on December 9, 2021 at 11:00 A.M. (the "**Sale Hearing**").

3.    The Sale Motion requested, among other things, the following relief:

a.    The sale of the real property commonly known as 8201 Santa Fe Avenue, Huntington Park, CA 90255 ("**Property**") to a Successful Bidder,[1] for a total consideration of an amount not less than $31,000,000, free and clear of all claims, liens, security interests, charges, encumbrances, interests, leases, executory contracts and all other liabilities, including, without limitation, successor liabilities, pursuant to 11 U.S.C. § 363 (collectively, "**Liens and Encumbrances**"), if any, pursuant to 11 U.S.C. § 363(f), with the Liens and Encumbrances to attach to the net

---

[1]   Capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Sale Motion.

sale proceeds in the preexisting order of priority, validity, and extent (such sale hereinafter the "**Sale**");

  b.  Court approval of such sale, with appropriate findings, free and clear of the existing lease between the Debtor and its wholly owned corporation, Central Metal, Inc.(the "**CMI Lease**"), and the sub-lease between Central Metal, Inc. ("**CMI**") and sub-tenant Fleet Yards, Inc. ("**FY**");

  c.  A Court order authorizing rejection of all executory contracts and unexpired leases including the CMI Lease and, to the extent appropriate, the FY sublease;

  d.  Payment of the Debtor's major secured creditor, Hyundai Steel Company ("**Hyundai**"), after payment of the Broker's Fee and other costs, including, but not limited to, escrow charges, with all net proceeds from the sale of the Property, after paying directly out of escrow Hyundai, the ad valorem taxes senior in priority to Hyundai's claim, escrow charges, the Break-Up Fee and the Brokers' Fee, to be placed in the trust account of counsel for the Debtor, with all Liens and Encumbrances attaching to such funds to the same extent, validity, and priority they had as of the Petition Date or discharged as set forth herein;

  e.  Appropriate findings of the Court establishing: (i) the good faith of the Debtor and the Successful Bidder in connection with the negotiation, execution, delivery, and consummation of the sale of the Property; and (ii) the arms-length nature of such negotiations and transactions, together with such other findings as are necessary to ensure that the Debtor and the Successful Bidder are each entitled to the protection afforded by 11 U.S.C. § 363(m), and that the transaction is not subject to avoidance or other recovery under 11 U.S.C. § 363(n), for example, in each case with respect to all transactions approved in such Order;

  f.  Authorizing the Debtor to execute any documents and take all actions necessary or appropriate to effectuate the sale;

g.      Waiving the fourteen (14) day stay of order provided in Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure;

h.      Pursuant to Bankruptcy Rule 9019, approving compromise of claims with Hyundai and authorizing general mutual releases;

i.      Reserving exclusive jurisdiction to this Court to enforce the terms of, and/or resolve any disputes related to the sale.

4.      The *Notice of Sale of Estate Property* filed at Dkt 375 (and corrected at Dkt 403) set November 25, 2021, as the last day for objections to the Sale Motion, which date was at least 7 days after the date the Sale Motion was filed and served, in accordance with Rule 9006(d).

5.      Notice of the Bid Procedures Order, Sale Motion, objection deadline, and Sale Hearing was provided to, *inter alia*, secured creditors, CMI as the other party to the CMI Lease of which rejection is sought, and prospective buyers, including FY.

6.      On November 24, 2021, secured creditor Packo Investments, et al. filed the only timely objection to the Sale Motion at Dkt 386. On November 27, 2021, secured creditor Toni Ko filed a statement and reservation of rights at Dkt 392.  And on December 6, 2021, FY filed an objection at Dkt 412 (the "**FY Objection**" and together with Packo objection and Ko statement, the "**Objections**").  The matters were fully briefed, and the Sale Hearing was held as scheduled.

7.      In accordance with the *Supplemental Notice of Sale of Estate Property* filed with the Court on November 30, 2021, Dkt 399, the Sale Hearing included an auction of the Property with live bidding.

**THE COURT**, having considered the Sale Motion; the pleadings filed in support of, and in opposition to, the Sale Motion; the arguments of counsel; the record; and good cause appearing therefor hereby states and orders as follows:

## II.    FINDINGS.

**IT IS HEREBY FOUND AND CONCLUDED**, pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and the Court having made findings and conclusions on the record at the Sale Hearing, which findings and conclusions are incorporated as if set forth in full herein, and without limiting those, the Court makes the following additional findings and conclusions:

A.    The Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code") on August 14, 2020 (the "**Petition Date**"), commencing this chapter 11 case ("**Chapter 11 Case**").  The he Property, which includes the Real Property and Improvements (as defined in the *Amended and Restated Real Estate Purchase and Sale Agreement* attached to the Sale Motion, at p. 58), is property of the Debtor's bankruptcy estate and title to the Property is vested in the Debtor within the meaning of § 541(a) of the Bankruptcy Code.

B.    This Court has jurisdiction to hear and determine the Sale Motion and approve the Sale pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Chapter 11 Case and the Sale Motion are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The approval of the Sale is a core proceeding under 28 U.S.C. §§ 157(b) including (b)(2)(A), (M), (N) and (O).  The statutory predicates for the relief requested are Bankruptcy Code sections 363, 365, and 1146, and Bankruptcy Rules 2002, 6004, 6006, 9006, 9008, and 9014.

D.    The Debtor's efforts with respect to marketing the Property for sale were commercially-reasonable and sufficient for purposes of the Bankruptcy Code.

E.    The Debtor provided good and proper notice of the Bid Procedures Order, the Sale Motion and the relief requested therein, the deadline for objections thereto, and the Sale Hearing to all parties entitled to notice including all those that had expressed an interest in buying the Property; and such notice constitutes due and proper notice for purposes of Bankruptcy Code sections 363, and 365, and Bankruptcy Rules 2002, 6004, 6006, 9006, and 9014.

F.    All parties with a security, leasehold, or possessory interest in the Property, and all other parties in interest received sufficient opportunity to object to the Sale Motion, and otherwise received due process with respect to the Sale.

G.    CMI, as tenant under the CMI Lease to be rejected, received sufficient opportunity to object to the Sale Motion, and otherwise received due process with respect to rejection of the CMI Lease. CMI through the Debtor, who wholly owns CMI and is its CEO, consented to both the Sale and rejection of the CMI Lease on behalf of CMI, as stated in the Declaration of Debtor at Dkt 427, ¶8.

H.    The Debtor has complied with the Bid Procedures Order in all material respects.

I.    The Debtor may sell the Property  free and clear of the Liens and Encumbrances pursuant to 11 U.S.C. § 363(f) pursuant to the terms of this Order, and the Debtor has satisfied the burden to establish the foregoing with admissible evidence by preponderance of the evidence.

J.    For all the creditors and parties-in-interest who are entitled to protection under 11 U.S.C. § 363(f), the Debtor has established that Section 363(f) has been satisfied by consent or by way of bona fide dispute with regards to what would happen in a non-bankruptcy law context based on the relief provided in this Order. As to every creditor and party-in-interest to whom Section 363(f) of the Bankruptcy Code would apply or who is entitled to these protections, the Debtor has met these conditions.

K.    The Objection filed by Packo Investments, et al., was withdrawn in open court on the record by Mr. David Meadows, as counsel, and consistent with the Statement of Certain Secured Creditors, conditionally withdrawing the Objection, filed on December 6, 2021 (Dkt 411).

L.    Ms. Shirley Cho appeared on behalf of second-position lienholder Ms. Ko (who had filed the Statement and Reservation of Rights), and requested that all

1    objections be overruled, and urged that the Sale proceed subject to Ms. Ko's rights

2    to review the form of Sale Order.

3        M.    Argument was heard at the Sale Hearing on the FY Objection from FY,

4    Debtor, and Hyundai, after which the Court ruled that FY has only a sublease with

5    CMI and no lease or other contract with Debtor, has no interest in the Property or

6    any property of the estate, and is not entitled to post-Sale possession of the Property,

7    to assert any rights under § 365(h)(1)(A)(ii) or 365(h)(1)(B) or any other adequate

8    protection under sections 363(e) or 361 of the U.S. Bankruptcy Code.

9        N.    The Debtor demonstrated sound business justifications for the rejection

10    of the CMI Lease, and any other executory contracts and leases pursuant to U.S.

11    Bankruptcy Code section 365.

12        O.    The deadline for parties that wished to become a Qualified Bidder and

13    submit an overbid to acquire the Property was 12:00 p.m. Pacific time on

14    December 8, 2021.

15        P.    8201 Santa Fe (CA), LLC, a Nevada limited liability company

16    ("**Successful Bidder**"), timely and properly submitted its Bid, including the *Real*

17    *Estate Purchase and Sale Agreement* attached hereto as **Exhibit 1** (the "**Successful**

18    **PSA**") and was deemed a Qualified Bidder by the Debtor and Hyundai. The

19    Successful Bidder was a Qualified Bidder as defined in the Sale Motion, certain

20    Bidders having agreed to certain clarifications of their Bids to the extent and as set

21    forth in open court, which are fully binding upon them.

22        Q.    Thor Acquisition West LLC ("**Thor**") was a Qualified Bidder pursuant

23    to the Bid Procedures Order (at page 6) pursuant to the terms of that certain *Amended*

24    *and Restated Real Estate Purchase and Sale Agreement* attached hereto as **Exhibit**

25    **2** (the "**Stalking Horse PSA**").

26        R.    The Debtor and Hyundai also deemed ACI VI Santa Fe, LLC ("**ACI**"),

27    to be a Qualified Bidder.

28

S.    Pursuant to U.S. Bankruptcy Code § 363, the Auction of the Property was conducted at the Sale Hearing in open court and there was robust bidding between and among Thor, ACI, and the Successful Bidder.

T.    Successful Bidder was selected as the Successful Bidder as defined in and in accordance with the Bid Procedures Order.

U.    The Auction was fair in substance and procedure, and complied in all material respects with the Bid Procedures Order.

V.    The Debtor and Hyundai agreed and consented to such sale to the Successful Bidder.

W.    Consummation of the sale of the Property contemplated by the Successful Bidder's Bid, including the Successful PSA, will provide the highest and best value for the Property and is in the best interests of the Debtor and his estate.

X.    On April 19, 2017, Hyundai filed a judicial foreclosure action in the Superior Court of the State of California to collect on its notes, and when the Debtor and CMI attempted to offset their debt by filing a cross-complaint in the action, the Superior Court dismissed the cross-complaint with prejudice on February 5, 2018.

Y.    On February 11, 2021, the Court denied *Debtors' Motion for an Order Disallowing Claim Filed by Hyundai Steel Company* [Dkt 135] ("**Motion to Disallow Claim**"), except as to Hyundai's prepetition legal fees, and the amount thereof, totaling $2,010,439.61, and regarding which the Court provided Hyundai an opportunity to provide further supporting evidence [Dkt 209].   The Motion to Disallow Claim did not concern, nor did the Court consider, Hyundai's post-petition fees.

Z.    Hyundai's claim, as of December 3, 2021, stood at $28,251,433.26, plus such fees accruing after September 30, 2021, and interest accruing after November 30, 2021.

AA.    Concerning the settlement and compromise by and between the Debtor and Hyundai as set forth in Sale Motion Sections VII.A. and X, and filed on

December 3, 2021, as *Hyundai Steel Company and Debtor's Stipulation as to Settlement of Hyundai Steel Company's Claim* [Exhibit 1 of Dkt 409] (as filed, the "**Hyundai Compromise**"), there was no opposition, and no objections were raised.

BB.    Under the Hyundai Compromise, Hyundai accepted as settlement $24,000,000, subject to certain additional amounts in the event of overbids and interest as set forth in the Hyundai Compromise, which constituted a reduction in its claim in excess of $4,000,000.  Although the Hyundai Compromise provides that Hyundai's recovery would increase as a result of overbidding, Hyundai's payment under said compromise would never exceed Hyundai's claim.  The Court considered the Hyundai Compromise before any overbidding took place, and the Court's decision regarding approval of the Hyundai Compromise was determined on the basis of fairness both absent overbidding and in the event of possible overbidding.

CC.    The Hyundai Compromise is extremely fair and reasonable, and in the best interest of the Estate and it will create the opportunity for the best interest of every creditor or nearly every creditor to have some satisfaction out of this bankruptcy case.

DD.    To obtain approval of the Hyundai Compromise, the Debtor and Hyundai have met all of the factors in *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).

**III.    ORDERS.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.    All Objections to the Sale are overruled.

2.    The Sale Motion is hereby granted. The Sale of the Property to the Successful Bidder is approved in all respects as set forth herein and in the Successful PSA for the Purchase Price of $35,150,000.00.  *See* the legal description of the Property attached hereto as **Exhibit 3** and made a part hereof of by this reference.

3.    The Debtor is hereby authorized and directed to enter into (if it has not done so already), and to perform, all of its obligations under the Successful PSA, by

and among the Debtor and the Successful Bidder, and to take such actions as are necessary to effectuate the terms of the Successful PSA (in the form attached hereto as Exhibit 1), and consummate the Sale to the Successful Bidder without any further company authorization or order of this Court.

4.      With respect to title to certain portions of the Property being vested partially in Debtor's spouse Bok Soon Byun, or in Debtor as a married man, the Debtor shall deliver and record any deeds, disclaimers, and other documents necessary to vest fee interest title to the entire Property in Debtor alone as his sole and separate property, at least one business day prior to the Closing Date.

5.      Thor is hereby approved as Back-Up Bidder in all respects as set forth herein and in the Stalking Horse PSA for the Purchase Price of $35,050,000.00 (the "**Back-Up Bid**").  The Back-Up Bid shall be irrevocable until January 8, 2022, at 5:00 p.m. Pacific Standard Time at which time, Thor, in its sole and absolute discretion, may revoke the Back-Up Bid and receive the return of the Thor Deposit (as defined below)..

6.      The escrow (the "**Escrow**") for the Sale of the Property has been opened and shall be held at Royal Abstract National LLC, as agent for Chicago Title Insurance Company, Attn:  Martin Kravet (the "**Escrow Agent**").  The Escrow Agent shall keep the Debtor, the Successful Bidder, Thor, affected secured lienholders (Hyundai, Toni Ko, Packo Investments), and their respective counsel advised on a reasonable basis of the projected Closing Date, and prior to the projected Closing Date, shall provide a preliminary escrow closing statement to these parties and their counsel.  After the Closing, Escrow Agent shall provide a final escrow closing statement to the Debtor, the Successful Bidder and Hyundai, which closing statement shall comply in full with the terms and conditions of this Order.

7.      The Escrow Agent shall distribute proceeds of the Sale first, to payment of the Broker's Fee and other escrow costs set forth in the Successful PSA, including without limitation, escrow charges; second, to the real property taxes

asserted by County of Los Angeles, directly out of Escrow. Thereafter, the Escrow Agent shall be and hereby is authorized and directed to pay out of Escrow the following amounts at Closing from the Purchase Price via wire transfer instructions to be provided by the following secured creditors: (i) $26,075,000 to Hyundai, plus any interest that may be owed to Hyundai pursuant to paragraph 3.C. of the Hyundai Compromise; (ii) $1,307,126.91 to Toni Ko; and (iii) $3,187,777.78 to Packo Investments, Inc. The amounts set forth in (i), (ii), and (iii) are based on an estimated projected Closing Date of December 29, 2021 and shall be trued up if the Closing Date is earlier or later than the projected Closing Date.

8.    On the earlier to occur of the Closing Date with the Successful Bidder or January 10, 2022, the Escrow Agent shall pay to Thor the $2,000,000 (the "**Thor Deposit**") deposit Thor posted with the Escrow Agent pursuant to the Stalking Horse PSA, as defined in the Bid Procedures Order (at page 5), in compliance with the Bid Procedures Order, including paragraph K (at page8). For avoidance of doubt, any adequate protection liens, if any, in favor of Hyundai shall terminate as to the Thor Deposit upon its return to Thor.

9.    On the Closing Date with the Successful Bidder, the Escrow Agent shall pay to Thor from the proceeds of the Sale the Break-Up Fee in the amount of $775,000.

10.    Following the distributions set forth in Paragraphs 7-9 above, the Escrow Agent shall deposit any and all net proceeds from the sale of the Property into the Trust Account of counsel for the Debtor, and all remaining Liens and Encumbrances not otherwise discharged shall attach to such funds to the same extent, validity and priority they had as of the Petition Date.

11.    The CMI Lease and all other leases and executory contracts affecting the Property are rejected pursuant to Bankruptcy Code section 365.

12.    Pursuant to Bankruptcy Code sections 363(b) and 363(f), the Property shall be transferred to the Successful Bidder as of the Closing Date free and clear of

any liens, claims, encumbrances, or other interests of or asserted by any person, including without limitation, the leases and claims listed on **Exhibit 4** hereto of CMI, all other claims as defined in the U.S. Bankruptcy Code, deeds of trust, mortgages, pledges, any other leases, subleases, licenses, hypothecations, occupancy agreements of any kind or nature, loan agreements, instruments, conditional sale or other title retention agreements, mechanic's liens, offsets, judgments, demands, rights of recoupment, transfer taxes, adverse claims, claims of possession (including any rights or claims of possession held by any person or entity under section 365(h)(1)(A)(ii) of the Bankruptcy Code), restrictions on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, any option to purchase, options, charges, retention agreements which are intended as security, obligations, demands, guarantees, rights, contractual commitments, restrictions, rights of first refusal and any other matters of any kind or nature, and whether or not imposed by agreement, understanding, law, equity or otherwise, whether arising prior to, on, or subsequent to the Petition Date (collectively, the "**Liens and Claims**"), with all such Liens and Claims to be either unconditionally discharged as provided herein, or with all such other Liens and Claims to attach only to the proceeds of the Sale, as set forth in this Order, with the same priority, validity, force, and effect as they existed with respect to the Property before the Closing.

13.     In accordance with the Successful PSA, the Property shall be transferred to the Successful Bidder as of the Closing Date free and clear of (a) any tenancies, leases, subleases, rights of possession of any kind or nature (including, but not limited, rights under § 365(h)(1)(A)(ii) of the Bankruptcy Code), and parties in possession, including without limitation Debtor, CMI, and FY; and (b) all personal property of Debtor and any tenants and parties in possession; except that the 2 shear machines located on the Property may remain on the Property in the locations set forth in, and subject to the terms of, the License Agreement (as defined in the Successful PSA and a form of which is attached to the Successful PSA as Exhibit J).

14.     The sale and transfer of the Property to the Successful Bidder pursuant to the Successful PSA shall constitute a legal, valid, and effective transfer of the Property, and shall vest in the Successful Bidder all right, title, and interest of the Debtor and the Debtor's bankruptcy estate in and to the Property, free and clear of all Liens and Claims.

15.     At the Closing, the Successful Bidder is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute (a) conclusive evidence of the release of all Liens and Claims in the Property, (b) a judgment granting Successful Bidder sole possession of the Property and directing all parties in possession to vacate the Property (except with respect to rights granted in the License Agreement), and (c) a writ of possession.

16.     The Sale and other transactions contemplated by the Successful PSA are undertaken by the Debtor and Successful Bidder in "good faith," as that term is used in Bankruptcy Code section 363(m).  Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Successful Bidder, unless such authorization is duly stayed pending such appeal before the closing of the Sale.  8201 Santa Fe (CA), LLC, in its capacity as the Successful Bidder, is entitled to all of the protections afforded by Bankruptcy Code section 363(m).

17.     The Purchase Price of $35,150,000.00 paid by the Successful Bidder for the Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, and may not be avoided under Bankruptcy Code section 363(n).

18.     The Debtor and his agents are hereby authorized and directed to execute and deliver, and are empowered to perform under, consummate and implement, the Successful PSA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the

Successful PSA, and to take all further actions as may be requested by the Successful Bidder for the purpose of assigning, transferring, granting, conveying and conferring to the Successful Bidder, or reducing to possession, the Property, free and clear of all Liens and Claims subject to paragraph 10 of this Order, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Successful PSA.  For the avoidance of doubt, the authority and direction provided for herein includes the authorization and direction for the Debtor's agents, including Debtor's counsel, to enter into any and all documents reasonably necessary to implement the transfer of the Property to the Successful Bidder.

19.    Hyundai agrees to provide payoff amounts and wiring (or other payment) information to Escrow Agent in connection with any payment to be made to Hyundai as part of the Closing. Likewise, Toni Ko and Packo Investments, Inc. agree to provide payoff amounts and wiring (or other payment) information to Escrow Agent in connection with any payment to be made to them as part of the Closing.

20.    The Successful PSA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate, the Property, or the Debtor's Plan of Reorganization.

21.    As permitted by Bankruptcy Rules 6004(h), 6006(d), and 7062, this Order shall <u>not</u> be stayed for fourteen (14) days after entry.  Instead, this Order shall be effective and enforceable immediately upon entry, and any actions taken pursuant thereto shall survive entry of and shall govern with respect to any conflict with any order that may be entered confirming the Debtor's Plan of Reorganization, dismissing the Debtor's bankruptcy case, or converting the Chapter 11 case to one under Chapter 7.

22.     This Court retains jurisdiction to enforce and implement the terms and conditions of the Successful PSA, all amendments thereto, any waivers or consents thereunder and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to interpret, implement, and enforce the provisions of the Successful PSA and this Order.

23.     The terms and provisions of the Successful PSA and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, the Estate, and all creditors, together with their respective affiliates, successors, designees, and assigns; as well as any affected third parties (including all persons asserting Liens and Claims against the Property), notwithstanding any subsequent appointment of any trustee or trustees, against whom the Successful PSA and this Order likewise shall be binding.

24.     The omission in this Order of specific reference to any particular provision of the Successful PSA shall not impair or diminish the effectiveness, propriety, or approval of such provision, it being the intent of the Court that the Successful PSA be authorized and approved in its entirety.

25.     As of the Closing Date, all of the Property shall be transferred to and vested in the Successful Bidder pursuant to the terms of the Successful PSA.  Upon the Closing Date, this Order shall be considered and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Property to the Successful Bidder and a bill of sale or assignment transferring good, marketable, and indefeasible title in and to the Property to the Successful Bidder free and clear of all Liens and Claims subject to paragraph 10 of this Order.

26.     On the Closing Date, Hyundai and each creditor of the Debtor are authorized to execute such documents and take all other actions as may be necessary to release their respective Liens and Claims against or in the Property, if any, as such Liens and Claims may have been recorded or may otherwise exist, including without

limitation releases of deeds of trust, and terminations of financing statements and trustee's sales, subject to the terms of this Order.

27.    In accordance with Bankruptcy Code section 1146(c), the making delivery, filing, or recording of any mortgages, deeds of trust, leasehold mortgages, leases (whether recorded or unrecorded) and/or the various instruments and documents of transfer as specified in this Order, or in the Successful PSA (collectively, "**Instruments of Transfer**"), are hereby exempt from taxation under any law imposing a recording tax, stamp tax, transfer tax, or any similar tax.  The appropriate state or local government officers are hereby directed to accept for filing or recording all Instruments of Transfer or other documents of transfer to be filed and recorded in accordance with this Order, without payment of any such tax or government assessment, and without the presentation of any affidavits, instruments, or returns otherwise required for recording other than this Order.  The Bankruptcy Court retains jurisdiction to enforce the foregoing direction by contempt proceedings or otherwise.

28.    The provisions of this Order authorizing the Sale of the Property free and clear of Liens and Claims (with such Liens and Claims discharged as set forth in this Order or to attach to the proceeds of the sale of the Property as set forth in this Order) shall be self-executing, and neither the Debtor, Hyundai, nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the PSA or otherwise applicable non-bankruptcy law. Without in any way limiting the foregoing, after the delivery of the Purchase Price to the Escrow Agent, the Close of the Escrow, and payment in full is made to Hyundai pursuant to the terms of the Hyundai Compromise, Hyundai is empowered to execute and file releases, termination statements, assignments, consents, cancellations or

other instruments to effectuate, consummate and/or implement the provisions hereof with respect to the Sale. Likewise, without in any way limiting the foregoing, after the delivery of the Purchase Price to the Escrow Agent, the Close of the Escrow, and payment in full is made to Toni Ko and Packo Investments, Inc. pursuant to the terms of this Order, Toni Ko and Packo Investments, Inc. are empowered to and will execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to the Sale.

29.    The Hyundai Compromise is hereby approved.

30.    The provisions of this Order are nonseverable and mutually dependent.

31.    The Back-Up Bid on the terms set forth in the Stalking Horse PSA (subject only to a modification of the Purchase Price to $35,050,000.00) is approved in its entirety.  In the event that 8201 Santa Fe (CA), LLC, a Nevada limited liability company, cannot or refuses to consummate the Sale because of a breach or failure on its part under the Successful PSA, Thor shall be deemed the new Successful Bidder under the term of the Stalking Horse PSA and Thor shall be entitled to all the benefits and protections of this Order, including, but not limited to, the Court's finding that the Successful Bidder was a good faith purchaser under § 363(m) of the Bankruptcy Code, and the Debtor shall be authorized, but not directed, to close and take all actions necessary to close, with Thor on the terms of the Back-Up Bid without further order of this Court, and, in such case, every reference to the "Successful Bidder" in this Order shall be deemed to be to Thor and every reference to the Successful PSA shall be deemed to be the Stalking Horse PSA attached hereto as **Exhibit 2**.  For avoidance of doubt, this Paragraph shall not modify Thor's rights to revoke its Back-Up Bid as set forth herein and in the Bid Procedures Order.

32.    The Court hereby reserves exclusive jurisdiction to enforce the terms of, and/or resolve any disputes related to, the sale of the Property.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Submitted By**:

/s/ Scott B. Cohen

SCOTT B. COHEN, ESQ.

Engelman Berger, P.C.

2800 North Central Avenue

Suite 1200

Phoenix, AZ 85004

Attorneys for 8201 Santa Fe (CA), LLC

**APPROVED AS TO FORM**

_____

GIOVANNI ORANTES, ESQ.

Orantes Law Firm, PC                    Dated:_____12/21/21_____

3435 Wilshire Blvd.

Suite 2920

Los Angeles, CA 90010

*Counsel to the Debtor*


_____

EVAN M. JONES, ESQ.

RICHARD HOLM, ESQ.              Dated:_____12/21/21_____

O'Melveny & Myers, LLP

400 S. Hope Street

Los Angeles, CA 90071

*Counsel to Hyundai Steel Company*


_____

SHIRLEY CHO, ESQ.

Pachulski Stang Ziehl & Jones, LLP    Dated:_____12/21/21_____

10100 Santa Monica Blvd.

13th Floor

Los Angeles, CA 90067

*Counsel to Toni Ko*


_____

DAVID W. MEADOWS, ESQ.          Dated:_____12/21/21_____

1801 Century Park East

Suite 1201

Los Angeles, CA 90067

*Counsel to Packo Investments, et al.*

1

2    _____          Dated: _____12/21/21_____
MICHAEL S. GREGER, ESQ.
3    Allen Matkins, LLP
1900 Main St., 5th Floor
4    Irvine, CA 92614
*Counsel for Thor Acquisition West LLC*
5

6    _____          Dated: _____12/21/21_____
JEFFREY GARFINKLE, ESQ.
7    Buchalter
18400 Von Karman Ave., Ste. 800
8    Irvine, CA 92612-0514
*Counsel for Fleet Yards, Inc.*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    Date: _____

24                                   _____
Hon. Vincent P. Zurzolo
25                                   United States Bankruptcy Judge

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

to Sale Order

## **Successful PSA**

1

# Exhibit 2

to Sale Order

**Stalking Horse PSA**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

to Sale Order

## **LEGAL DESCRIPTION OF LAND**

1

2

# Exhibit 4

3

to Sale Order

4

## **LIENS AND CLAIMS**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28