| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Scott B. Cohen, State Bar No. 171941**<br>**sbc@eblawyers.com**<br>**Engelman Berger, P.C.**<br>**2800 N Central Ave #1200**<br>**Phoenix AZ 85004**<br>**Phone: 602-222-4960**<br><br>☒ *Attorney for 8201 Santa Fe (CA), LLC*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>**JONG UK BYUN,**<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:20-bk-17433-VZ<br>CHAPTER: **11**<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**<br><br>**[PROPOSED] STIPULATED ORDER IN AID OF IMPLEMENTATION OF SALE ORDER (Docket No. 379)** |
|---|---|

PLEASE TAKE NOTE that the order titled **[PROPOSED] Stipulated Order In Aid of Implementation of Sale Order (Docket No. 379)** was lodged on (date) **12/31/2021** and is attached. This order relates to the motion which is docket number **379.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                Page 1                                       F 9021-1.2.BK.NOTICE.LODGMENT

# ATTACHMENT

Scott B. Cohen, State Bar No. 171941
sbc@eblawyers.com
Engelman Berger, P.C.
2800 N Central Ave #1200
Phoenix AZ 85004
Phone: 602-222-4960

*Attorneys for 8201 Santa Fe (CA), LLC*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**Jong Uk Byun,**<br><br>　　　　　　　Debtor. | Case No. 2:20-bk-17433-VZ<br><br>Chapter 11<br><br>**[PROPOSED] Stipulated Order In Aid of Implementation of Sale Order**<br><br>**Related Dkt #446** |

This Stipulation is entered into between and among Debtor, 8201 Santa Fe (CA) LLC ("Successful Bidder"), and party in possession Fleet Yards, Inc. ("FY" collectively with the Debtor, and the Successful Bidder, the "Parties"). Secured creditor Hyundai Steel Company ("Hyundai") has also had an opportunity to review and comment on this Stipulation, and executes below as having no objection. The Parties stipulate and agree as follows:

On December 22, 2021, the Court entered that certain *Order Granting Motion for Sale of 8201 Santa Fe Avenue, Huntington Park, CA* at docket #446 (the "Sale Order") authorizing Debtor's sale of the said property (the "Property") to the Successful Bidder. Prior to the Sale Order's entry, the Property was leased to Central Metals Inc. ("CMI"), and subleased by CMI to FY pursuant to that certain Commercial Lease Agreement dated August 21, 2020, as amended with the most current Addendum in effect being Addendum #5 (collectively the "Sublease"). The

{0006309.0001/01299170.DOCX / }

Sale Order effected a rejection of the lease between Debtor and CMI, thereby rejecting the Sublease. *See* Sale Order §11.

At the hearing preceding the entry of Sale Order, FY availed itself of the Court's jurisdiction and sought adequate protection of its interests, specifically continued possession of the Property, which was denied. *See* Sale Order §M.

The Sale Order requires the Debtor to transfer the Property "to the Successful Bidder as of the Closing Date free and clear of (a) any tenancies, subleases, rights of possession . . . parties in possession including without limitation Debtor, CMI, and FY; and (b) all personal property of Debtor and any tenants and parties in possession" except with respect to the License Agreement allowing Debtor to store 2 shear machines. Sale Order §13.

As of the date hereof (the "Effective Date"), FY has not begun to vacate the Property, and Debtor is unable to meet its obligation to timely convey vacant possession of the Property to Successful Bidder.

There is a dispute over whether delivery of vacant possession is a condition of closing, and whether the Successful PSA (defined §P of the Sale Order) has an outside closing date in December 2021.

As the latter disputes only came to light this week, the Parties did not have time to seek the Court's clarification.

In order to avoid costly and protracted litigation over the dispute, Successful Bidder agreed to close on its purchase of the Property on or about December 30, 2021, and provide additional time to empty the Property, in reliance upon the safeguards and terms set forth herein. But for this concession (and others), the sale may have cratered. Accordingly, the Parties agree that the terms and conditions set forth herein are necessary to facilitate and implement the closing approved in the Sale Order. The below provisions are supplemental to the Sale Order and shall not abrogate any provision of the Sale Order.

{0006309.0001/01299170.DOCX / }

1. FY shall and is ordered to vacate the Property including removal of all of its shipping containers, other property, and debris (collectively "Vacate") as soon as possible, but in any case no later than February 28, 2022 (the "Vacate Date" and the period between the Effective Date and the Vacate Date is the "Possession Period").

2. FY's continued possession shall be subject to substantially the same terms as set forth in the Sublease other than rent and term, including without limitation terms regarding complying with all laws, the definition of the leased premises, parking, alterations, maintenance, hazardous materials, insurance, and obligations upon vacating the premises. Within 5 business days after the Effective Date, FY shall provide to Successful Bidder a certificate of insurance naming Successful Bidder as an additional insured, with limits of at least $1 million per occurrence and $2 million aggregate. FY shall have no leasehold rights, and no right whatsoever to sublet or encumber the Property and any attempt to do so shall be void.

3. As of the Effective Date, FY shall remit to Successful Bidder or to Royal Abstract National LLC ("Escrow Agent") as escrow agent the amount $200,000 (the "FY Deposit") to be held in escrow to guarantee FY's obligation to timely Vacate. If FY has not Vacated by the Vacate Date, Successful Bidder shall provide written notice of such failure to FY and, if applicable, to Escrow Agent, and the FY Deposit shall be retained or remitted to Successful Bidder, as applicable, and shall be fully earned by Successful Bidder as of March 1, 2022. If FY has Vacated by the Vacate Date, the FY Deposit shall be fully returned to FY no later than five business days following the date that FY Vacates and provides written notice thereof to Successful Bidder, and if applicable, Escrow Agent.

4. As of the Effective Date, FY shall pay to Successful Bidder $100,000 as rent for the first 30 days of the Possession Period, which amount shall be fully earned upon receipt.

{0006309.0001/01299170.DOCX / }

5.    If FY has Vacated by such 30th day of the Possession Period, no further rent shall be owed. If FY has not Vacated by such 30th day, FY shall remit to Successful Bidder $74,826 as rent for the remainder of the Possession Period, which amount shall be fully earned upon receipt; provided, however, that with respect to the rent amount set forth in this paragraph 5, in the event that FY Vacates between the 31st and the last day of the Possession Period,, FY shall be entitled to a pro rata refund from Successful Bidder of the pre-paid rent for each day of the monthly period following the date that FY Vacates.

6.    If FY fails to Vacate by the Vacate Date, FY shall pay to Successful Bidder rent in the amount of $2,914 each day until FY has Vacated (in addition to all other amounts FY shall be liable for related to its failure to Vacate including without limitation the Reimbursable Costs). Each such rent payment shall be due and payable by 5:00pm PST each day beginning on March 1, 2022. All such rent that becomes due but is not timely paid shall be recoverable by Successful Bidder from the FY Deposit and the LOC upon demand.

7.    If FY fails to Vacate by the Vacate Date, Successful Bidder may seek action from the U.S. Marshal (defined below) to force FY to Vacate, and take any and all action to remove FY and its property from the Property allowed under the law (with all required notices to FY to be deemed to have been given as of the Vacate Date) including without limitation selling or moving FY's property off the Property. All reasonable costs incurred by Successful Bidder arising from FY's failure to timely Vacate, including without limitation the cost to hire a company to move and store FY's property, and the cost to conduct a sale, the cost of any legal proceedings, together with carrying costs of the Property including without limitation $10,933 per month in property taxes for each month FY has not Vacated, are collectively the "Reimbursable Costs".

{0006309.0001/01299170.DOCX / }

8. Until the date on which FY Vacates, Debtor shall not be excused of any obligations under the Sale Order or the Successful PSA, including without limitation the obligation to deliver the Property free and clear of FY's property, none of which obligations shall be deemed waived as a result of Closing. If FY fails to Vacate by the Vacate Date, Debtor shall be liable to Successful Bidder for all Reimbursable Costs. Because the Reimbursable Costs arise from Debtor's obligation to deliver vacant possession of the Property, the Parties hereby stipulate and agree that Reimbursable Costs are an administrative expense of the estate under 11 U.S.C. §503, and shall not dispute any application to allow any Reimbursable Costs as an administrative expense, or to pay such Costs to Successful Bidder.

9. Pursuant to Local Bankruptcy Rule 7064-1, upon execution and entry of this Stipulation, this Stipulation shall constitute a writ pursuant to which the United States Marshals Service (collectively, the "U.S. Marshal") is authorized and directed to assist Successful Bidder to enforce the underlying order awarding possession upon request by Successful Bidder at any time after the Vacate Date.

10. The Successful Bidder and/or its authorized agent(s) will act as substitute custodian of any and all items of personal property seized pursuant to this Stipulation or order approving such Stipulation and the U.S. Marshal shall have no liability arising from any acts, incidents, or occurrences in connection with the seizure of the personal property located at the Property arising in the ordinary authorized scope of duties of the U.S. Marshal (which acts do not include acts arising from negligent or intentional tortious conduct), including any third-party claims and the U.S. Marshal shall be discharged of his or her duties and responsibilities for safekeeping of the seized goods.

11. The U.S. Marshal accomplishing such eviction or seizure shall use whatever reasonable force necessary to break open and enter the Property regardless of whether the premises or location is locked or unlocked, occupied or unoccupied,

{0006309.0001/01299170.DOCX / }

and to inspect the contents of any room, closet, cabinet, vehicle, container, desk, or documents.

12. Anyone interfering with the execution of this Stipulation is subject to arrest by law enforcement officials.

13. $200,000 of the Sale Proceeds (the "Holdback") shall be held back by Escrow Agent at Closing to serve as a reservoir to fund Debtor's obligation pay Successful Bidder for all Reimbursable Costs. If FY timely Vacates, the Holdback shall be released by Escrow Agent and paid according to the Sale Order and order of priority of creditors, or to Debtor, as applicable. The amount of the Holdback does not limit the amount of Reimbursable Costs for which Debtor remains liable, but Successful Bidder shall not seek reimbursement for any Reimbursable Costs that are covered by the FY Deposit or the LOC (defined below), or otherwise paid by FY For the avoidance of doubt, Successful Bidder shall not have a claim against Debtor for more than the amount of its Reimbursable Costs.

14. Nothing in this Stipulation shall alter or waive any claim the Debtor may have against FY or FY may have against Debtor.

15. Within 21 days after the Effective Date, FY shall provide a Letter of Credit from a reputable financial institution in favor of Successful Bidder in the amount of $1,000,000 to secure FY's obligation to timely Vacate (the "LOC"). The LOC shall provide that such lender shall reimburse Successful Bidder for all Reimbursable Costs within 5 days after receipt of evidence of the amount of such Costs. With respect to recovering Reimbursable Costs, Successful Bidder shall look first to the FY Deposit and the LOC for payment, and shall only seek reimbursement from the Holdback or otherwise from Debtor to the extent the Reimbursable Costs exceed the amount of the FY Deposit and the LOC combined, or to the extent the FY Deposit is not deemed earned by Successful Bidder (such as if a court of competent jurisdiction strikes it down as an unenforceable penalty), or if the LOC bank fails to

{0006309.0001/01299170.DOCX / }

timely remit funds. If FY Vacates by the Vacate Date, FY and the Successful Bidder agree that the LOC shall be promptly cancelled, and FY and the Successful Bidder agree to take all actions necessary to effectuate such prompt cancellation, including, without limitation, providing any required notices or direction to the LOC bank regarding the same.

16. The Parties knowingly and voluntarily consent to the entry of a final order and submit to the Court's jurisdiction with respect to all matters herein, and the Court shall retain jurisdiction over, all matters set forth herein, including without limitation any breach hereof, and removal of FY and its property from the Property.

17. The Parties entreat the Court to order this Stipulation, but in the event the Court does not do so, or rejects the Stipulation, FY and Successful Bidder agree that the obligations and rights set forth herein remain binding on them, and Debtor agrees that the obligations and rights set forth herein shall remain binding on Debtor to the extent allowed by applicable law.

18. FY represents and warrants to the Court and the Parties that it is the owner or leasehold owner of an electric fence and related equipment and a security system at the Property consisting of cameras and lighting (collectively the "FY-Owned Equipment"). The definition of "Vacate" shall include FY's removal of the FY-Owned Equipment unless FY and the Successful Bidder enter into an agreement at least 10 busines days prior to the Vacate Date pursuant to which Successful Bidder agrees to purchase the FY-Owned Equipment and assume any related leases and contracts.

Dated 12/31/2021

*[Signatures on the following page(s)]*

{0006309.0001/01299170.DOCX / }

|  |  |
|---|---|
|  | **Submitted By**:<br>SCOTT B. COHEN, ESQ.<br>Engelman Berger, P.C.<br>2800 North Central Avenue<br>Suite 1200<br>Phoenix, AZ 85004<br>*Attorneys for 8201 Santa Fe (CA), LLC*<br><br>Signature: /s/ S.B.C. |
| **APPROVED AS TO FORM:** |  |
| GIOVANNI ORANTES, ESQ.<br>Orantes Law Firm, PC<br>3435 Wilshire Blvd.<br>Suite 2920<br>Los Angeles, CA 90010<br>*Counsel to the Debtor* | Signature: _____<br><br>Dated: 12/30/2021 |
| JEFFREY GARFINKLE, ESQ.<br>Buchalter<br>18400 Von Karman Ave #800<br>Irvine CA 92612-0514<br>*Counsel for Fleet Yards, Inc.* | Signature: _____<br><br>Dated: 12/30/2021 |
| **NO OBJECTION AS TO FORM:** |  |
| EVAN M. JONES, ESQ.<br>RICHARD HOLM, ESQ.<br>O'Melveny & Myers, LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>*Counsel to Hyundai Steel Company* | Signature: _____<br><br>Dated: 12/30/2021 |

Date: _____

_____
Hon. Vincent P. Zurzolo
United States Bankruptcy Judge

**Submitted By**:
SCOTT B. COHEN, ESQ.
Engelman Berger, P.C.
2800 North Central Avenue
Suite 1200
Phoenix, AZ 85004
*Attorneys for 8201 Santa Fe (CA), LLC*

Signature: _____

**APPROVED AS TO FORM:**

GIOVANNI ORANTES, ESQ.
Orantes Law Firm, PC
3435 Wilshire Blvd.
Suite 2920
Los Angeles, CA 90010
*Counsel to the Debtor*

Signature: _____

Dated: 12/30/2021

JULIAN GURULE, ESQ.
Buchalter
1000 Wilshire Blvd
Los Angeles CA 90071
*Counsel for Fleet Yards, Inc.*

Signature: /s/ *(signed)*

Dated: 12/30/2021

**NO OBJECTION AS TO FORM**:

EVAN M. JONES, ESQ.
RICHARD HOLM, ESQ.
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
*Counsel to Hyundai Steel Company*

Signature: _____

Dated: 12/30/2021

Date: _____

_____
Hon. Vincent P. Zurzolo
United States Bankruptcy Judge

**Submitted By**:
SCOTT B. COHEN, ESQ.
Engelman Berger, P.C.
2800 North Central Avenue
Suite 1200
Phoenix, AZ 85004
*Attorneys for 8201 Santa Fe (CA), LLC*

*Signature:* _____

**APPROVED AS TO FORM:**

GIOVANNI ORANTES, ESQ.                 Signature: _____
Orantes Law Firm, PC
3435 Wilshire Blvd.                    Dated: 12/30/2021
Suite 2920
Los Angeles, CA 90010
*Counsel to the Debtor*

JULIAN GURULE, ESQ.                    Signature: _____
Buchalter
1000 Wilshire Blvd                     Dated: 12/30/2021
Los Angeles CA 90071
*Counsel for Fleet Yards, Inc.*

**NO OBJECTION AS TO FORM:**

EVAN M. JONES, ESQ.                    Signature: [signed]
RICHARD HOLM, ESQ.
O'Melveny & Myers, LLP                 Dated: 12/30/2021
400 S. Hope Street
Los Angeles, CA 90071
*Counsel to Hyundai Steel Company*

Date: _____
                                        _____
                                        Hon. Vincent P. Zurzolo
                                        United States Bankruptcy Judge

CONSENT OF PACKO INVESTMENTS INC.

Packo Investments Inc. ("Packo") holds the third-position secured interest in the Property, and the Sale Order (§28) contemplates paying Packo in full. Packo acknowledges that the Holdback and other issues that have arisen since the date of the Sale Order may reduce the amount paid to Packo at Closing. Packo consents to receiving less than a full payoff at Closing, approves of the Holdback and this Stipulation, and agrees to execute a release of its lien in connection with Closing even if it is not paid in full at Closing. Notwithstanding the foregoing, Packo's lien will still attach to the proceeds of Sale as set forth in the Sale Order.

December 31, 2021

David W. Meadows

DAVID MEADOWS, ESQ.
Law Offices of David Meadows
1801 Century Park East #1201
Los Angeles CA 90067
*Counsel to Packo Investments Inc.*

{0006309.0001/01299170.DOCX / }

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3435 Wilshire Blvd., Suite 2920**
**Los Angeles, CA 90010**

A true and correct copy of the foregoing document entitled (specify): **Notice of Lodgment of [PROPOSED] Stipulated Order In Aid of Implementation of Sale Order** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **December 31, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katrina M Brown on behalf of Creditor QuarterSpot, Inc.
kbrown@pskbfirm.com

Shirley Cho on behalf of Creditor Toni Ko
scho@pszjlaw.com

Shirley Cho on behalf of Interested Party Courtesy NEF
scho@pszjlaw.com

Scott B Cohen on behalf of Interested Party 8201 Santa Fe (CA), LLC
sbc@eblawyers.com, la@eblawyers.com

Theron S Covey on behalf of Creditor Deutsche Bank National Company
theronscovey@hotmail.com, sferry@raslg.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Jeffrey Garfinkle on behalf of Creditor Fleet Yards, Inc.
jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com

Robert P Goe on behalf of Interested Party Robert P Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Hal D Goldflam on behalf of Interested Party Courtesy NEF
hgoldflam@frandzel.com, dmoore@frandzel.com

Michael S Greger on behalf of Interested Party Thor Acquisition West LLC
mgreger@allenmatkins.com, kpreston@allenmatkins.com

Julian I Gurule on behalf of Interested Party Courtesy NEF
jgurule@buchalter.com, smartin@buchalter.com;docket@buchalter.com

Carrie V Hardman on behalf of Interested Party Alere Property Group LLC
chardman@winston.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Richard Holm on behalf of Creditor Hyundai Steel Company
rholm@omm.com, richard-holm-1054@ecf.pacerpro.com

William W Huckins on behalf of Interested Party Thor Acquisition West LLC
whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com

Evan M Jones on behalf of Creditor Hyundai Steel Company
ejones@omm.com, evan-jones-5677@ecf.pacerpro.com

Michael T Leary on behalf of Interested Party Alere Property Group LLC
MTLeary@winston.com, ecf_sf@winston.com;mike-leary-2899@ecf.pacerpro.com;pacercourtfile@winston.com

David W. Meadows on behalf of Creditor M&A Equities, LLC
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor Packo Investments, Inc., Allen Park, Mohamed Sanfaz, and The BAE Family Trust
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor Packo Investments, Inc., et al
david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Giovanni Orantes on behalf of Debtor Jong Uk Byun
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Daniel E Park on behalf of Attorney Daniel Eal Young Park
dpark@parksylvalaw.com

Daniel E Park on behalf of Creditor Daniel Eal Park Park
dpark@parksylvalaw.com

Daniel E Park on behalf of Creditor Joan Park
dpark@parksylvalaw.com

Daniel E Park on behalf of Creditor Jourdain DeWerd
dpark@parksylvalaw.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

Derrick Talerico on behalf of Interested Party Malka Investments, LLC
dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Roye Zur on behalf of Interested Party Courtesy NEF
rzur@elkinskalt.com, cavila@elkinskalt.com;myuen@elkinskalt.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On, **December 31, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Honorable Vincent P. Zurzolo
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 31, 2021 | Omar Amaya | /s/ Omar Amaya |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |