EVAN M. JONES (S.B. # 115827)
RICHARD HOLM (S.B. # 280688)
AISLING MURRAY (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:    (213) 430 6000
Facsimile:    (213) 430 6407

*Attorneys for Hyundai Steel Company*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JONG UK BYUN,<br><br>            Debtor. | Case No. 2:20-bk-17433-VZ<br><br>Chapter 11<br><br>**HYUNDAI STEEL COMPANY AND DEBTOR'S STIPULATION TO DISMISS WITH PREJUDICE PORTIONS OF THE DEBTOR'S MOTION TO CORRECT ORDER GRANTING MOTION FOR SALE OF 8201 SANTA FE AVENUE, HUNTINGTON PARK, CA (DOCKET NO. 446) AND EXHIBIT TO THE SALE ORDER (DOCKET NO. 443); SUPPORTING DECLARATIONS [DOCKET NOS. 453 AND 453-1] AND TO CEASE ALL EFFORTS TO COLLECT ADEQUATE PROTECTION PAYMENTS FOR DECEMBER 2021**<br><br>Date:   February 1, 2022<br>Time:  11:00 a.m.<br>Place:  Courtroom 1368<br>           255 E. Temple St.<br>           Los Angeles, CA 90012 |

## STIPULATION

This Stipulation (the "**Stipulation**") is entered into by and between Hyundai Steel Company ("**Hyundai**") through its counsel, O'Melveny & Myers, LLP, and the above-captioned Debtor and Debtor in Possession (the "**Debtor**") through his General Insolvency Counsel, The Orantes Law Firm (collectively, the "**Parties**").

## RECITALS

**WHEREAS** on June 18, 2021, the Court issued the *Order Granting Stipulation to Authorize Use of Cash Collateral* [Docket No. 291] (the "**Cash Collateral Order**").

**WHEREAS** on October 20, 2021, the Court issued the *Order Approving Amendment to Stipulation to Authorize Use of Cash Collateral [Doc. No. 286]* [Docket No. 364] (the "**Amendment Order**").

**WHEREAS** on December 3, 2021, the Parties entered into the *Hyundai Steel Company and Debtor's Stipulation as to Settlement of Hyundai Steel Company's Claim* [Exibit 1 of Docket No. 409] (the "**Hyundai Compromise**"), under which Debtor agreed to pay to Hyundai certain payments, including $24,000,000 from the proceeds of the Consummated Sale (as defined in the Hyundai Compromise), and a portion of the gross proceeds of the Consummated Sale in excess of $31,000,000, such portion to be determined according to a calculation specified in paragraph 3.B. of the Hyundai Compromise (such portion defined as the "**Additional Sum**").

**WHEREAS** on December 22, 2021, the Court issued the *Order Granting Motion for Sale of 8201 Santa Fe Avenue, Huntington Park, CA* [Docket No. 446] (the "**Sale Order**"), which among other things, approved the Hyundai Compromise, and provided that at Closing (as that term is used in the Sale Order), a sum certain of $26,075,000 (the "**Sum Certain**"), plus any interest that may be owed to Hyundai pursuant to paragraph 3.C. of the Hyundai Compromise, would be paid to Hyundai out of escrow via wire transfer.

**WHEREAS** after entry of the Sale Order the Debtor took the position in discussions with Hyundai that the Sum Certain set forth in the Sale Order was incorrectly calculated, and Hyundai disputed this contention.

**WHEREAS** at Closing on December 31, 2021, pursuant to the terms of the Sale Order and upon signature of the Debtor, the Sum Certain ($26,075,000) was paid to Hyundai out of escrow via wire transfer.

**WHEREAS** on January 5, 2021, the Debtor filed the *Notice of Motion and Motion to Correct Order Granting Motion for Sale of 8201 Santa Fe Avenue, Huntington Park, CA (Docket No. 446) and Exhibit to the Sale Order (Docket No. 443); Supporting Declarations* [Docket Nos. 453 and 453-1] (the "**Motion to Correct**"), in which the Debtor takes two positions: first, that the Sum Certain in the Sale Order was incorrect due to an error of calculation of the Additional Sum and that therefore Hyundai should be required to return certain funds to the Debtor, and second, that Nublock Partners was incorrectly identified as one of the Seller's brokers in an exhibit to the Sale Order and that therefore it should be removed from the exhibit.

**WHEREAS** Hyundai disputes the position taken by the Debtor in the Motion to Correct as to calculation of the Sum Certain and calculation of the Additional Sum.

**WHEREAS** Hyundai has taken the position that pursuant to the Cash Collateral Order and the Amendment Order the Debtor must pay adequate protection to Hyundai for December 2021.

**WHEREAS** the Debtor disputes the position taken by Hyundai that the Debtor must pay adequate protection to Hyundai for December 2021, and asserts that any such obligation was relieved by the Sale Order.

**WHEREAS** the Parties wish to resolve any and all remaining disputes between them, including the disputes regarding the Sum Certain and Additional Sum and the payment of adequate protection for December 2021, and wish to achieve finality of settlement of any and all such disputes.

### **AGREEMENT**

**NOW, THEREFORE**, in consideration of the foregoing, the Parties hereby stipulate as follows:

1.  The Motion to Correct is hereby dismissed with prejudice to the extent that it seeks any relief against Hyundai, including, without limitation, with regard to the Sum Certain and the

calculation of the Additional Sum; the Motion to Correct may proceed with regard to Nublock Partners being identified as one of the Seller's brokers in an exhibit to the Sale Order.

2. The Debtor agrees that the Sum Certain, which is stated in the Sale Order and which was paid to Hyundai on December 31, 2021, as settlement under the Sale Order and the Hyundai Compromise (specifically, $26,075,000), was the correct amount to be paid to Hyundai under both the Hyundai Compromise and the Sale Order, and further agrees to forever cease all efforts to correct, revise, or otherwise change this amount.

3. Hyundai agrees that the release in the Hyundai Compromise covers any and all remaining disputes between the Parties thereto relating to conduct prior to the date hereof, including, regarding adequate protection payments under the Cash Collateral Order and the Amendment Order for the month of December 2021, and further agrees to forever cease all efforts to collect any and all such amounts.

4. Except as specifically set forth in this Stipulation, the Hyundai Compromise and the mutual release pursuant thereto are not amended in any way and remain in full force and effect.

Dated:  January 11, 2022

O'MELVENY & MYERS LLP

By: /s/ Richard Holm
RICHARD HOLM

*Attorneys for Creditor*
*Hyundai Steel Company*

Dated:  January 11, 2022

ORANTES LAW FIRM, PC

By: /s/ Giovanni Orantes
GIOVANNI ORANTES

*Attorneys for Debtor*
*Jong Uk Byun*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 400 S. Hope Street, 18th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled:  HYUNDAI STEEL COMPANY AND DEBTOR'S STIPULATION TO DISMISS WITH PREJUDICE PORTIONS OF THE DEBTOR'S MOTION TO CORRECT ORDER GRANTING MOTION FOR SALE OF 8201 SANTA FE AVENUE, HUNTINGTON PARK, CA (DOCKET NO. 446) AND EXHIBIT TO THE SALE ORDER (DOCKET NO. 443); SUPPORTING DECLARATIONS [DOCKET NOS. 453 AND 453-1] AND TO CEASE ALL EFFORTS TO COLLECT ADEQUATE PROTECTION PAYMENTS FROM DECEMBER 2021 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 11, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See attached page**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/11/2022 | Richard Holm | /s/ Richard Holm |
|---|---|---|
| Date | Printed Name | Signature |

# ADDITIONAL SERVICE INFORMATION

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- **David W. Meadows** — david@davidwmeadows.com
  **(Interested Party Courtesy NEF)**

- **Kelly L. Morrison** — kelly.l.morrison@usdoj.gov
  **(On behalf of US Trustee (LA))**

- **Giovanni Orantes** — go@gobklaw.com, gorantes@orantes-law.com, cmh@gobklaw.com, gobklaw@gmail.com, go@ecf.inforuptcy.com, orantesgr89122@notify.bestcase.com
  **(Debtor's Counsel)**

- **Valerie Smith** — claims@recoverycorp.com
  **(Interested Party Courtesy NEF)**

- **U.S. Trustee (LA)** — ustpregion16.la.ecf@usdoj.gov

- **Theron S. Covey** — tcovey@rasflaw.com
  **(On behalf of Deutsche Bank National Company)**

- **M. Jonathan Hayes** — jhayes@rhmfirm.com
  **(Interested Party Courtesy NEF)**

- **Shirley S. Cho** — scho@pszjlaw.com
  **(Interested Party Courtesy NEF)**

- **Katrina M. Brown** — kbrown@pskbfirm.com
  **(On behalf of Creditor QuarterSpot, Inc.)**

- **Hal D. Goldflam** — hgoldflam@frandzel.com, dmoore@frandzel.com
  **(Interested Party Courtesy NEF)**

- **Oscar Estrada** — oestrada@tcc.lacounty.gov
  **(On behalf of Creditor LA County Treasurer and Tax Collector)**

- **Michael T. Leary, Carrie V. Hardman** — MTLeary@winston.com, ecf_sf@winston.com, mike-leary-2899@ecf.pacerpro.com, pacercourtilfe@winston.com, chardman@winston.com
  **(Interested Party Courtesy NEF)**

- **Robert P. Goe** — kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
  **(Interested Party Courtesy NEF)**

- **Daniel E. Park** — dpark@parksylvalaw.com
  **(On behalf of Creditors Daniel Park, Joan Park, and Jourdain DeWerd)**

- **Derrick Talerico** — dtalerico@ztlegal.com
  **(Interested Party Courtesy NEF)**

- **Michael S. Greger, William W. Huckins** — mgreger@allenmatkins.com, whuckins@allenmatkins.com
  **(Interested Party Courtesy NEF)**

- **Roye Zur**  
  **(Interested Party Courtesy NEF)**  
  **rzur@elkinskalt.com**

- **Julian I. Gurule**  
  **(Interested Party Courtesy NEF)**  
  **jgurule@buchalter.com**

- **Jeffrey K. Garfinkle**  
  **(Interested Party Courtesy NEF)**  
  **jgarfinkle@buchalter.com**

- **Scott B. Cohen**  
  **(Interested Party Courtesy NEF)**  
  **sbc@eblawyers.com**