Giovanni Orantes (SBN 190060)
THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd., Suite 2920
Los Angeles, California 90010
Telephone: (213) 389-4362
Facsimile: (877) 789-5776
Email:  go@gobklaw.com

General Insolvency Counsel for Debtor

David W. Meadows (CA Bar No. 137052)
**LAW OFFICES OF DAVID W. MEADOWS**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: 310-5578490
david@davidwmeadowslaw.com

Counsel to Secured Creditors Packo Investments,
Inc., Allen Park, Mohamed Sanfaz, and
The Bae Family Trust

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No.: 2:20-bk-17433-VZ |
| | ) |
| JONG UK BYUN, | ) Chapter 11 Case |
| | ) |
| Debtor and Debtor-in-Possession. | ) **NOTICE OF JOINT MOTION AND** |
| | ) **JOINT MOTION BY JUNIOR** |
| | ) **LIENHOLDERS AND DEBTOR TO** |
| | ) **DISMISS CHAPTER 11 CASE;** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES; SUPPORTING** |
| | ) **DECLARATIONS** |
| | ) |
| | ) Date:    April 19, 2022 |
| | ) Time:   11:00 A.M. |
| | ) Place:  Crtrm. 1368 |
| | )            255 E. Temple Street, |
| | )            Los Angeles, CA  90012 |
| | ) |

1

**TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that a hearing will be held at the above-referenced date, time, and location for the Court to consider this motion (the "Motion") filed jointly by David W. Meadows, counsel for Packo Investments ("Packo"), Allen Park ("Park"), The BAE Family Trust ("BAE Trust"), and Mohamed Sanfaz ("Sanfaz") (collectively, the "Junior Lienholders") and the above-referenced debtor and debtor in possession (the "Debtor") (together with the Junior Lienholders, the "Movants"), for an order (1) dismissing the Debtor's Chapter 11 bankruptcy case conditioned upon (a) the payment in full of all outstanding quarterly fees owed to the United States Trustee (the "OUST") in advance of the dismissal date, (b) the payment of reasonable and documented professional fees incurred by counsel to the Debtor upon request by an objecting party, and (c), authorization for payment and payment in fact of the amounts set forth below to the Debtor's secured creditors, in their order of priority, subject to provisions described in the Motion.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of the Debtor and others, including Gary Kuwada whose declaration is submitted without a voluminous exhibit, and is based on, *inter alia*, 11 U.S.C. §§ 105, 349, and 1112(b), Fed.R.Bankr.P. 2002, and Local Bankruptcy Rule ("LBR") 9013-1.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f), any opposition to this Motion must (1) be in writing and include all reasons and evidence in support of the opposition, (2) be filed at least fourteen (14) days prior to the hearing on this Motion, and (3) be served on the OUST, and counsel for the Debtor.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the Court may deem the failure of any party to file a timely opposition to this Motion to constitute consent to the granting of the Motion and the relief requested herein.

[REMAINDER OF THE PAGE LEFT INTENTIONALLY BLANK]

1    **WHEREFORE**, the Movants respectfully request that the Court enter an order:

2    (1)    granting the Motion in its entirety;

3    (2)    dismissing the Debtor's Chapter 11 bankruptcy case conditioned upon (a) the

4    payment in full of all outstanding quarterly fees owed to the United States Trustee (the "OUST")

5    in advance of the dismissal date, (b) the payment of reasonable and documented professional fees

6    incurred by counsel to the Debtor upon request by any objecting party, and (c), authorization for

7    payment and payment in fact of the amounts set forth below to the Debtor's secured creditors, in

8    their order of priority. subject to provisions described in the Motion.

9    (3)    affirming the post-dismissal effectiveness of all Bankruptcy Court orders;

10    (4)    providing that disbursements are to be made by the Debtor within 14 days after

11    entry of the Court's order approving this Motion and, if there is no appeal of such order, this case

12    is dismissed and the clerk of the Court should enter dismissal of the case after the Debtor files a

13    declaration that all disbursements have been made; and,

14    (5) granting such other and further relief as the Court deems just and proper.

15

16    Dated:  March 29, 2022                                    THE ORANTES LAW FIRM, P.C.

17

18                                                    By:    /s/ Giovanni Orantes
                                                            GIOVANNI ORANTES
19
                                                    Attorney for Debtor, Jong Uk Byun
20
     Dated:  March 29, 2022
21

22                                                    LAW OFFICES OF DAVID W. MEADOWS

23                                                    By:    *David W. Meadows*
24                                                            DAVID W. MEADOWS

25                                                    Attorney for Creditors, Packo Investments,
                                                    Inc., Allen Park, The Bae Family Trust, and
26                                                    Mohamed Sanfaz

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.    BACKGROUND.**

1.      The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 14, 2020 (the "Petition Date").

2.      Hyundai Steel Company's (**"Hyundai"**), as the senior lien holder first in title of the Debtor's real property commonly known as (1) 8201 Santa Fe Avenue, Huntington Park, CA (2) 1736 E. 24th Street, Los Angeles, CA, (3) 2203 South Alameda Street, Los Angeles, CA, and (4) 2445 South Alameda Street, Los Angeles, CA (**collectively, the "Los Angeles Properties"**) had a first priority interest of all rents generated by the Los Angeles Properties.

3.      On October 29, 2020, the Court granted Hyundai Motion for Relief from Stay, by the Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) (Docket No. 115) (the "**Stay Relief Order**"). Hyundai scheduled a foreclosure auction all of the Debtor's Los Angeles properties for 11:00 a.m. on October 21, 2021, behind the fountain located in Civic Center Plaza, 400 Civic Center Plaza, Pomona, California (the "**Foreclosure Auction**").

4.      On June 17, 2021, the Debtor and Hyundai entered into a Stipulation Authorizing the use of Cash Collateral for the purpose of obtaining an environmental assessment of the property known as 8201 Santa Fe Avenue, Huntington Park, CA, (**the "8201 Santa Fe Property"**) which the Court granted on June 18, 2021 by the Order Granting the Stipulation to Authorize use of Cash Collateral (Docket No. 291).

5.      On October 19, 2021, the Debtor and Hyundai entered into an amended Stipulation Authorizing the use of Cash Collateral (Docket No. 358) (**the "Amended Cash Collateral Stipulation"**), and in exchange for the continuance of the Foreclosure Auction to December 20201, the Debtor would pay to Hyundai all accumulated and future rent cash collateral from the

1

1  Los Angeles properties up to December 2021. On October 20, 2021, the Court entered that Order

2  Granting the Amended Cash Collateral Stipulation (Docket No. 366).

3        6.      On December 22, 2021, the Court issued the Order Granting Motion for Sale of

4  8201 Santa Fe Avenue, Huntington Park, CA (the "Property") (Docket No. 446) **(the "Sale**

5  **Order").**

6        7.      On December 31, 2021, pursuant to the terms of the Sale Order and upon signature

7  of the Debtor, the Sum Certain of $26,075,000 was paid to Hyundai, $1,307,793.57 was paid to

8  Toni Ko and $1,741,263.22 to Packo all out of escrow via wire transfer.

9        8.      On January 13, 2022, Packo received a second transfer from escrow in the amount

10  of $38,665.00.  With Hyundai's claim fully satisfied, the Junior Lienholders now have claim to

11  the remaining proceeds of the Sale Order and holders of deeds of trust with assignments of rents

12  have a claim on the rents generated from the remaining Los Angeles Properties as they are next

13  in line on title.

14        9.      However, the sale of the Santa Fe Property incurred United States Trustee quarterly

15  fees of $249,658.00 **(the "Quarterly Fee"),** which requires the Debtor to obtain permission or

16  authorization to use cash collateral, whether from remaining proceeds from the sale of the Santa

17  Fe Property or rents from the remaining parcels that are subject to rents provisions included in

18  deeds of trust held by consensual lien holders, in order to pay the Quarterly Fee.  (The Debtor's

19  non-rental income is de minimus.)

20        10.     On January 20, 2022, the Debtor filed that Motion For Order Releasing Funds Held

21  Back During Closing Of Sale Of The Real Property Commonly Known As 8201 Santa Fe Avenue,

22  Huntington Park, Ca 90255 Free And Clear Of Liens, Claims, Interests, And Encumbrances Of

23  Any Nature Whatsoever Pursuant To 11 U.S.C. § 363 (Docket No. 472) (the "**Release of Funds**

24  **Motion**") to use the holdback funds (the "**Holdbacks**") remaining from the sale of the Santa Fe

25  Property to pay the amount authorized to be paid to Packo pursuant the Sale Order.   The amount

26  stated in the Sale Order did not provide for the full and complete payment of Packo.  Specifically,

27  it omitted pre-petition legal fees (that had been approved as part of the Packo proof of claim) and

28  it omitted post-petition legal fees.  These fees included not only substantial efforts by Packo in

connection with the sale, both initial opposition to the sale and then in connection with efforts for it to close, but also substantial efforts following the closing of the sale.  For example, counsel to Packo provided the legal research and the drafting of the tax provisions included in the Release of Funds Motion.  Packo's counsel also has worked with the Debtor toward the development of this motion, including in its drafting.   Consequently, the "waterfall" presented below states an additional amount to be paid to Packo, which will be deemed full satisfaction of the Packo claim

11.    On January 27, 2022, Kelly L. Morrison, Esq. of the Office of the United States Trustee contacted the Debtor's counsel to advise of the Quarterly Fee owed of $249,658.00.

12.    On March 1, 2022, the Court granted the Release of Funds Motion.

13.    On March 8, 2022, the Court entered the order of the Release of Funds Motion.

14.    On March 9, 2022, as a result of the entered order on the Release of Funds Motion, Packo received a payment in the amount of $1,464,729.34.  Packo has a remaining secured claim estimated to be in the amount of approximately $150,000.  The balance of the Holdbacks was deposited, as ordered by the Court, in a trust account of Debtor's counsel.

15.    The remaining real estate assets of the estate ostensibly have a value of $15,000,000. However, as the Debtor attests in his attached Declaration of Jong Uk Byun, they have contaminated underground water, which has previously limited to a small fraction of that amount the purchase price at which the properties could even be sold so as to get a net amount sufficient to pay the remaining creditors after capital gains taxes.  By contrast, continuing to lease the properties and draw rent from them can result in payment to the remaining creditors, even if with monthly payments over a number of years.

**B.**    **THE JOINT MOTION FOR DISMISSAL OF THE CHAPTER 11 CASE.**

1.    The non-administrative claims bar date expired on December 22, 2020.

2.    At this time, the following proofs of claim have been settled, amended to $0, paid off, filed after the Bar Date or withdrawn:

| Creditor | Proof of Claim | Status | Amount Paid |
|---|---|---|---|
| Los Angeles County Treasurer and Tax Collector | 1 | On March 15, 2022, the Los Angeles County Treasurer and Tax Collector amended its proof of claim to update the claim amount after the sale of the 8201 Santa Fe Property from $1,373,521.04 to $453,592.48. Further, the attachments to the County's amended Proof of Claim state, "Tax defaulted in 2014 for unpaid taxes and now deemed 'subject to power to sell'. (Claim 1) | $1,373,521.04 |
| Los Angeles County Treasurer and Tax Collector | 2 | The Los Angeles County Treasurer and Tax Collector withdrew this proof of claim. | N/A |
| Internal Revenue Service | 7 | The Claim was amended by the Internal Revenue Service on November 30, 2020, to $0. | N/A |
| Quantum3 Group LLC as agent for GPCC I LLC | 8 | Claim was paid off by a third party on behalf of the Debtor. | $35.02 |
| Toni Ko (2nd position secured creditor) | 12 | The claim was paid off through escrow from the sale of the 8201 Santa Fe Property. | $1,741,263.22 |
| Packo Investments | 13 | The claim was substantially paid but not fully paid through escrow from the sale of the 8201 Santa Fe Property. Adjacent column shows the amount paid to Packo as of the date of this Motion. | $3,244,657.56 |
| M&A Equities, LLC | 14 | The claim was disallowed by entry of an Order Granting the Motion to Disallow the Claim (Docket No. 208) on February 11, 2021. | N/A |
| Hyundai Steel Company | 19 | The claim was paid off through escrow from the sale of the 8201 Santa Fe Property. | $26,075,000.00 |
| Marco Rivera | 21 | This claim was filed on October 7, 2021; after the Bar Date for claims on February 1, 2021. | N/A |
| **Total** | | | $32,434,476.84 |

3.  As a result, only the following proofs of claim are still not dealt with:

| Creditor | Proof of Claim No. | Status | Claim Amount |
|---|---|---|---|
| Los Angeles County Treasurer and Tax Collector | 1 | As above, the Los Angeles County Treasurer and Tax Collector amended its proof of claim on March 15, 2022 to update the claim amount after the sale | $453,592.48 |

| Creditor | Proof of Claim No. | Status | Claim Amount |
|---|---|---|---|
| | | of the 8201 Santa Fe Property from $1,373,521.04 to $453,592.48, and indicate that each of the Debtor's remaining parcels of property are subject to sale | |
| Wells Fargo Bank N.A., d/b/a Wells Fargo Auto | 3 | Secured by personal property only. | $15,351.27 |
| Packo | 13 | Secured; remaining portion | $150,000.00 |
| Southern Counties Oil, Co. | 4 | Secured | $14,213.24 |
| County Of San Bernardino | 5 | Unsecured. | $56,635.33 |
| State Compensation Insurance Fund | 13 | Unsecured. | $184,726.52 |
| Resnik Hayes Moradi LLP | 9 | Unsecured | $74,859.50 |
| Bank of Hope | 11 | Unsecured | $460,140.29 |
| BAE Family Trust | 15 | Secured | $1,517,633.33 |
| Mohamed Sanfaz | 16 | Secured on Santa Fe proceeds only | $465,488.43 |
| Allen Park | 17 | Secured | $144,777.78 |
| Kap Chan Chong | 18 | Secured | $97,773.38 |
| U.S. Small Business Administration | 20 | This claim was filed after the 12/22/20 Bar Date for claims on February 1, 2021 | $96,904.91 |
| Total | | | $3,582,096.46 |

A true and correct copy of the claims register in the Debtor's case is attached as **Exhibit "1"** to the Declaration of Giovanni Orantes appended hereto.

4.      In sum, out of $35,978,908.30 in total debts under the proofs of claim, the Debtor has paid 90.04% and only 9.96% remains owed while claims without proofs of claims are small.

5.      Pursuant to this Motion, the Movants jointly request that the Debtor's Chapter 11 case be dismissed after distributing the remaining net proceeds of the sale of the 8201 Santa Fe Avenue Property and paying out of cash collateral[1] the administrative claims of the U.S. Trustee and of counsel for the Debtor, who assiduously pursued the sale of the 8201 Santa Fe Avenue

---

[1]  The cash collateral consists of rents received from Central Metals, Inc., an affiliate of the Debtor, which is the principal tenant at the remaining parcels of property owned by the Debtor.   One parcel is leased to a transmission repair business.   The rents constitute cash collateral of those secured lenders that are secured by deeds of trust with assignment of rents provisions.

Property to the great benefit of the Debtor's entire bankruptcy estate. The above-defined Junior Lienholders consent to these payments from the Debtor's cash collateral, meaning the balance of funds held from the sale of the Santa Fe Property, and from the Debtor's rental income on its remaining properties.

6.    Based on the sale of the 8201 Santa Fe Avenue property, at present the Debtor has the following cash on hand and outstanding claims:

**Cash On Hand**

| | |
|---|---:|
| Balance of Net Sale Proceeds in Trust Account of Debtor's Counsel | $659,551.19 [2] |
| Debtor in Possession Accounts | $429,832.00 |
| **TOTAL** | **$1,089,383.19** |

**Disbursements as Soon as Practicable After Entry of Order Approving Motion to Dismiss but before Dismissal Date**

| | |
|---|---:|
| Less Estimated Debtor's Counsel Allowed Administrative Claim | $225,000.00 |
| Less Estimated United States Trustee Fees (assuming disbursement of Cash on Hand) | $258,373.07 |
| **SUB TOTAL** | **$483,373.07** |
| **TOTAL REMAINING BALANCE** | **$606,010.12** |

7.    The funds are to be distributed as set forth below with any amounts from additional rents or savings in previous categories to be distributed in the following order until each claimant is paid in full:[3]

| The remaining assets of the estate would be distributed as follows ("Waterfall"): | Amount Owed | Amount to be Paid | Remaining Claim | Running Cash Balance: |
|---|---|---|---|---|
| Packo Investments | $155,000.00 | $155,000.00 | $0 | $451,010.12 |
| Soo Yeong Kim, Yeon Shim Song | $50,000.00 | $50,000.00 | $0 | $401,010.12 |
| Southern Counties Oil, Inc. | $14,213.24 | $14,213.24 | $0 | $386,796.88 |
| BFS West, Inc. (Secured by UCC-1 Only) | $313,463.02 | $- | $313,463.02 | $386,796.88 |

---

[2] This amount will increase by the amount of additional rent received prior to entry of an order approving the Joint Motion. The Joint Motion requires that the Debtor receive all rents due from the Debtor's affiliate, Central Metal, Inc., coming due through the month in which the Court enters an order approving the Joint Motion, and that such rents be included in the Debtor in Possession Accounts and be disbursed according to the above Waterfall.

[3] In the event the payment to any party int the Waterfall is NOT cashed and does NOT clear within sixty (60) days of service by the Debtor, then the Debtor is authorized and directed to disburse such amount according to the Waterfall; namely, to the next priority secured creditor subject to provisions described in the Motion. In such event, the Debtor shall be authorized and directed to place a stop payment on such check for payment upon the lapse of the sixty (60) day period.

| The remaining assets of the estate would be distributed as follows ("Waterfall"): | Amount Owed | Amount to be Paid | Remaining Claim | Running Cash Balance: |
|---|---|---|---|---|
| Kap Chang Chong[4] | $120,175.13 | $120,175.13 | $0 | $266,621.75 |
| Allen Park | $172,666.67 | $172,666.67 | $0 | $93,955.08 |
| Complete Bus. Solutions (See  Sect. I.C.) | $346,534.96 | $93,955.08 | $252,579.88 | $0 |
| BAE Family Trust | $1,921,116.67 | $0 | $1,921,116.67 | **$0** |
| Mohammad Sanfaz (secured by Santa Fe Only) | $597,115.74 | $0 | $597,115.74 | $0 |
| Totals | | $606,010.12 | $3,084,275.31 | $0 |

8.     First, the Debtor has no foreseeable ability to pay the income and/or capital gain tax that will be due and payable on April 15, 2022 arising from the closing of the sale of the Santa Fe Property.  The income tax is estimated to be in excess of $8 million dollars.  That tax liability is an administrative priority liability.   The Debtor has no foreseeable ability to propose a chapter 11 plan that complies with Section 1129(a)(9)(A), namely, the payment of administrative priority claims in cash on the effective date of the plan.  Continuing the Chapter 11 process would only lead to further delay in paying the Debtor's creditors as well as added expense for the Debtor and the Estate. Significantly, the creditors secured by the 8201 Santa Fe Avenue Property (and by the remaining parcels) have the right to increase the amount of their claims by at least 10% per annum (for judgments), by default interest rates on consensual liens,plus other fees and expenses (including, possibly, attorneys' fees and costs). So, disbursing the remaining cash to such claimants as soon as possible will save the Debtor and his estate many thousands of dollars. Dismissal can accomplish this quickly while leaving creditors still able to negotiate with the Debtor or resort to collecting from his remaining assets (such as by recording judgments against him).

9.     Alternatively, if the Case were to be converted to Chapter 7, there will be substantial additional interest and fees on secured claims due to the passage of time, plus substantial additional Chapter 7 administrative expenses for a Chapter 7 trustee and the fees and expenses incurred by his or her professionals. However, because the estate owes substantial

---

[4] Any distribution does not waive any claim, defense or otherwise that the Debtor or its affiliates may have against this party.

amounts of capital gains taxes and would owe additional capital gains taxes if the remaining three real estate assets are sold because they were acquired at the same time as the already-sold 8201 Santa Fe Avenue Property and were last valued at $15,200,000 (without taking into account their actual environmental contamination) while the estate would owe total capital gains taxes of over $15,000,000, a Chapter 7 Trustee would be administering the assets only for the benefit of secured creditors or taxing authorities. More likely, a chapter 7 trustee would instead abandon the properties leaving only the amounts on hand with the Debtor to be administered, which will be owed totally to secured creditors, who by then will be owed greater amounts due to accruing interest, fees and expenses.

10.    By contrast, again, should the Motion be granted, the Debtor will continue to negotiate with his creditors post-dismissal to pay them out of the $78,990 monthly rents and may eventually be able to pay off his creditors in full through a refinancing of the properties if prospective lenders are given sufficient time to consider the environmental issues to feel comfortable to fund a loan. Most importantly, provided the Motion is granted, there will be no discharge of the Debtor whatsoever. All claimants, including local, state and federal taxing authorities, will be able to exercise any and all legal rights, unimpaired and unconstrained by the Bankruptcy Code. It is the Debtor's intent and hope that he will be able to negotiate long term payment plans with each of the tax authorities.

11.    For the abundance of clarity, except as established by entered orders of the Court and as otherwise stated in this Motion, all claims against the Debtor retain any and all rights against the Debtor as such claims and rights existed as of the Petition Date.

## C.    SPECIFIC DISBURSEMENT PROVISIONS APPLICABLE TO JUDGEMENT LIEN HOLDER COMPLETE BUSINESS SOLUTIONS, INC.

12.    Complete Business Solutions, Inc. ("CBSI") is the holder of a judgment lien against the Debtor. The judgment lien is a "Judgment Based on Sister-State Judgment", entered in the Superior Court of California, County of Los Angeles, on November 9, 2017. CBSI recorded its abstract of judgment on January 12, 2018. CBSI has not filed a proof of claim. Nor has CBSI participated in the Debtor's chapter 11 case by making an appearance. Nor did it do

1    so in the Debtor's prior case.  The Debtor consistently has served CBSI  at the address it listed

2    for the corporation on its recorded abstract of judgment and the corporate address listed on the

3    California Secretary of State website.   No items served on CBSI have been returned as

4    undeliverable except for two pieces of mail.  (See Declaration of Andrea Castro, attached hereto

5    and incorporated herein.)

6        13.    The Debtor has doubts that the payment set out in the Waterfall to CBSI in the

7    amount of $93,955.08 will be cashed (the "CBSI Amount" or the "CBSI Payment" or the "CBSI

8    Funds")[5].

9        14.    Consequently, the Movants request the following specific provisions be

10   applicable to CBSI:

11        a.  Concurrent with making the other requested disbursements, the Debtor will cause

12            the transfer of the CBSI Payment to CBSI, via an overnight delivery service, to its

13            last known agent for service of process.

14        b.  In the event the CBSI Payment check is NOT cashed and does NOT clear within

15            sixty (60) days of service by the Debtor, then the Debtor is authorized and directed

16            to disburse the CBSI Funds according to the Waterfall, namely, to the next priority

17            secured creditor subject to provisions described in the Motion.   In such event, the

18            Debtor shall be authorized and directed to place a stop payment on the CBSI

19            Payment upon the lapse of the sixty (60) day period.

20                                **III.**

21                        **LEGAL ARGUMENT**

22   A.    **THE    COURT    SHOULD    DISMISS    THE    DEBTOR'S    CHAPTER    11**

23         **BANKRUPTCY CASE.**

24        Governing Ninth Circuit authority states that "**unless dismissal will cause some plain**

25   **legal prejudice to creditors, it normally will be proper**." *In re Hall*, 15 B.R. 913, 917 (Bankr.

26   —————————————

27        [5]    The Waterfall payment to CBSI is complicated by the fact that CBSI has no rights to rents; its abstract
     of judgment entitles it only to proceeds of the property itself.   The Motion treats the Santa Fe sale proceeds balance
     and the rents as combined funds, as shown on the waterfall exhibit and in the Motion.   From the combined funds,
28   certain administrative priority expenses are being paid, and the balance distributed according to the priority but
     without regard to whether the creditor does or does not have an interest in the rents.

1   App. 9th Cir. 1981) (In the case of *In re Matter of International Inn Partnership, supra*, the 9th

2   Circuit Court of Appeals created a test for voluntary dismissals by holding that "unless dismissal

3   will cause some plain legal prejudice to the creditors, it normally will be proper." This Panel can

4   find no authority or changes in the Code which would command a change in the law under the

5   Act.). Accordingly, in *In re Hall*, the Court ruled that there <u>was</u> plain legal prejudice to creditors

6   because dismissing the case would allow the debtor to re-file after filing a homestead, which

7   would result in there being no unexempt assets to make a distribution to unsecured creditors. *In*

8   *re Hall*, 15 B.R. at 917 ("In the present case the objections to exemptions filed by the trustee, if

9   sustained, would provide a payment to unsecured creditors. If the debtor were to dismiss, file a

10  homestead and then file a new bankruptcy there would be no distribution to unsecured

11  creditors."). Such possibility does not exist here because Mr. Byun has claimed no homestead

12  exemption on his remaining real properties, which are all commercial and, therefore, his creditors

13  can collect from his assets once again outside of bankruptcy.

14      Bankruptcy Code Section 305 provides, in relevant part:

15          (a)  The court, after notice and a hearing, may dismiss a case under
            this title, or may suspend all proceedings in a case under this title,
16          at any time if –

17              (1) the **interests of creditors *and* the debtor would be
            better served by such dismissal** or suspension; …

18

19  11 U.S.C. § 305 (italics and bold added).

20

21      Section 1112 provides, in relevant part, as follows:

22          (b)(1) Except as provided in paragraph (2) and subsection (c), on
            request of a party in interest, and after notice and a hearing, the
23          court shall convert a case under this chapter to a case under chapter
            7 or dismiss a case under this chapter, whichever is in the **best
24          interests of creditors *and* the estate**, for cause unless the court
            determines that the appointment under section 1104(a) of a trustee
25          or an examiner is in the best interests of creditors and the estate.

26  11 U.S.C. § 1112(b) (italics and bold added).  Section 1112(b)(4) contains **16 examples** of what

27  constitutes "cause."    Notably, the 16 examples of "cause" for dismissal set forth in the

28

1    Bankruptcy Code generally relate to bad acts by a debtor.  This is not surprising because

2    dismissal is usually seen as the ultimate penalty when a debtor fails to proceed as required by the

3    Bankruptcy Code and Bankruptcy Rules.  *See In re Kimble*, 96 B.R. 305, 307 (Bankr. D. Mont.

4    1988).  The foregoing examples of "cause" for dismissal are not exclusive and "'[a] court may

5    consider other factors as they arise and may 'use its equitable powers to reach an appropriate

6    result in individual cases.'"  *In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D. Pa.

7    1991) (*quoting* S.Rep No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. &

8    Admin. News 5787, 5903); *see also* 11 U.S.C. § 102(3).

9        Once it is determined that "cause" exists, the Court must determine whether to convert

10   or dismiss the case based on what is in the best interests of creditors and the estate.  *In re Staff

11   Investment Co.*, 146 B.R. 256, 260 (Bankr. E.D. Cal. 1993); *In re Evans*, 2002 WL 33939733, 1

12   (Bankr. D. Idaho 2002).  This determination is committed to the Court's wide discretion. *Pioneer

13   Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities)*, 248

14   B.R. 368, 375 (9th Cir. BAP 2000); *Kimble*, 96 B.R. at 307.  **While a debtor's interests are not

15   specifically included in the best interests equation, they must be considered to the extent

16   the debtor's interests coincide with interests of the estate**.  *Staff*, 146 B.R. at 261.  In fact,

17   again, a "[d]ebtor's request [to dismiss its Chapter 11 bankruptcy case] should ordinarily be

18   granted unless some '**plain legal prejudice'** will result to the creditors.'"  *Kimble*, 96 B.R. at

19   907 (*quoting In re Geller*, 74 B.R. 685, 688-89 (Bankr. E.D. Pa. 1987) (*citing In re Hall*, 15 B.R.

20   913, 915-16 (9th Cir. BAP 1981); *see In re International Airport Inn Partnership*, 517 F.2d at

21   512 (9th Cir. 1975)).

22       Here, there is cause for dismissal of the Debtor's case because all of the reasons for having

23   filed Chapter 11 in the first place have been accomplished (*i.e.*, substantial payment of the largest

24   secured creditors through the organized sale of the Debtor's single largest real estate asset).   The

25   Debtor will attempt to negotiate with creditors as to the remaining debt  outside a bankruptcy

26   case, especially since secured and unsecured creditors have rents and the remaining three small

27   real estate assets to which to look for payment.   In addition, the taxing authorities are not

28   prejudiced by dismissal, and local, state and federal tax authorities are able to pursue all remedies,

1  without restraint by the automatic stay.  By contrast, because the bankruptcy estate owes over $8

2  million in capital gains taxes from the sale of the Santa Fe Property alone, and selling the

3  remaining real estate assets will also lead to additional millions io dollars in capital gains taxes,

4  no Chapter 7 Trustee is likely to administer them.   A conversion of the case would simply lead

5  to more delay and, quantifiably, more interest (at 10% for judgment creditors or contract rates

6  for consensual lien holders) , plus attorneys' fees and costs.   These would be in addition to the

7  costs and delay of Chapter 7 administration   Thus, dismissal, rather than conversion, is in the

8  best interests of creditors and the Estate.

9         To the extent that the Court might be concerned that the proposed dismissal constitutes a

10  structured settlement under  *Czyzewski v. Jevic Holding Corp.*, __ U.S. __, 137 S.Ct. 973 (2017),

11  197 L. Ed. 2d 398,  Movants respectfully submit that the treatment of creditors fully complies

12  with the "basic system of priority" established by the Bankruptcy Code.   *Id.* at 979.   The

13  distribution waterfall set out in this motion follows the order of priority of the secured creditors.

14  Notably, the funds are exhausted before reaching any payment to secured creditor Sanfaz, and

15  result in a payment of less than $100,000 to secured creditor, BAE Trust.  The BAE Trust will

16  still have a remaining secured claim of over $1,800,000.   There is no "skipping" of any creditors.

17  Further, with respect to the remaining proofs of claim filed by parties, they are junior in priority

18  to any other party who already received payment  and, importantly, the Debtor fully intends to

19  continue working with them to reach a consensual resolution of their claims.  *See Cty. of Ventura*

20  *Tax Collector v. Robert Brawders, Cheryl Brawders (In re Brawders)*, 325 B.R. 405, 416 (B.A.P.

21  9th Cir. 2005), *aff'd,* 503 F.3d 856 (9th Cir. 2007) (opining, in the context of a Chapter 13 case,

22  that "Unsecured claims invariably are affected by bankruptcy. In contrast, as we have noted, *in*

23  *rem* rights generally pass through bankruptcy unaffected. Therefore, unlike unsecured creditors,

24  secured creditors may ignore the bankruptcy proceedings and look to the lien for satisfaction of

25  the debt.").

26         Based on the foregoing, and because all creditors whose claims are not otherwise satisfied

27  or paid off will retain their claims and liens and/or lien rights against the Debtor either already

28  secured by his assets or capable of being made secured by his assets through judgments if the

1   Debtor and the respective creditors do not reach a resolution, the Movants submit that no further

2   purpose or benefit would be served by remaining in Chapter 11 or certainly not by converting

3   the Chapter 11 case to Chapter 7.  Remaining in bankruptcy would lead to further delay in paying

4   the Debtor's creditors as well as significant added expense for the Estate and the Debtor.  If the

5   Debtor's case is not dismissed and, instead, converted to Chapter 7, there will likely be additional

6   Chapter 7 administrative expenses for a Chapter 7 trustee and the fees and expenses incurred by

7   her professionals.

8         In consideration of the foregoing, the Movants respectfully submit that there is cause for

9   dismissal, and that dismissal is in the best interests of creditors and the Estate (of which the

10  debtor is a part) as well as the debtor.  Further, although cases have held that orders entered in a

11  bankruptcy case before its dismissal may survive dismissal even without clarification by the

12  Court as to the continuing effectiveness of such orders, s*ee In re Pavelich*, 229 B.R. 777 (9th Cir.

13  BAP 1999); *Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145 (9th Cir. 2000), the Movants

14  believe that it is preferable to obtain certainty by having the Court specifically order that all

15  Bankruptcy Court orders entered during the pendency of the case will survive dismissal.

16                                         **III.**

17                                     **CONCLUSION**

18        **WHEREFORE**, the Movants respectfully request that the Court enter an order:

19        (1)      granting the Motion in its entirety;

20        (2)      approving the provisions for disbursements and subsequent dismissal of the case

21  as set forth in the Motion, including dismissing the Debtor's Chapter 11 bankruptcy case

22  conditioned upon (a) the payment in full of all outstanding quarterly fees owed to the United

23  States Trustee  in advance of the dismissal date, (b) the payment of reasonable and documented

24  professional fees incurred by counsel to the Debtor upon request by any objecting party, and (c),

25  authorization for payment and directing such payment in fact of the amounts set forth in the

26  Motion's Waterfall.

27        (3)      affirming the post-dismissal effectiveness of all Bankruptcy Court orders;

28

1       (4)     providing that disbursements are to be made by the Debtor within 14 days after

2 entry of the Court's order approving this Motion and, if there is no appeal of such order, this case

3 is dismissed and the clerk of the Court should enter dismissal of the case after the Debtor files a

4 declaration that all disbursements have been made; and,

5       (5)     granting such other and further relief as the Court deems just and proper.

7 Dated: March 29, 2022            THE ORANTES LAW FIRM, P.C.

9                      By:    /s/ Giovanni Orantes

                               GIOVANNI ORANTES

11                     Attorney for Debtor, Jong Uk Byun

13 Dated:   March 29, 2022           LAW OFFICES OF DAVID W. MEADOWS

16                      By:    *David W. Meadows*

                            DAVID W. MEADOWS

18                     Attorney for Creditors, Packo Investments,
                     Inc., Allen Park, The BAE Family Trust, and

19                     Mohamed Sanfaz

## DECLARATION OF JONG UK BYUN

I, Jong Uk Byun, declare as follows:

1.      I am the debtor in above-captioned Chapter 11 case. I make this declaration in support of the "*Joint Motion By Junior Lienholders And Debtor To Dismiss Chapter 11 Case*" (the "Motion"). Each of the following facts is of my own knowledge, and if called upon and sworn as a witness, I could and would competently testify thereto.  All capitalized but undefined terms herein shall have the same meanings ascribed to them in the Motion.

2.      I believe that dismissal of the bankruptcy case would be in the best interest of creditors. I further believe that continuing the Chapter 11 process would only lead to further delay in paying creditors as well as added expense for the Estate.  Alternatively, if the Case were to be converted to Chapter 7, there will be substantial additional Chapter 7 administrative expenses for a Chapter 7 trustee and the fees and expenses incurred by her professionals.

3.      I am informed and believe that this is currently the amount of cash on hand available for disbursements:

**Cash On Hand**

| | |
|---|---|
| Balance of Net Sale Proceeds in Trust Account of Debtor's Counsel | $659,551.19 |
| Debtor in Possession Accounts | $429,832.00 |
| **TOTAL** | **$1,089,383.19** |

4.      I am aware that rents collected during the month in which the order approving dismissal is entered continue to be cash collateral and will have to be distributed according to the "Waterfall" of priority set forth in the Motion.

5.      The remaining real estate assets of my bankruptcy estate ostensibly have a value of about $15,200,000. I base this value on my review on comparable sales in the vicinity of my properties as well as formal appraisals I obtained from Braun International which have been submitted to this court on several occasions, including as authenticated exhibits to the Second Amended Disclosure Statement Describing

1  Chapter 11 Plan of Reorganization and Plan of Reorganization, Docket No. 246.

2  However, my remaining Los Angeles properties have environmental issues, such as

3  contaminated groundwater, which has previously limited the purchase price offered by

4  interested parties to a small fraction of the estimated value of the properties. Since the

5  sale of my largest real estate asset was completed, which paid off the large majority of

6  my debts, I have explored refinancing of my remaining properties and even sale;

7  however, obtaining an amount sufficient to pay my remaining assets while paying the

8  capital gains due from the sale of my largest property plus several millions of dollars

9  that would be due on the sale of each of the remaining three properties has rendered it

10 impossible to raise enough money to pay my remaining debts. So, it does not appear

11 that my remaining Los Angeles properties could even be sold so as to get a net amount

12 sufficient to pay the remaining creditors after paying capital gains taxes.  By contrast,

13 continuing to lease the properties and draw rent from them can result in payment to the

14 remaining creditors, even if with monthly payments over a number of years. Needless

15 to say, given enough time to market the remaining Los Angeles properties (which I do

16 not have) so as to get an economically justifiable amount for them, I would be open to

17 sell them and not being in an open bankruptcy case may entice more parties to deal with

18 me.  I make this statement because many of the parties I have approached to refinance

19 or to sell the property to have declined to negotiate with me because the bankruptcy

20 case is still open.

21      6.      A party in interest may obtain a copy of the appraisals from the docket of

22 this case or by requesting it from my Bankruptcy counsel, The Orantes Law Firm, P.C.,

23 by calling the number or emailing the address in the caption of the Motion.  Likewise,

24 a party in interest may obtain a copy of the environmental reports previously conducted

25 of the remaining Los Angeles property by requesting a copy my Bankruptcy counsel.

26

27

28

1        I declare under penalty of perjury, under the laws of the United States of America that

2    the foregoing is true and correct and that this Declaration was executed on March 29, 2022,

3    California.

4

5    JONG UK BYUN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF HYUNG JIN PARK

I, Hyung Jin Park, hereby declare and state as follows:

1.      I am over the age of 18 years.  Except when based on information and belief, the facts stated herein are within my personal knowledge and if I am called upon to testify, I could and would do so competently thereto.

2.      I am the President of Apark Accountancy Inc. I am a Certified Public Accountant. I received my license #93487 from the American Institute of Certified Public Accountants. I have a master's degree business taxation. Attached hereto as Exhibit "1" is a true and correct copy my resume.

3.      I have calculated the estimated capital gain taxes if a sale of the 8201 Santa Fe Ave. Huntington Park, CA 90255 property (the "Santa Fe Property"). If Mr. Byun were to sell the Santa Fe Property, he would be liable to pay the approximate following ranges of capital gain taxes for a sale of $26 Million or for a sale for $30 Million. The chart below illustrates the total tax that would be owed:

**Estimated capital gain tax**

|           |              |              |
|-----------|--------------|--------------|
| Sales     | $26,000,000  | $30,000,000  |
| Cost      | $5,350,000   | $5,350,000   |
| Gain      | $20,650,000  | $24,650,000  |
|           |              |              |
| IRS Tax   | $4,880,000   | $5,832,000   |
| CA Tax    | $2,721,000   | $3,253,000   |
| Total Tax | $7,601,000   | $9,085,000   |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 5, 2020 at Los Angeles County, California.

Hyung Jin Park, Declarant

-1-

# Exhibit "1"

**ALLEN HYUNG PARK, CPA**

3700 Wilshire Blvd. Suite 440, Los Angeles, CA 90010

Phone: (213) 805-6590 E-mail: apark@aparkcpa.com

## PROFESSIONAL EXPERIENCE

**Apark Accountancy Inc**, Los Angeles, CA

*CEO*                          *May* **2014 – Present**
- Provide accounting, bookkeeping and tax service

**Fishman, Block & Diamond LLP**, Encino, CA

*Tax Manager*             **December 2012 – May 12, 2014**
- Prepare and review compliance and consulting projects for various entities including consolidated corporations, S corporations and partnerships returns for manufacturing, real estate, investment management, service and retail industry.
- Prepare and review US individual income tax returns for high net worth individuals including trusts, gifts and non-profits returns.
- Research tax issues for clients, including corporate reorganizations and structuring, consolidation reporting and experimental credits.
- Research and provide technical guidance related to federal, multi-state, and local tax issues arising from the filing of returns.

**Cohnreznick LLP**, Los Angeles, CA

*Tax Manager*             **June 2007 – November 2012**
- Develop tax strategies and tax planning for current and future years.
- Compile various compliance foreign filings such as forms 5471, 5472, 8858, 8938 and FBAR.
- Compile and review schedules for R&D Credit study, 263A, Enterprise Zone Credit and Section 199 Deduction.
- Manage engagement through supervising staff, preparing engagement letters, team scheduling, billing and interacting with external clients on a regular basis to cultivate and maintain strong client relationships.
- Served as an audit representative before government agencies such as Internal Revenue Service, Board of Equalization and Employment Development Department.

**Choon Taik Lim CPA, Inc.**, Los Angeles, CA

*Sr. Accountant*             **May 2002 – August 2006**
- Prepared financial statements under cash and accrual accounting methods for sole proprietorships, corporations, S corporations, partnerships, and nonprofit organizations to summarize clients' current and projected financial position
- Prepared federal and state tax returns for individuals, corporations, S corporations, partnerships and non-profits
- Prepared and reviewed responses to various notices from Federal and State taxing authorities
- Processed automated payroll and filed quarterly tax reports
- Prepared Offers in Compromise to reduce tax liabilities of clients
- Assisted clients set up of QuickBooks and trained them on use of the software

## EDUCATION

**University of Southern California**, Los Angeles, CA
**Leventhal School of Accounting**
Master of Business Taxation, May 2007

Bachelor of Science, Business Administration, Information System, December 2001

## PROFESSIONAL CERTIFICATION

*AICPA, Certified Public Accountant (#93487)*             **November 2005**

1

2

### DECLARATION OF GARY KUWADA

I, Gary Kuwada, declare and say as follows:

3

4

1.      I am an individual over the age of eighteen years and an attorney of law duly

qualified to practice law in the State of California, and been retained as a tax consultant to Mr.

5

6

Jong Uk Byun (the "**Debtor**"), the debtor and debtor in possession herein, and make this

declaration in support of presenting to the Court an analysis of certain United States and California

7

8

State income tax issues and consequences relating to the transfer of the property commonly known

as 8201 Santa Fe Avenue, Huntington Park, CA 90255 (the "**Property**") from the Debtor, to his

9

10

100 percent owned corporation, Central Metal, Inc., a California C corporation (the

"**Corporation**) for the Motion for Order Approving the Sale of the Property Commonly Known as

11

12

8201 Santa Fe Avenue, Huntington Park, CA 90255 (the "**Motion**").

13

2.      Each of the facts contained in this declaration are based on my personal knowledge

and if called as a witness I could and would competently testify thereto. I am a Tax Attorney and

14

15

Certified Public Accountant with my practice based in Los Angeles, California at the Law Office

of Gary H. Kuwada. Before entering private practice, I worked for the IRS for 9 years as a

16

17

Revenue Agent and Appeals Officer. While working for the IRS, I attended the evening program

at Loyola Law School, completed the CPA examination and received my audit certification hours

18

19

from the IRS. As a Revenue Agent, I worked in the IRS general program, large case and

international, civil fraud, tax haven and currency and banking groups. I received training in

20

21

individual, partnership, corporate and international tax law and also worked as an instructor for the

IRS. As an Appeals Officer, I settled cases for the IRS before trial based on the hazards of

22

23

litigaton.

24

3.      During the past 30 plus years in private practice, my practice has been limited to

civil and criminal Federal and State tax controversy matters.

25

26

4.      Based upon a review of the documents provided by the Debtor and the Court files,

if the Debtor were to sell the Property directly to the Buyer, without taking into consideration

27

28

brokers fees, and the cost to close the transaction, the Debtor's Federal and State tax liabilities

**DECLARATION OF GARY KUWADA IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF
THE REAL PROPERTY COMMONLY KNOWN AS 8201 SANTA FE AVENUE, HUNTINGTON PARK,
CA 90255**

1 | including estimated tax penalties would be approximately $8,470,338. See draft of Federal and

2 | State Income individual tax returns for the Debtor attached hereto and incorporated herein by this

3 | reference as Exhibit "A".

4 |     I declare under penalty of perjury under the laws of the United States of America that

5 | the foregoing is true and correct.

6 |     Executed this 2nd day of December 2021, at Los Angeles, California.

7 |

8 |

9 |                 Gary Kuwada

**DECLARATION OF GARY KUWADA IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF THE REAL PROPERTY COMMONLY KNOWN AS 8201 SANTA FE AVENUE, HUNTINGTON PARK, CA 90255**

This Exhibit has been omitted. A copy of the Exhibit is available upon request.

EXHIBIT "A"

## **DECLARATION OF ANDREA M. CASTRO**

I, Andrea M. Castro, hereby declare and state as follows:

1.      I am over 18 years of age. I am employed by an attorney admitted to the bar of the State of California and to the bar of this Court who is counsel to the debtor in the above-captioned bankruptcy case. Except when based on information and belief, I make this declaration based on facts within my personal knowledge and if called as a witness, could and would testify thereto.

2.      I make this declaration in support of that Notice Of Joint Motion And Joint Motion By Junior Lienholders And Debtor To Dismiss Chapter 11 Case; Memorandum Of Points And Authorities; Supporting Declarations (the "Motion").

3.      I am one of the custodians of the books, records and files of the Firm that pertain to its client's cases. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of debtors on behalf of debtors. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Firm's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of The Firm by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

4.      As part of my everyday duties for The Orantes Law Firm, P.C. (the "Firm"), I retrieve the mail for the firm, sort it and scan it. This includes any mail that the Firm sent out that was returned to the Firm because it was undeliverable in some form, for which I scan both sides of the envelope plus at least the first page of each document it contains.

5.      Since the filing of the Debtor's case on August 21, 2020, only two pieces of mail sent to Complete Business Solutions, Inc. have been returned to the Firm, one on October 13, 2020 for the employment application of the Firm (Docket No. 36) and Statement of Disinterestedness (Docket No. 35) and one today containing a copy of the Order Granting the

1    Debtor's Motion for Order Releasing Funds Held Back During Closing of Sale of the Real

2    Property Commonly Known As 8201 Santa Fe Avenue, Huntington Park, Ca 90255 Free and

3    Clear of Liens, Claims, Interests, and Encumbrances of Any Nature Whatsoever Pursuant to 11

4    U.S.C. § 363. See Exhibits "1" and "2," respectively, for true and correct copies of at least the

5    first page of the documents in the referenced envelopes as well as both sides of the envelope.

6           EXECUTED this 29th day of March, 2022, at Los Angeles County, California.

7           I declare under penalty of perjury under the laws of the State of California that the

8    foregoing is true and correct.

9

10                                                          Andrea M. Castro

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "1"

a. ☒ No Hearing Scheduled; Notice Provided Under LBR 9013-1(o): This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing. The LBR Motion is assured, including the legal and factual grounds upon which the Motion is made, if you wish to oppose this Motion, you must file a written response and request for hearing with the court and serve it as stated above, no later than 14 days after the date stated on the Proof of Service of this Motion plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

b. ☐ Hearing Set on Regular Notice Under LBR 9013-1(d): This Motion is set for hearing on regular notice pursuant to LBR 9013-1(d). The LBR Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above no later than 14 days before the hearing. Your response must comply with LBR 9013-1(f). The undersigned hereby notice that the hearing date and time obtained were available for this type of Motion, according to the judge's self-calendaring procedures (LBR 9013-1(b)).

c. ☐ Other (specify):

Date:    09/04/2020                          By: _____
                                             Signature of Debtor
                                             Name:  Jong Un Byun
                                                    Printed name of Debtor

Date:    09/04/2020                          By: _____
                                             Signature of attorney for Debtor, if any
                                             Name:  Giovanni Orantes
                                                    Printed name of attorney for Debtor, if any

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                    Page 2    F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

---

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. &
Email Address

GIOVANNI ORANTES – State Bar No. 190060
THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd. Suite 2920
Los Angeles, CA. 90010
Telephone: (213) 389-4362
Facsimile: (877) 789-5776
go@gobklaw.com

FOR COURT USE ONLY

☐ Individual appearing without attorney
☒ Attorney for Jong Un Byun

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:                                       CASE NO: 2:20-bk-17433-VZ

Jong Un Byun                                 CHAPTER 11

                                             NOTICE OF MOTION AND MOTION IN
                                             INDIVIDUAL CHAPTER 11 CASE FOR ORDER
                                             AUTHORIZING DEBTOR IN POSSESSION TO
                                             EMPLOY GENERAL BANKRUPTCY COUNSEL
                                             [11 U.S.C. § 327(a), LBR 2014-1]; and

                                             ☒ TO FILE INTERIM FEE APPLICATIONS
                                               USING PROCEDURE IN LBR 9013-1(o)

                                             This motion is being made under ONLY ONE of the following
                                             notice procedures:
                                             ☒ No hearing required unless requested under LBR 9013-1(o)(4); or
                                             ☐ Hearing set on regular notice: LBR 9013-1(d).

                                             DATE:
                                             TIME:
                                             COURTROOM:
                                             ADDRESS:

                             Debtor and Debtor-in-Possession

PLEASE TAKE NOTICE THAT the Debtor in Possession (the Debtor) requests an order authorizing the Debtor to employ general bankruptcy counsel and, if requested in the motion, to file interim fee applications using the procedures set forth in LBR 9013-1(o).

Your rights might be affected by this Motion. You may want to consult an attorney. Refer to the box checked below for the deadlines for filing and serving a written response. If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief. You must serve a copy of your opposition.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                    Page 1    F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

---

**MOTION TO EMPLOY GENERAL BANKRUPTCY COUNSEL (LBR 2014-1) AND, IF REQUESTED BELOW, TO FILE INTERIM FEE APPLICATIONS USING PROCEDURE IN LBR9013-1(o)**

**1. EMPLOYMENT**

a.  To assist the Debtor in the administration of this chapter 11 case, the Debtor must employ, effective on (date) August 14, 2020, the following professional Greenspoon Marder, etc. [or The Danton Law Firm, P.C. (Professional)] as chapter 11 general bankruptcy counsel pursuant to 11 U.S.C. § 327(a).

b.  The following information and documents are provided in support of this Motion:

(1) The Professional seeks compensation pursuant to: ☐ 11 U.S.C. § 328; or ☒ 11 U.S.C. § 330.

(2) The Debtor selected this Professional because the Professional is well qualified to represent the Debtor in this proceeding and for the following additional reasons:

The Firm specializes in insolvency, bankruptcy and corporate reorganization for individuals and corporations generating up to hundreds of millions of dollars in annual income and is well qualified to represent the Debtor in proceedings of this nature. The primary attorney of the Firm is duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central, Southern, Eastern, and Northern District of California, among others. He is a certified as a specialist in Business Bankruptcy and Consumer Bankruptcy Law by the American Board of Certification and in "Bankruptcy" by the Board of Specialization of the Bar of the State of California.

(3) Professional agrees to render legal services in connection with the Debtor's chapter 11 case, including but not limited to the following services:

(A) Advise the Debtor regarding matters of bankruptcy law and concerning the requirement of the Bankruptcy Code, and Bankruptcy Rules relating to the administration of this case, and the operation of the Debtor's estate as a debtor in possession;

(B) Represent the Debtor in proceedings and hearings in the court involving matters of bankruptcy law;

(C) Assistance in compliance with the requirements of the Office of the United States Trustee;

(D) Provide the Debtor legal advice and assistance with respect to the Debtor's powers and duties in the continued operation of the Debtor's business and management of property of the estate;

(E) Assist the Debtor in the administration of the estate's assets and liabilities;

(F) Prepare necessary applications, answers, motions, orders, reports and/or other legal documents on behalf of the Debtor;

(G) Assist in the collection of all accounts receivable and other claims that the Debtor may have and resolve claims against the Debtor's estate;

(H) Provide advice, as counsel, concerning the claims of secured and unsecured creditors, prosecution and/or defense of all actions;

(I) Prepare, negotiate, prosecute and obtain confirmation of a plan of reorganization;

(J) ☐ Other (specify):

(4) A declaration by the Professional provides information on the following: identification/qualifications; disinterestedness; compliance with FRBP 2014 and FRBP 5002; and compensation arrangements.

(5) A declaration by the Debtor as to the source, amount and date of prepetition retainer paid to Professional and provisions for replenishment, if any, and any postpetition retainer and source of payment of postpetition retainer(s), if any. No fees applied the retainer have been provided in favor of the Professionals or any other party.

*This form is optional. It has been approved for use on the United States Bankruptcy Court for the Central District of California*

June 2015                                                                     Page 3      F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

---

(6) ☒ An optional Memorandum of Points and Authorities is attached.

(7) ☐ Other (specify):

**2. FILE INTERIM FEE APPLICATIONS USING LBR 9013-1(o) IF REQUESTED**

☒  The Debtor requests authorization to use the procedures set forth in LBR 9013-1(o) regarding Notice of Opportunity to Request Hearing when requesting approval of interim fee applications. Professional acknowledges, by checking this box, that to the best of Professional's knowledge, no other professional is or will be employed in this case. If additional professionals become employed, Professional agrees to give 45 days' notice of the case and time of any interim fee application hearing in compliance with LBR 2016-1(b)(2) and will cease filing interim fee applications pursuant to LBR 9013-1(o).

The Debtor requests the authority to (1) employ the Professional to represent the Debtor in this case and (2) file interim fee applications using the procedure set forth in LBR 9013-1(o).

Date:  September 4, 2020                        By:  _____
                                                     Signature of attorney for Debtor, if any

                                               Name:  Dickies of Chandos
                                                     Printed name of attorney for Debtor, if any

Date:  September 4, 2020                        By:  _____
                                                     Signature of Debtor

                                               Name:  Jong Un Byun
                                                     Printed name of Debtor

*This form is optional. It has been approved for use on the United States Bankruptcy Court for the Central District of California*

June 2015                                                                     Page 4      F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

Attorney for Party Name, Address, Telephone and FAX Nos, State Bar Nos. & Email

Giovanni Orantes 190060
THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd., Suite 2920
Los Angeles, CA 90010
Telephone: (213) 389-4362
Fax. (877) 789-5776
go@gobklaw.com

FOR COURT USE ONLY

Attorney for Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re:

Jong Uk Byun,

Debtor and Debtor-in-Possession.

CASE NO.: 2:20-bk-17433-VZ

CHAPTER: 11

STATEMENT OF DISINTERESTEDNESS
FOR EMPLOYMENT OF PROFESSIONAL
PERSON UNDER FRBP 2014

(File with Application for Employment)

[No Hearing Required]

1. Name, address and telephone number of the professional (Professional) submitting this Statement:
Giovanni Orantes, 3435 Wilshire Blvd., Suite 2920, Los Angeles, CA 90010, Telephone: (213) 389-4362

2. The services to be rendered by the Professional in this case are (specify):
Represent Debtor in proposing a Chapter 11 Plan of Reorganization.

3. The terms and source of the proposed compensation and reimbursement of the Professional are (specify):
The Professional will receive compensation at the discounted rate of $500 per hour plus costs as incurred from a third party of the Client, as permitted. However, the Professional will also use paralegals and attorneys at different rates and will endeavor to charge the lowest possible mixed hourly rate.

4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):
The Firm received $435 via Debit card issued to Debtor's business Central Metal, Inc. as partial payment for filing fees, credit report fees, and fees to file a motion to continue the automatic stay totaling $1,935. The Firm received $30,000 as a retainer, not inclusive of the filing fee, credit report fee, and fee to file the motion to continue the automatic stay.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

F 2014-1.STMT.DISINTEREST.PROF

---

5. The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify):
The Professional ran a conflict check in its database of clients searching for potential adverse and related parties and determined that the Professional and all the members of its staff are disinterestedness as that term is defined in the Bankruptcy Code.

6. The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee (specify, attaching extra pages as necessary):

None.

7. The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows (specify, attaching extra pages as necessary):

No exceptions.

8. The Professional is not and was not, within 2 years before the date of filing of the petition, a director, officer or employee of the Debtor.

9. The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary):

In the Firm received allen in its retainer as disclosed in the Engagement Agreement, a copy of which is attached to the Debtor's Application for Authority to Employ The Orantes Law Firm, P.C. as General Insolvency Counsel, which lien the Firm accepted pursuant to as required by Rule 3-300 of the Rules of Professional Responsibility.

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):
Giovanni Orantes, Esq., President, The Orantes Law Firm, P.C., 3435 Wilshire Blvd., Suite 2920, Los Angeles, CA 90010, Telephone: (213) 389-4362

11. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows (specify, attaching extra pages as necessary):

No exception.

12. Total number of attached pages of supporting documentation:    0

13. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

September 4, 2020    Giovanni Orantes
Date    Printed Name    Signature

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Page 2    F 2014-1.STMT.DISINTEREST.PROF

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (specify): **STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 09/04/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Theron S Covey on behalf of Creditor Deutsche Bank National Company
tcovey@raslaw.com

Evan M Jones on behalf of Creditor Hyundai Steel Company
ejones@omm.com, sjones@omm.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Giovanni Orantes on behalf of Debtor Jong Uk Byun
go@gobklaw.com, gorantes@orantes-
law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On 09/04/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| |
|---|
| Office of The United States Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, California 90017 | United States Bankruptcy Court<br>Chambers of Hon. Judge Vincent Zurzolo<br>255 E. Temple Street, Ste., 1360<br>Los Angeles, CA 90012 |

☐ Service information continued on attached page

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015    Page 9    F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

---

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 4, 2020 | Omar Amaya | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015    Page 10    F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL



Orantes Law Firm, P.C.
3... Wilshire Blvd, Suite 2020
Los Angeles, CA 90010

Sonplete Business Solutions Group,
C/o Joe Cole
20 N. 3rd St,
Philadelphia, PA 19106

COAP020   191064345-1N     05/16/20

-R-T-S-   191063025-1N     10/02/20

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
RETURN TO SENDER

RECEIVED
OCT 13 2020
By



EXHIBIT "2"

1  The Court, having read and considered the Debtor's Motion For Order Releasing Funds

2  Held Back During Closing Of Sale Of The Real Property Commonly Known As 8201 Santa Fe

3  Avenue, Huntington Park, CA 90255 Free And Clear Of Liens, Claims, Interests, And

4  Encumbrances Of Any Nature Whatsoever Pursuant To 11 U.S.C. § 363 And Granting Other

5  Relief It Deems Just And Appropriate (Docket No. 472) (the "Motion"), with good cause

6  appearing, the Motion is GRANTED in its entirety, and it is further ordered as follows:

7      1.  Pursuant to the Sale Order[1] (Docket No. 446), Royal Abstract National LLC, as

8  agent for Chicago Title Insurance Company ("Royal"), shall transfer to Packo the remaining

9  balance of the amount approved by the Sale Order, as follows   (i) of the $3,187,777.78 approved

10  by the Sale Order based upon a Closing Date of December 29, 2021 and subject to a true up in the

11  event of an earlier or later Closing Date, Packo has received $1,779,928.22, (ii), with the hold-

12  backs described in the Motion having the same effect as a delay in Closing, Packo is entitled to a

13  remaining balance of $1,407,849.56, plus the per diem interest through February 28, 2022 of

14  $48,987.88, for a total payment as of March 1, 2022 in the amount of $1,456,847.44 (the "Packo

15  March 1, 2022 Payment Amount"), plus (iii) $789.19 per diem added to the Packo March 1, 2022

16  Payment Amount accruing on and after March 1, 2022 through the date of Packo's receipt of wire

17  transfer of the Packo March 1, 2022 Payment Amount plus the per diem amount.

18      2.  In full and complete satisfaction of its remaining obligations, all remaining funds

19  held by Royal shall be transferred by wire, pursuant to instructions to be provided, to a IOLTA

20  trust account of the Debtor's counsel, The Orantes Law Firm, P.C., pending further order of this

21  Court ("Trust Account").  Pursuant to footnote 1 of the Motion, Royal may first subtract from the

22  amount transferred to the Trust Account reasonable costs and charges in connection with

23  complying with this Order, subject to approval of the Debtor.

24  SO ORDERED.

25                                    ###

26

27

28  [1] Terms not defined in this Order have the meanings set forth in the Motion.

---

GIOVANNI ORANTES – State Bar No. 190060
THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd. – Suite 2920
Los Angeles, CA 90010
Telephone: (213) 389-4362
Facsimile: (877) 789-5776
go@gobklaw.com

Counsel for Debtor and Debtor-In-Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re                              Case No. 2:20-bk-17433-VZ

JONG UK BYUN,                      Chapter 11

Debtor and Debtor-In-Possession   ORDER GRANTING MOTION FOR
                                   ORDER RELEASING FUNDS HELD
                                   BACK DURING CLOSING OF SALE OF
                                   THE REAL PROPERTY COMMONLY
                                   KNOWN AS 8201 SANTA FE AVENUE,
                                   HUNTINGTON PARK, CA 90255 FREE
                                   AND CLEAR OF LIENS, CLAIMS,
                                   INTERESTS, AND ENCUMBRANCES
                                   OF ANY NATURE WHATSOEVER
                                   PURSUANT TO 11 U.S.C. § 363 AND
                                   GRANTING OTHER RELIEF IT
                                   DEEMS JUST AND APPROPRIATE

                                   HEARINGS
                                   Date:   March 1, 2022
                                   Time:   11:00 a.m.
                                   Place:  Courtroom 1368
                                           255 E. Temple Street,
                                           Los Angeles, CA 90012

ATTACHMENT

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. &
Email Address

Giovanni Orantes 190060
THE ORANTES LAW FIRM, A.P.C.
3435 Wilshire Blvd, Suite 2920
Los Angeles, CA 90010
Telephone: (213) 389-4362
Fax: (877) 789-5776
go@gobklaw.com

☒ Attorney for Debtor
☐ Movant appearing without an attorney

FOR COURT USE ONLY

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re:

JONG UK BYUN,

                                          Debtor.

CASE NO.: 2:20-bk-17433-VZ
CHAPTER 11

NOTICE OF LODGMENT OF ORDER IN
BANKRUPTCY CASE RE: (title of motion):

DEBTOR'S MOTION FOR ORDER RELEASING
FUNDS HELD BACK DURING CLOSING OF
SALE OF THE REAL PROPERTY COMMONLY
KNOWN AS 8201 SANTA FE AVENUE,
HUNTINGTON PARK, CA 90255 FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES OF ANY NATURE
WHATSOEVER PURSUANT TO 11 U.S.C. § 363

PLEASE TAKE NOTE that the order titled ORDER GRANTING DEBTOR'S MOTION FOR ORDER RELEASING FUNDS HELD BACK DURING CLOSING OF SALE OF THE REAL PROPERTY COMMONLY KNOWN AS 8201 SANTA FE AVENUE, HUNTINGTON PARK, CA 90255 FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES OF ANY NATURE WHATSOEVER PURSUANT TO 11 U.S.C. § 363 AND GRANTING OTHER RELIEF IT DEEMS JUST AND APPROPRIATE was lodged on (date) 3/7/2022 and is attached. This order relates to the motion which is docket number 472.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.



The Orantes Law Firm, P.C.
3435 Wilshire Blvd., Suite 2920
Los Angeles, CA 90010

LOS ANGELES CA 900
10 MAR 2022PM 8

$ 000.530
PITNEY BOWES
02 1P
0000810220
MAILED FROM ZIP CODE 90010

RECEIVED
MAR 2 9 2022
RECEIVED

Complete Business Solutions Group
Attn: President or Corp. Officer
141 N. 2nd St.
Philadelphia, PA 19106



NIXIE            171   DE   1            0003/26/22

RETURN TO SENDER
NO SUCH STREET
UNABLE TO FORWARD

BC: 90010201545    *1562-01977-10-33

## DECLARATION OF GIOVANNI ORANTES

I, Giovanni Orantes, declare as follows:

1.  I am a lawyer at the Orantes Law Firm, general insolvency counsel for the Debtor and Debtor-in-Possession, Jong Uk Byun (the "Debtor").  I know the facts in this declaration of my personal knowledge and could and would testify competently to the facts in this declaration if called as a witness. I am certified as Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization. I am also Board Certified - Consumer and Business Bankruptcy Law - American Board of Certification. I have successfully prosecuted hundreds of Chapter 7 and 13 cases and have confirmed reorganization plans in or, in a small number of them, otherwise successfully resolved approximately 50 Chapter 11 cases.

2.  I am one of the custodians of the books, records and files of The Orantes Law Firm, P.C. (the "Firm" or "OLF") that pertain to its clients' cases. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of debtors on behalf of debtors. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Firm's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of the Firm by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  I caused to be filed on behalf of the Debtor, a voluntary petition under Chapter 11 of the Bankruptcy Code on August 14, 2020 (the "Petition Date").

4.  Hyundai Steel Company's (**"Hyundai"**), as the senior lien holder first in title of the Debtor's real property commonly known as (1) 8201 Santa Fe Avenue, Huntington Park, CA (2) 1736 E. 24th Street, Los Angeles, CA, (3) 2203 South Alameda Street, Los Angeles, CA, and (4) 2445 South Alameda Street, Los Angeles, CA **(collectively, the "Los Angeles Properties")** had a first priority interest of all rents generated by the Los Angeles Properties.

-1-

5.      On October 29, 2020, the Court granted Hyundai's Motion for Relief from Stay, by the Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) (Docket No. 115) (the "**Stay Relief Order**"). Hyundai scheduled a foreclosure auction all of the Debtor's Los Angeles properties for 11:00 a.m. on October 21, 2021, behind the fountain located in Civic Center Plaza, 400 Civic Center Plaza, Pomona, California (the "**Foreclosure Auction**").

6.      On June 17, 2021, the Debtor, through counsel and Hyundai entered into a Stipulation Authorizing the use of Cash Collateral for the purpose of obtaining an environmental assessment of the property known as 8201 Santa Fe Avenue, Huntington Park, CA, **(the "8201 Santa Fe Property")** which the Court granted on June 18, 2021 by the Order Granting the Stipulation to Authorize use of Cash Collateral (Docket No. 291).

7.      On October 19, 2021, the Debtor, through counsel and Hyundai entered into an amended Stipulation Authorizing the use of Cash Collateral (Docket No. 358) **(the "Amended Cash Collateral Stipulation")**, and in exchange for the continuance of the Foreclosure Auction to December 20201, the Debtor would pay to Hyundai all accumulated and future rent cash collateral from the Los Angeles properties up to December 2021. On October 20, 2021, the Court entered that Order Granting the Amended Cash Collateral Stipulation (Docket No. 366).

8.      On December 22, 2021, the Court issued the Order Granting Motion for Sale of 8201 Santa Fe Avenue, Huntington Park, CA (the "Property") (Docket No. 446) **(the "Sale Order").**

9.      On December 31, 2021, pursuant to the terms of the Sale Order and upon signature of the Debtor, the Sum Certain of $26,075,000 was paid to Hyundai, $1,307,793.57 was paid to Toni Ko and $1,741,263.22 to Packo all out of escrow via wire transfer.

10.      On January 13, 2022, Packo received a second transfer from escrow in the amount of $38,665.00.  With Hyundai's claim fully satisfied, the Junior Lienholders now have claim to the remaining proceeds of the Sale Order and holders of deeds of trust with assignments of rents have a claim on the rents generated from the remaining Los Angeles Properties as they are next in line on title.

11.     However, the sale of the Santa Fe Property incurred United States Trustee quarterly fees of $249,658.00 **(the "Quarterly Fee"),** which requires the Debtor to obtain permission or authorization to use cash collateral, whether from remaining proceeds from the sale of the Santa Fe Property or rents from the remaining parcels that are subject to rents provisions included in deeds of trust held by consensual lien holders, in order to pay the Quarterly Fee.  (The Debtor's non-rental income is de minimus.)

12.     On January 20, 2022, I caused to be filed on behalf of the Debtor that Motion For Order Releasing Funds Held Back During Closing Of Sale Of The Real Property Commonly Known As 8201 Santa Fe Avenue, Huntington Park, Ca 90255 Free And Clear Of Liens, Claims, Interests, And Encumbrances Of Any Nature Whatsoever Pursuant To 11 U.S.C. § 363 (Docket No. 472) (the "**Release of Funds Motion**") to use the holdback funds (the "**Holdbacks**") remaining from the sale of the Santa Fe Property to pay the amount authorized to be paid to Packo pursuant the Sale Order.   The amount stated in the Sale Order did not provide for the full and complete payment of Packo.   Specifically, it omitted pre-petition legal fees (that had been approved as part of the Packo proof of claim) and it omitted post-petition legal fees.  These fees included not only substantial efforts by Packo in connection with the sale, both initial opposition to the sale and then in connection with efforts for it to close, but also substantial efforts following the closing of the sale.  For example, counsel to Packo provided the legal research and the drafting of the tax provisions included in the Release of Funds Motion.  Packo's counsel also has worked with the Debtor toward the development of this motion, including in its drafting. Consequently, the "waterfall" presented below states an additional amount to be paid to Packo, which will be deemed full satisfaction of the Packo claim

13.     On January 27, 2022, Kelly L. Morrison, Esq. of the Office of the United States Trustee contacted the OLF to advise of the Quarterly Fee owed of $249,658.00.

14.     On March 1, 2022, the Court granted the Release of Funds Motion.

15.     On March 8, 2022, the Court entered the order of the Release of Funds Motion.

16.     On March 9, 2022, as a result of the entered order on the Release of Funds Motion, Packo received a payment in the amount of $1,464,729.34.  Packo has a remaining secured claim

estimated to be in the amount of approximately $150,000.  The balance of the Holdbacks was deposited, as ordered by the Court, in a trust account of the OLF.

17.    The remaining real estate assets of the estate ostensibly have a value of $15,200,000. However, as the Debtor attests in his attached Declaration of Jong Uk Byun, they have contaminated groundwater, which has previously limited to a small fraction of that amount the purchase price at which the properties could even be sold so as to get a net amount sufficient to pay the remaining creditors after capital gains taxes.  By contrast, continuing to lease the properties and draw rent from them can result in payment to the remaining creditors, even if with monthly payments over a number of years.

**THE JOINT MOTION FOR DISMISSAL OF THE CHAPTER 11 CASE.**

18.    The non-administrative claims bar date expired on December 22, 2020.

19.    At this time, the following proofs of claim have been settled, amended to $0, paid off, filed after the Bar Date or withdrawn:

| Creditor | Proof of Claim | Status | Amount Paid |
|---|---|---|---|
| Los Angeles County Treasurer and Tax Collector | 1 | On March 15, 2022, the Los Angeles County Treasurer and Tax Collector amended its proof of claim to update the claim amount after the sale of the 8201 Santa Fe Property from $1,373,521.04 to $453,592.48.  Further, the attachments to the County's amended Proof of Claim state, "Tax defaulted in 2014 for unpaid taxes and now deemed 'subject to power to sell'. (Claim 1) | $1,373,521.04 |
| Los Angeles County Treasurer and Tax Collector | 2 | The Los Angeles County Treasurer and Tax Collector withdrew this proof of claim. | N/A |
| Internal Revenue Service | 7 | The Claim was amended by the Internal Revenue Service on November 30, 2020, to $0. | N/A |
| Quantum3 Group LLC as agent for GPCC I LLC | 8 | Claim was paid off by a third party on behalf of the Debtor. | $35.02 |
| Toni Ko (2nd position secured creditor) | 12 | The claim was paid off through escrow from the sale of the 8201 Santa Fe Property. | $1,741,263.22 |
| Packo Investments | 13 | The claim was substantially paid but not fully paid through escrow from the sale of the 8201 Santa Fe Property.  Adjacent | $3,244,657.56 |

-4-

| Creditor | Proof of Claim | Status | Amount Paid |
|---|---|---|---|
| | | column shows the amount paid to Packo as of the date of this Motion. | |
| M&A Equities, LLC | 14 | The claim was disallowed by entry of an Order Granting the Motion to Disallow the Claim (Docket No. 208) on February 11, 2021. | N/A |
| Hyundai Steel Company | 19 | The claim was paid off through escrow from the sale of the 8201 Santa Fe Property. | $26,075,000.00 |
| Marco Rivera | 21 | This claim was filed on October 7, 2021; after the Bar Date for claims on February 1, 2021. | N/A |
| **Total** | | | $32,434,476.84 |

20.    As a result, only the following proofs of claim are still not dealt with:

| Creditor | Proof of Claim No. | Status | Claim Amount |
|---|---|---|---|
| Los Angeles County Treasurer and Tax Collector | 1 | As above, the Los Angeles County Treasurer and Tax Collector amended its proof of claim on March 15, 2022 to update the claim amount after the sale of the 8201 Santa Fe Property from $1,373,521.04 to $453,592.48, and indicate that each of the Debtor's remaining parcels of property are subject to sale | $453,592.48 |
| Wells Fargo Bank N.A., d/b/a Wells Fargo Auto | 3 | Secured by personal property only. | $15,351.27 |
| Packo | 13 | Secured; remaining portion | $150,000.00 |
| Southern Counties Oil, Co. | 4 | Secured | $14,213.24 |
| County Of San Bernardino | 5 | Unsecured. | $56,635.33 |
| State Compensation Insurance Fund | 13 | Unsecured. | $184,726.52 |
| Resnik Hayes Moradi LLP | 9 | Unsecured | $74,859.50 |
| Bank of Hope | 11 | Unsecured | $460,140.29 |
| BAE Family Trust | 15 | Secured | $1,517,633.33 |
| Mohamed Sanfaz | 16 | Secured on Santa Fe proceeds only | $465,488.43 |
| Allen Park | 17 | Secured | $144,777.78 |
| Kap Chan Chong | 18 | Secured | $97,773.38 |
| U.S. Small Business | 20 | This claim was filed after the 12/22/20 | $96,904.91 |

| Creditor | Proof of Claim No. | Status | Claim Amount |
|---|---|---|---|
| Administration | | Bar Date for claims on February 1, 2021 | |
| Total | | | $3,582,096.46 |

21.        A true and correct copy of the claims register in the Debtor's case is attached hereto as **Exhibit "1"**.

22.      In sum, out of $35,978,908.30 in total debts under the proofs of claim, the Debtor has paid 90.04% and only 9.96% remains owed while claims without proofs of claims are relatively small.

23.      Pursuant to this Motion, the Movants jointly request that the Debtor's Chapter 11 case be dismissed after distributing the remaining net proceeds of the sale of the 8201 Santa Fe Avenue Property and paying out of cash collateral[1] the administrative claims of the U.S. Trustee and of counsel for the Debtor, who assiduously pursued the sale of the 8201 Santa Fe Avenue Property to the great benefit of the Debtor's entire bankruptcy estate.  The above-defined Junior Lienholders consent to these payments from the Debtor's cash collateral, meaning the balance of funds held from the sale of the Santa Fe Property, and from the Debtor's rental income on its remaining properties.

24.      Based on the sale of the 8201 Santa Fe Avenue property, at present the Debtor has the following cash on hand and outstanding claims:

**Cash On Hand**

| | |
|---|---|
| Balance of Net Sale Proceeds in Trust Account of Debtor's Counsel | $659,551.19 [2] |
| Debtor in Possession Accounts | $429,832.00 |
| **TOTAL** | **$1,089,383.19** |

---

[1]  The cash collateral consists of rents received from Central Metals, Inc., an affiliate of the Debtor, which is the principal tenant at the remaining parcels of property owned by the Debtor.   One parcel is leased to a transmission repair business.   The rents constitute cash collateral of those secured lenders that are secured by deeds of trust with assignment of rents provisions.

[2] This amount will increase by the amount of additional rent received prior to entry of an order approving the Joint Motion. The Joint Motion requires that the Debtor receive all rents due from the Debtor's affiliate, Central Metal, Inc., coming due through the month in which the Court enters an order approving the Joint Motion, and that such rents be included in the Debtor in Possession Accounts and be disbursed according to the above Waterfall.

-6-

**Disbursements as Soon as Practicable After Entry of Order Approving Motion to Dismiss but before Dismissal Date**

| | |
|---|---|
| Less Estimated Debtor's Counsel Allowed Administrative Claim | $225,000.00 |
| Less Estimated United States Trustee Fees (assuming disbursement of Cash on Hand) | $258,373.07 |
| **SUB TOTAL** | **$483,373.07** |
| **TOTAL REMAINING BALANCE** | **$606,010.12** |

25.     The funds are to be distributed as set forth below with any amounts from additional rents or savings in previous categories to be distributed in the following order until each claimant is paid in full:[3]

| The remaining assets of the estate would be distributed as follows ("Waterfall"): | Amount Owed | Amount to be Paid | Remaining Claim | Running Cash Balance: |
|---|---|---|---|---|
| Packo Investments | $155,000.00 | $155,000.00 | $0 | $451,010.12 |
| Soo Yeong Kim, Yeon Shim Song | $50,000.00 | $50,000.00 | $0 | $401,010.12 |
| Southern Counties Oil, Inc. | $14,213.24 | $14,213.24 | $0 | $386,796.88 |
| BFS West, Inc.  (Secured by UCC-1 Only) | $313,463.02 | $- | $313,463.02 | $386,796.88 |
| Kap Chang Chong[4] | $120,175.13 | $120,175.13 | $0 | $266,621.75 |
| Allen Park | $172,666.67 | $172,666.67 | $0 | $93,955.08 |
| Complete Bus. Solutions (See  Sect. I.C.) | $346,534.96 | $93,955.08 | $252,579.88 | $0 |
| BAE Family Trust | $1,921,116.67 | $0 | $1,921,116.67 | **$0** |
| Mohammad Sanfaz (secured by Santa Fe Only) | $597,115.74 | $0 | $597,115.74 | $0 |
| **Totals** | | $606,010.12 | $3,084,275.31 | $0 |

26.     First, the Debtor has no foreseeable ability to pay the income and/or capital gain tax that will be due and payable on April 15, 2022 arising from the closing of the sale of the Santa Fe Property.  The income tax is estimated to be in excess of $8 million dollars.  That tax liability is an administrative priority liability.   The Debtor has no foreseeable ability to propose a chapter 11

---

[3] In the event the payment to any party int the Waterfall is NOT cashed and does NOT clear within sixty (60) days of service by the Debtor, then the Debtor is authorized and directed to disburse such amount according to the Waterfall; namely, to the next priority secured creditor subject to provisions described in the Motion.  In such event, the Debtor shall be authorized and directed to place a stop payment on such check for payment upon the lapse of the sixty (60) day period.

[4] Any distribution does not waive any claim, defense or otherwise that the Debtor or its affiliates may have against this party.

plan that complies with Section 1129(a)(9)(A), namely, the payment of administrative priority claims in cash on the effective date of the plan.  Continuing the Chapter 11 process would only lead to further delay in paying the Debtor's creditors as well as added expense for the Debtor and the Estate. Significantly, the creditors secured by the 8201 Santa Fe Avenue Property (and by the remaining parcels) have the right to increase the amount of their claims by at least 10% per annum (for judgments), by default interest rates on consensual liens,plus other fees and expenses (including, possibly, attorneys' fees and costs). So, disbursing the remaining cash to such claimants as soon as possible will save the Debtor and his estate many thousands of dollars. Dismissal can accomplish this quickly while leaving creditors still able to negotiate with the Debtor or resort to collecting from his remaining assets (such as by recording judgments against him).

27.      Alternatively, if the Case were to be converted to Chapter 7, there will be substantial additional interest and fees on secured claims due to the passage of time, plus substantial additional Chapter 7 administrative expenses for a Chapter 7 trustee and the fees and expenses incurred by his or her professionals. However, because the estate owes substantial amounts of capital gains taxes and would owe additional capital gains taxes if the remaining three real estate assets are sold because they were acquired at the same time as the already-sold 8201 Santa Fe Avenue Property and were last valued at $15,200,000 (without taking into account their actual environmental contamination) while the estate would owe total capital gains taxes of over $15,000,000, a Chapter 7 Trustee would be administering the assets only for the benefit of secured creditors or taxing authorities.  More likely, a chapter 7 trustee would instead abandon the properties leaving only the amounts on hand with the Debtor to be administered, which will be owed totally to secured creditors, who by then will be owed greater amounts due to accruing interest, fees and expenses.

28.      By contrast, again, should the Motion be granted, the Debtor will continue to negotiate with his creditors post-dismissal to pay them out of the $78,990 monthly rents and may eventually be able to pay off his creditors in full through a refinancing of the properties if prospective lenders are given sufficient time to consider the environmental issues to feel

1    comfortable to fund a loan.  Most importantly, provided the Motion is granted, there will be no

2    discharge of the Debtor whatsoever.  All claimants, including local, state and federal taxing

3    authorities, will be able to exercise any and all legal rights, unimpaired and unconstrained by the

4    Bankruptcy Code.  It is the Debtor's intent and hope that he will be able to negotiate long term

5    payment plans with each of the tax authorities.

6    29.    For the abundance of clarity, except as established by entered orders of the Court

7    and as otherwise stated in this Motion, all claims against the Debtor retain any and all rights

8    against the Debtor as such claims and rights existed as of the Petition Date.

9    **SPECIFIC DISBURSEMENT PROVISIONS APPLICABLE TO JUDGEMENT LIEN**

10    **HOLDER COMPLETE BUSINESS SOLUTIONS, INC.**

11    30.    Complete Business Solutions, Inc. ("CBSI") is the holder of a judgment lien against

12    the Debtor.  The judgment lien is a "Judgment Based on Sister-State Judgment", entered in the

13    Superior Court of California, County of Los Angeles, on November 9, 2017.  CBSI recorded its

14    abstract of judgment on January 12, 2018.  CBSI has not filed a proof of claim.  Nor has CBSI

15    participated in the Debtor's chapter 11 case by making an appearance.  Nor did it do so in the

16    Debtor's prior case.  The Debtor consistently has served CBSI at the address it listed for the

17    corporation on its recorded abstract of judgment and the corporate address listed on the California

18    Secretary of State website.  No items served on CBSI have been returned as undeliverable except

19    for two pieces of mail.  (See Declaration of Andrea Castro, attached hereto and incorporated

20    herein.)

21    31.    The Debtor has doubts that the payment set out in the Waterfall to CBSI in the

22    amount of $93,955.08 will be cashed (the "CBSI Amount" or the "CBSI Payment" or the "CBSI

23    Funds")[5].

24

25        [5]    The Waterfall payment to CBSI is complicated by the fact that CBSI has no rights to
26    rents; its abstract of judgment entitles it only to proceeds of the property itself.  The Motion treats
      the Santa Fe sale proceeds balance and the rents as combined funds, as shown on the waterfall
27    exhibit and in the Motion.  From the combined funds, certain administrative priority expenses are
      being paid, and the balance distributed according to the priority but without regard to whether the
28    creditor does or does not have an interest in the rents.

1    I declare under penalty of perjury under the laws of the United States of America that

2    the foregoing is true and correct.

3    Executed this 29th day of March 2021, at Los Angeles, California.

4

5                                          /s/ Giovanni Orantes
                                  Giovanni Orantes, Esq.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "1"

# 2:20-bk-17433 | Jong Uk Byun

| # ▼ | Original File Date | Creditor | Total Claimed Amount | Last Updated |
|---|---|---|---|---|
| 21 | 10/07/2021 | Marco Rivera | $2,000,000.00 | 10/07/2021 |
| 20 | 02/01/2021 | U.S. Small Business Administration | $96,904.91 | 08/24/2021 |
| 19 | 12/21/2020 | Hyundai Steel Company | $26,435,749.08 | 08/24/2021 |
| 18 | 12/15/2020 | Kap Chan Chong | $97,773.38 | 08/24/2021 |
| 17 | 12/15/2020 | Allen Park | $144,777.78 | 08/24/2021 |
| 16 | 12/15/2020 | Mohamed Sanfaz | $465,488.43 | 08/24/2021 |
| 15 | 12/15/2020 | Bae Family Trust | $1,517,633.33 | 08/24/2021 |
| 14 | 12/15/2020 | M&A Equitiies, LLC | $646,612.10 | 08/24/2021 |
| 13 | 12/15/2020 | Packo Investments | $2,712,136.53 | 08/24/2021 |
| 12 | 12/10/2020 | Toni Ko | $1,295,460.25 | 11/29/2021 |
| 11 | 11/16/2020 | Bank of Hope | $460,140.29 | 08/24/2021 |
| 10 | 10/19/2020 | QuarterSpot, Inc | $229,612.92 | 08/24/2021 |
| 9 | 10/05/2020 | Resnik Hayes Moradi LLP | $74,859.50 | 08/24/2021 |
| 8 | 09/29/2020 | Quantum3 Group LLC as agent for | $35.02 | 08/24/2021 |
| 7 | 09/23/2020 | Internal Revenue Service | $0.00 | 08/24/2021 |
| 6 | 09/08/2020 | State Compensation Insurance Fund | $184,726.52 | 08/24/2021 |
| 5 | 09/02/2020 | COUNTY OF SAN BERNARDINO | $56,635.33 | 08/24/2021 |
| 4 | 09/02/2020 | Southern Counties Oil, Co. | $14,213.24 | 08/24/2021 |
| 3 | 08/25/2020 | Wells Fargo Bank N.A., d/b/a Wells Fargo Auto | $15,351.27 | 08/24/2021 |
| 2 | 08/20/2020 | LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR | $1,235,887.32 | 08/24/2021 |
| 1 | 08/20/2020 | LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR | $453,592.48 | 03/15/2022 |